UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.
_____/

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

## ORDER DENYING MOTION FOR EQUITABLE RELIEF STRIKING OR EXPUNGING SCANDALOUS MATERIAL FROM THE RECORD AND FOR A FINDING OF FALSITY OF THE MATERIAL (ECF #52)

## INTRODUCTION

This action involves a patent infringement and trade secrets dispute between Plaintiff Ford Motor Company ("Ford") and Defendants Versata Software, Inc., Trilogy Development Group, Inc., and Trilogy, Inc. (together, "Versata").

In June of this year, Ford submitted a declaration identifying certain potential non-party witnesses. Versata then hired the private investigation firm Beau Dietl & Associates, Inc. ("BDI") to attempt to conduct interviews of these witnesses. BDI sent Timothy Gilbert ("Gilbert") and Louis Zaneri ("Zaneri") to the Detroit area to do just that. Ford thereafter filed a motion for a protective order in which it asked the Court to stop Versata and its agents from "harassing third-party individuals" and "undermining the discovery rules." (*See* ECF #19 at 6, Pg.

1

ID 536.) Specifically, Ford contended that the BDI employees who were attempting to interview the non-party witnesses were engaging in inappropriate conduct, including entering uninvited into dwellings and using pressure tactics. (*See id.* at 5-6, Pg. ID 535-536.) Ford did not identify the BDI employees who engaged in the alleged misconduct. Versata then filed a response to Ford's motion in which it vigorously contested Ford's allegations of wrongdoing. (*See* ECF #23.) Versata supported its response with declarations from Gilbert and Zaneri denying that they had committed the alleged misconduct. (*See* ECF ## 23-3, 23-5.)

The Court heard argument on Ford's motion on July 2, 2015. (*See* Dkt.) The Court thereafter granted Ford's motion in part, denied it in part, and set certain conditions – applicable to *both* sides in this action – for contact with potential third-party witnesses. (*See* Order, ECF #25.) For instance, the Court mandated that if Versata *or* Ford wished to interview a non-party witness who previously performed relevant work for the other side, then Versata or Ford were required to "send a letter to the potential interviewee stating its desire to conduct the interview and asking the potential interviewee if he or she agrees to be interviewed." (*Id.* at 1-2, Pg. ID 703-704.) The Court also required that specific disclosures be included in the letter, including that the interviewee be informed "that any interview is strictly voluntary and that the interviewee is free to consult with counsel prior to the interview and/or have counsel or other representation present during any

2

interview." (*See id.* at 2-3, Pg. ID 704-705.)   The Court in large part adopted these conditions from a proposal made by Versata. (*See* Hearing Transcript, ECF #26 at 28, Pg. ID 765.)

The Court imposed these conditions because it deemed them a sensible and orderly way to conduct the third-party interview process.  The Court did not make any findings concerning the truth of Ford's allegations against BDI, and, indeed, did not even assume that the disputed allegations were true.[1]

BDI, Richard Bo Dietl (founder of BDI), Zaneri, and Gilbert (collectively, "Movants") have now filed a motion for equitable relief striking Ford's allegations from the record and for a finding that Ford's allegations were false (the "Motion"). (*See* ECF #52.)   Movants also ask the Court to hold an evidentiary hearing to inquire into the veracity of Ford's allegations.  (*See id.*)   The Court has reviewed the Motion, Ford's response (*see* ECF #56), and Movants' reply (*see* ECF #63). Pursuant to Local Rule 7.1(f)(2), the Court concludes that oral argument would not aid its decision on the Motion.

As Movants acknowledge, this Court has discretion whether to undertake the fact-finding process they propose and grant the equitable relief they seek.  (*See* Movant's Reply Br., ECF #63 at 2, Pg. ID 1747.)   The Court does not believe that

---

[1] The Court did treat as true the *uncontested* allegation that BDI had not provided advanced notice to the interviewees prior to contacting them.

3

proceeding with an inquiry into the veracity of Ford's allegations is an appropriate exercise of that discretion.

The Court does not share Movants' concern that Ford's allegations have meaningfully sullied their reputations. There is no indication that any potential client of Movants (or, indeed, any person) has treated the allegations as credible and/or has taken any action detrimental to Movants based upon the allegations. And, as noted above, the Court has not treated the allegations as true; thus the allegations have no imprimatur of accuracy. Moreover, Movants have included on the public docket a full and lengthy rebuttal to each and every allegation made against them. (*See, e.g.,* ECF ## 23, 52, 63.) They have also stated their position on the allegations in the media (or at least Bo Dietl and counsel have). (*See, e.g.,* ECF ## 56-2, 56-3, 56-4.) The Court is comfortable that Movants have created a sufficient public record to protect their names. Under these circumstances, the Court does not believe that it would be a wise or efficient use of limited judicial resources to hold a hearing inquiring into, or to explore at this time, the veracity of Ford's allegations. Accordingly, **IT IS HEREBY ORDERED** that the Motion (ECF #52) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: November 10, 2015          UNITED STATES DISTRICT JUDGE

5

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2015, by electronic means and/or ordinary mail.

                                  s/Holly A. Monda
                                  Case Manager
                                  (313) 234-5113