UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

      Plaintiff,                         Case No. 15-cv-10628
                                        (*consolidated with Case No. 15-11624*)
v.                                     Hon. Matthew F. Leitman

VERSATA SOFTWARE, INC. *et al.*

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO AMEND COUNTERCLAIM (ECF #135)

On August 9, 2016, Defendant Versata Software, Inc. ("Versata") filed a motion to amend its counterclaim against Plaintiff Ford Motor Company ("Ford") (the "Motion"). (*See* ECF #135.)[1]   Versata seeks to add two counts to its counterclaim: (1) a claim that Ford breached a 2002 settlement agreement with Versata and (2) a claim that Ford violated the federal Defend Trade Secrets Act of 2016 (the "DTSA"). (*See id.* at 1, ECF #135 at 7, Pg. ID 6127.)

Ford filed a response to the Motion on August 28, 2016 (the "Response"). (*See* ECF #144.)  Ford argues that Versata should not be allowed to add a new

_____

[1] Defendants Trilogy Development Group, Inc. and Trilogy, Inc. joined in the Motion to Amend.

count related to the 2002 settlement agreement.[2] (*See id.*)  According to Ford, that proposed amendment fails to state a claim, is futile, and was filed for a "dilatory purpose." (*Id.* at 1-2, ECF #144 at 2-3, Pg. ID 6682-83.)

Federal Rule of Civil Procedure 15(a)(2) provides that leave to file an amended pleading "shall be freely given when justice so requires."  "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal quotation marks omitted) (reversing district court's denial of motion to amend complaint). *See also Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) ("Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits").

The Court concludes that given this "liberal policy of permitting amendments," Versata should be allowed to amend its counterclaim.  Ford will not suffer any unfair prejudice through the filing of such an amendment.  To the extent Ford believes that the proposed amendment fails to state a cognizable claim, the Court would prefer to adjudicate that dispute in the context of a more fully-developed dispositive motion.

---

[2] Ford does not oppose Versata's request to add a claim under the DTSA. (*See* Response at 1, n.1, ECF #144 at 2, Pg. ID 6682.)

Accordingly, for the reasons stated above, the Motion (ECF #135) is **GRANTED**. Versata shall file its First Amended Counterclaim with the Clerk of the Court within seven (7) days of this Order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN

Dated:  September 6, 2016          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 6, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
