**THE VERSATA DEFENDANTS' MOTION TO COMPEL
DISCOVERY AND BRIEF IN SUPPORT**

**EXHIBIT A**

First Requests for Production of Documents to Defendant, Nov. 23, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| FORD MOTOR COMPANY, | § § § | |
| Plaintiff, | § § | CASE NO. 15-10628-MFL-EAS |
| v. | § § | |
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND TRILOGY, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFFS VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., VERSATA SOFTWARE, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., AND TRILOGY, INC.'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT FORD MOTOR COMPANY**

To:   Defendants Ford Motor Company, through their attorneys of record, Brooks Kushman, PC, 1000 Town Center, 22nd Floor, Southfield, MI 48075 and Siebman Burg Phillips & Smith LLP, 300 N. Travis St., Sherman, TX 75090.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Versata Development Group, Inc., Versata Software, Inc., and Trilogy, Inc. (collectively "Versata") hereby request that Defendant Ford Motor Company within thirty days of service, respond to the following requests separately and in writing and produce the following documents for inspection and copying at the office of Defendants' counsel, Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C., located at 1221 McKinney, Suite 3460, Houston, TX 77010, or at such other place as may be mutually agreed upon by counsel.



EXHIBIT A

## DEFINITIONS

The following definitions shall apply throughout these discovery requests:

1. "Versata" shall refer to Plaintiffs Versata Development Group, Inc., Versata Software, Inc., and Trilogy, Inc., jointly and severally.

2. "Defendant," "Ford Motor Company," "Ford," "you," "your," "You," or "Your" shall refer to Defendant Ford Motor Company and include any past and present parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

3. "PDO" shall refer to Ford's Product Definition and Offering as referenced on page 16 of Ford Motor Company's Motion to Dismiss for Lack of Personal Jurisdiction. (Docket #14).

4. "GPD" shall refer to Ford's Global Product Definition application, as referenced in Ford's Opposition to Versata's Motion for Preliminary Injunction. (Docket #15).

5. "Versata Software" shall refer to any software developed by Versata in part or in whole, and shall be construed to include any software developed by Versata which Ford claims to own or to which Ford claims to have an irrevocable license. "Versata Software" includes without limitation ACM and all features, applications, and code thereof.

6. "ACM" shall refer to "Automotive Configuration Management" software and "Automotive Configuration Manager."

7. "MSSA" shall refer to the Master Subscription and Services Agreement between Ford and Versata, which has an effective date of December 10, 2004.

8. "Super Configurator" refers to Ford's "super configurator" as described in paragraphs 36-39 of Ford's Complaint for Declaratory Relief filed March 15, 2015 in Cause No. 15-10628-MFL-EAS.

9. As used herein, the term "source code" or "Source Code" shall have the same meaning as ascribed to it in the Parties' Protective Order.

10.     As used herein, the term "object code" or "Object Code" refers to the output of any compiler processing the source code.

11.     As used herein, the term "document" shall be interpreted in the most comprehensive and inclusive sense in light of Fed. R. Civ. P. 34 and includes the original and any non-identical copies (whether non-identical because of notes, comments, annotations, marks, transmission notations, highlighting, or any other reason) of any written, typed, printed, electronically stored, or otherwise recorded matter, however produced or reproduced, of every kind and description, in whatever form (e.g., draft and final version), that are in Defendant's actual or constructive possession, custody, care, or control, including but not limited to all writings, devices, components, computer data, computer generated documents, computer disks or data tapes, **electronically stored information** (as defined below), or any other writings or tangible things which constitute or contain matters within the scope of Rule 34 of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence.  The documents requested include all attachments to the specifically described documents and all other material that originally accompanied them.

12.     As used herein, the term "electronically stored information" shall be interpreted in the most comprehensive and inclusive sense in light of the Federal Rules of Civil Procedure and includes any original and any non-identical copies (whether non-identical because of notes, comments, annotations, marks, transmission notations, highlighting, or any other reason), of information stored by electronic means, including but not limited to:  electronic, mechanical, magnetic, digital, or other programs (whether private, commercial, or work-in-progress); programming notes or instructions; activity listings of electronic mail receipts or transmittals; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines; presentation documents; animations; images; audio, video, and audiovisual recordings; voice mail; electronic mail or "e-mail;" internet or intranet data; PDF files; PRF files; batch files; ASCII files; crosswalks; code keys; pull down tables; logs; file layouts; and miscellaneous files or file fragments, regardless of the media on

which such information resides and regardless of whether said information consists of any active file, backup file, deleted file, or file fragment.

"Electronically stored information" also includes, without limitation, any items that are stored, or can be restored, on databases, networks, laptops, personal computers, linkers or compilers, internal or external websites, personal digital assistants, handheld wireless devices, mobile telephones, audio systems (including voicemail), computer systems' memory or memories, hard disks, floppy disks, zip drives, flash drives, CD-ROM discs, compact discs, DVD-ROM discs, digital video discs, digital versatile discs, optical discs, Bernoulli Boxes or their equivalents, magnetic tapes, microfiche, punched cards, punched tape, cartridges, computer chips (including, without limitation, EPROM, PROM, ROM, or RAM of any kind), servers, archives, back up or disaster recovery systems, or in any other vehicle for electronic or digital data storage or transmittal.

13. The term "communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and entities.

14. The terms "person" or "persons" include any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

15. The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

16. The terms "relate to," "relates to," "related to," "relating to," "referred to," "referring to" and "regarding" mean comprise, concern, consist of, constitute, contain, contradict, describe, discuss, display, disprove, evidence, explain, include, identify, mention, pertain to, prove, provide context to, refer, reflect, show, state, support, or be in any way legally, logically or factually connected with the matter referenced, or having a tendency to prove or disprove any matter referenced.

17. The words "or" and "and" shall be read in the conjunctive and in the disjunctive when they appear, and neither of these words shall be interpreted to limit the scope of these requests for production

18. The term "any" or "each" should be understood to include and encompass "all."

19. The term "including" shall mean including without limitation.

20. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

21. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

22. The term "identify," when used with respect to any natural person, means to state the person's full name, present or last-known address, telephone number, position/occupation, and employer.

23. The term "identify," when used with respect to any legal entity (such as a corporation, company, or person other than a natural person), means to state the entity's name, the place of incorporation or organization, the principal place of business and the nature of the business conducted by that legal entity.

24. The term "identify," when used with respect to any document, means to state the document's title and subject matter, form (*e.g.* letter, memorandum, email, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

## INSTRUCTIONS

1. In answering the following requests, furnish all available information, including information in your possession, custody, or control of any of your attorneys, directors, officers, agents, employees, representatives, associates, investigators, affiliates, partnerships, agents, parents or subsidiaries, and persons under your control.

5

2. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

3. Documents produced in response to these requests should be produced as they are kept in the ordinary course of business. Documents attached to each other shall not be separated. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary. File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they are derived sufficient to permit rendering the records and information intelligible.

4. If you cannot fully respond to any request after exercising reasonable diligence to secure the documents requested, so state, specify the portion of each request that cannot be responded to fully and completely, and state what efforts you made to obtain the requested documents.

5. If you know of the existence, past or present, of any documents requested herein that you are unable to produce, so state and identify (by date, title, author(s), recipient(s), subject matter, and content) each such document and identify the last known person(s) having possession, custody, or control of the document. If you believe the document has been lost, discarded, or destroyed, so state and identify the date, manner, and reason(s) for disposal of the document, including identifying the person(s) authorizing and carrying out the disposal.

6. Should you seek to withhold any document based on a limitation of discovery (including without limitation a claim of privilege), please provide all information falling within the scope of the request for production which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    (a) the basis on which the privilege is claimed, providing sufficient information to permit a full determination of whether the claim is valid;

    (b) the names and positions of the author of the document and all other persons participating in the preparation of the document;

    (c) the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    (d) the date of the document;

    (e) a description of any accompanying material transmitted with or attached to the document;

    (f) the number of pages in the document;

    (g) the number of the discovery request or interrogatory to which the document is responsive;

    (h) a description of the contents, nature, or subject matter of the document; and

    (i) whether any business or non-legal matter is contained or discussed in the document.

  7. If you object to providing certain information requested, state your objection and answer any unobjectionable portion(s) of the request for information and/or supply the unobjectionable information requested.

  8. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a duty to supplement your production of documents if you receive, discover, or create additional responsive documents after your initial production.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All independent contractor agreements, employment agreements, confidentiality agreements, or other contracts with any person who worked on or contributed to the conception, design, development, reduction to practice, and implementation of Ford's PDO software, including without limitation the 33 "non-Ford" individuals identified in the June 10, 2015 Declaration of Michael Sullivan.

### REQUEST FOR PRODUCTION NO. 2:

All documents provided to any independent contractor, recruitment agency, employee, or any other person responsible for the development or implementation of PDO in connection with the development or implementation of PDO, including without limitation the 33 "non-Ford" individuals identified in the June 10, 2015 Declaration of Michael Sullivan.

### REQUEST FOR PRODUCTION NO. 3:

All documents and communications concerning the conception, design, development, reduction to practice, implementation, and use of Ford's PDO software or any other software intended to replace any functionality of ACM, including without limitation requests for bid, request for quote, related bids or quotes, requirements documents, job postings and launch schedules.

### REQUEST FOR PRODUCTION NO. 4:

All manuals, user guides, developer guides, technical guides, wikis, and other documentation related to Ford's PDO software.

### REQUEST FOR PRODUCTION NO. 5:

A copy of the source code for each version of Ford's PDO software.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of the object code for every version of Ford's PDO software.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify every person who worked on or contributed to the conception, design, development, reduction to practice, and implementation of Ford's PDO software.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning any compensation, bonuses, awards, or recognition for any person based in whole or in part on their work on the conception, design, development, reduction to practice, and implementation of Ford's PDO software.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning any business plan, strategic plan, development plan, or proposal to develop any aspect of Ford's PDO software.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning any management approvals for the development of any aspect of Ford's PDO software.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning any plan to replace Versata Software or eliminate dependence on Versata Software at Ford.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning any cessation of use, deletion, decommissioning, or removal of ACM.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning the replacement of ACM with PDO or any other software technology.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify every person who used or had access to ACM or technical documentation (including manuals, user guides, developer guides, technical guides, wikis, and other documentation) for ACM.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify every person who used or had access to any Versata software or technical documentation (including manuals, user guides, developer guides, technical guides, wikis, and other documentation) for Versata software.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts, agreements, contractual amendments, contractual addendums, contractual schedules, and purchase orders concerning ACM.

**REQUEST FOR PRODUCTION NO. 17:**

All proposals, requests for proposal, offers, and counter-offers concerning ACM.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning the negotiation of any contract or agreement concerning ACM or other Versata Software.

**REQUEST FOR PRODUCTION NO. 19:**

All Ford patents and patent applications that relate to the PDO software, Super Configurator, or any technology used in Ford's PDO software or Super Configurator.

**REQUEST FOR PRODUCTION NO. 20:**

All copyright registrations, applications, the certificates that relate to Ford's PDO software, Ford's Super Configurator, or any technology used in Ford's PDO software or Super Configurator.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning any alleged trade secrets that relate to Ford's PDO software, Ford's Super Configurator, or any technology used in Ford's PDO software or Super Configurator.

**REQUEST FOR PRODUCTION NO. 22:**

All communications with any governmental agency or office (including the United States Patent and Trademark Office, the United States Copyright Office, or any foreign patent or copyright authority) concerning any aspect of Ford's PDO software, Ford's Super Configurator, or any technology used in Ford's PDO software or Super Configurator.

**REQUEST FOR PRODUCTION NO. 23:**

A copy of all manuals, user guides, developer guides, technical guides, wikis, and other documentation related to Ford's GPD software.

**REQUEST FOR PRODUCTION NO. 24:**

All documents that relate to Ford's claim of ownership to any portion of ACM.

**REQUEST FOR PRODUCTION NO. 25**

All documents that relate to any alleged "Ford Contribution" as defined in Section 7.6 of the MSSA.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning any Versata patent or copyright.

**REQUEST FOR PRODUCTION NO. 27:**

All communications with Versata concerning any patent, copyright, trade secret, or confidential information.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning the claims you have asserted against Versata.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning Ford's efforts to keep any aspect of Versata Software confidential.

**REQUEST FOR PRODUCTION NO. 30**

Documents sufficient to identify all persons with access to or involved in the implementation of GPD.

**REQUEST FOR PRODUCTION NO. 31**

All manuals, user guides, developer guides or other documentation from the past 6 years related to any software or application that relies upon PDO or GPD in any way, including without limitation software or applications that rely upon any data or rules related to PDO or GPD.

**REQUEST FOR PRODUCTION NO. 32**

A working copy of each version of PDO.

**REQUEST FOR PRODUCTION NO. 33**

A copy of all documentation, including without limitation user guides, developer guides, and manuals, related to any version of software or applications identified by Ford in response to Interrogatory No. 3 in Versata's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 34**

A copy of the source code for each version of Ford's Super Configurator.

**REQUEST FOR PRODUCTION NO. 35**

A copy of the object code for each version of Ford's Super Configurator.

**REQUEST FOR PRODUCTION NO. 36**

A working copy of each version of Ford's Super Configurator.

**REQUEST FOR PRODUCTION NO. 37**

All communications to or from Elena Ford containing the terms "Versata," "Trilogy," "ACM," "PDO," "Configuration," "Product Definition and Offering," or "Super Configurator."

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.


*/s/ Steven J. Mitby*
Steven J. Mitby
Texas State Bar No. 24037123
smitby@azalaw.com
Foster C. Johnson
Texas State Bar No. 24076463
fjohnson@azalaw.com
Reed N. Smith
Texas State Bar No. 24067875

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101 (Phone)
(713) 655-0062 (Fax)

Rodger D. Young
Jason D. Killips
Young & Associates
27725 Stansbury Blvd., Suite 125
Farmington Hills, Michigan 48334
(248) 353-8620
efiling@youngpc.com


**ATTORNEYS FOR DEFENDANTS VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT, GROUP, INC., VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC. AND TRILOGY, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 23th day of November 2015, a true and correct copy of the foregoing was served both by U.S. Mail and electronically by email to all counsel of record in accordance with Federal Rules of Civil Procedure as follows:

Frank A. Angileri
Chanille Carswell
Amy Leshan
John LeRoy
John Rondini
Brooks & Kushman PC – Southfield
100 Town Center
22nd Floor
Southfield, Michigan 48075

James P. Feeney
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI  48304

/s/ Steven J. Mitby
Steven J. Mitby

4820-8126-1611, v.  1