## THE VERSATA DEFENDANTS' MOTION TO COMPEL
## DISCOVERY AND BRIEF IN SUPPORT

# EXHIBIT B

First Requests Interrogatories to Defendant, Nov. 23, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| FORD MOTOR COMPANY, | § § | |
| Plaintiff, | § § | CASE NO. 15-10628-MFL-EAS |
| v. | § § | |
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND TRILOGY, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFFS VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., VERSATA SOFTWARE, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., AND TRILOGY, INC.'S FIRST INTERROGATORIES TO DEFENDANT FORD MOTOR COMPANY**

To: Defendants Ford Motor Company, through their attorneys of record, Brooks Kushman, PC, 1000 Town Center, 22nd Floor, Southfield, MI 48075 and Siebman Burg Phillips & Smith LLP, 300 N. Travis St., Sherman, TX 75090.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Versata Development Group, Inc., Versata Software, Inc., and Trilogy, Inc. (collectively "Versata") hereby request that Defendant Ford Motor Company respond to the following Interrogatories in writing, under oath, and according to the definitions and instructions below, within thirty (30) days following services of these Interrogatories, as prescribed by the Federal Rules of Civil Procedure.



EXHIBIT B

## DEFINITIONS

The following definitions shall apply throughout these interrogatories:

1. "Versata" shall refer to Plaintiffs Versata Development Group, Inc., Versata Software, Inc., and Trilogy, Inc., jointly and severally.

2. "Defendant," "Ford Motor Company," "Ford," "you," "your," "You," or "Your" shall refer to Defendant Ford Motor Company and include any past and present parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

3. "PDO" shall refer to Ford's Product Definition and Offering and shall have the same meaning as attributed to it on page 16 of Ford Motor Company's Motion to Dismiss for Lack of Personal Jurisdiction. (Docket #14).

4. "GPD" shall refer to Ford's Global Product Definition application and shall have the same meaning as attributed to it in Ford's Opposition to Versata's Motion for Preliminary Injunction. (Docket #15).

5. "ACM" shall refer to "Automotive Configuration Management" software and "Automotive Configuration Manager."

6. "Versata Software" shall refer to any software developed by Versata in part or in whole, and shall be construed to include any software developed by Versata which Ford claims to own or to which Ford claims to have an irrevocable license. "Versata Software" includes without limitation ACM and all features, applications, and code thereof.

7. "Versata documents" and "Versata documentation" refers to all documents in any format, including electronic, related to or describing Versata Software or its use in an, including without limitation to any user guides, manuals, developer guides, requirements lists, feature lists, and related documentation.

8.      "EPIC Governance Board" refers to the Enterprise Process and IT Commonality Board identified by Michael Sullivan during his deposition as Ford's corporate representative on August 26-27, 2015.

9.      "Super Configurator" refers to Ford's "super configurator" as described in paragraphs 36-39 of Ford's Complaint for Declaratory Relief filed March 15, 2015 in Cause No. 15-10628-MFL-EAS.

10.     The terms "relate to," "relates to," "related to," "relating to," "referred to," "referring to," "concerning" and "regarding" mean comprise, concern, consist of, constitute, contain, contradict, describe, discuss, display, disprove, evidence, explain, include, identify, mention, pertain to, prove, provide context to, refer, reflect, show, state, support, or be in any way legally, logically or factually connected with the matter referenced, or having a tendency to prove or disprove any matter referenced.

11.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive when they appear, and neither of these words shall be interpreted to limit the scope of these requests for production

12.     The term "any" or "each" should be understood to include and encompass "all."

13.     The term "including" shall mean including without limitation.

14.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

15.     The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1.      In answering the following Interrogatories, furnish all available information, including information in your possession, custody, or control of any of your attorneys, directors, officers, agents, employees, representatives, associates, investigators, affiliates, partnerships, agents, parents or subsidiaries, and any other persons under your control who have responsive information.

2. If you cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, answer such interrogatory to the extent possible, and specify the portion of such interrogatory that you are unable to answer fully, completely, and in detail. Additionally, state the reason why such portion cannot be so answered, and if your response is qualified in any particular respect, set forth the details of such qualification; state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; state what knowledge, information or belief you have concerning the unanswered portions of any such Interrogatory; and state whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

3. When the term "identify" is used in these interrogatories, supply the following information as the context requires:

a. when "identify" is used with respect to a natural person, state his or her full name, present or last known address and telephone number, and present or last known position or business affiliation;

b. when "identify" is used with respect to any other entity, state its full name, the address of its principal place of business, its state of incorporation or organization, and the names of its principals;

c. when "identify" is used with respect to a document, state the name or title of the document, the type of document (e.g., letter, memorandum, telegram, chart, etc.), its date, the persons to whom it was addressed or sent, and the persons who authored or sent the document; and

d. when "identify" is used with respect to any non-written communications, state the identity of the natural persons making and receiving the communication, their respective principals

or employers at the time of the communication, the date, manner, and place of the communication, and the content of the communication.

4. These interrogatories shall be deemed continuing, requiring you to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e). If you object to providing certain information requested, state your objection and answer any unobjectionable portion(s) of the request for information and/or supply the unobjectionable information requested.

5. If any information requested in these Interrogatories is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the Interrogatory which is discoverable, and for each item of information to which a claim of privilege or non-disclosure is made, identify such information with sufficient particularity so that the merits of the claim of privilege or non-disclosure may be assessed, including identification to include at least the following:

(a) the basis on which the privilege is claimed;

(b) the names and positions of the author of the document and all other persons participating in the preparation of the document;

(c) the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

(d) the date of the document;

(e) a description of any accompanying material transmitted with or attached to such document;

(f) the number of pages in such document;

(g) the particular document request to which such document is responsive; and

(h) whether any business or non-legal matter is contained or discussed in such document.

6. If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: an identification of the sender and the

5

recipients of the document; the date of the document; a description of the contents, nature, or subject matter of the document; the number of the discovery request or interrogatory to which the document is responsive; and an explanation of the basis for the asserted claim of privilege.

7. If you are producing documents in connection with these Interrogatories, electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. Further, electronic records and computerized information must be produced pursuant to any agreement or agreements between the parties as reflected in the correspondence between the parties.

8. If you are producing documents in connection with these Interrogatories, file folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

9. If you are producing documents in connection with these Interrogatories, documents attached to each other shall not be separated.

10. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a duty to seasonably amend any prior response to an interrogatory if you learn that the response is in some material respect incomplete or incorrect, or if you are so ordered by the Court.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each and every person who had access to or used ACM, any other Versata Software, or any documentation for ACM or other Versata Software. Identify (a) whether the person is Ford employee, former employee, or current or former independent contractor; (b) the specific Versata Software and/or Versata documentation to which the person had access; and (c) the time period during which he or she had such access.

**INTERROGATORY NO. 2:**

Please identify each and every person who worked on or contributed to the conception, design, development, reduction to practice, implementation, or testing of Ford's PDO software. Identify (a) whether the person is Ford employee, former employee, or current or former independent contractor; (b) the specific work that the person performed with respect to PDO; (c) the time period of his or her work; (d) whether the person had access to any Versata Software or Versata documents; and (e) the specific Versata Software and/or Versata documents to which the person had access.

**INTERROGATORY NO. 3:**

Please identify each and every person and "engineer[] from Ford's Research and Advanced Engineering department" who worked on or contributed to the conception, design, development, reduction to practice, implementation, or testing of Ford's Super Configurator. Identify (a) whether the person is Ford employee, former employee, or current or former independent contractor; (b) the specific work that the person performed with respect to the "super configurator"; (c) the time period of his or her work; (d) whether the person had access to any Versata Software or Versata documents; and (e) the specific Versata Software and/or Versata documents to which the person had access.

**INTERROGATORY NO. 4:**

Please identify all Ford software and applications which use or rely upon in any way, directly or indirectly, ACM or other Versata Software, including without limitation by directly interacting with the Versata Software or relying upon any data output from Versata Software. For all software and applications identified, please state (a) the name of the software or application, (b) how the software or application uses or relies upon Versata software, (c) the time period during

which the software or application has been used by Ford, and (d) the specific Versata Software used or relied upon by the software or application.

**INTERROGATORY NO.5:**

Please identify all members of the EPIC Governance Board from January 1, 2008 until the time it disbanded. For each identified member, identify please state their role and tenure on the EPIC Governance Board.

**INTERROGATORY NO.6:**

Please identify the responsibilities of the EPIC Governance Board with respect to the use, implementation, termination, removal, and staffing of projects related to Versata Software, PDO, and Ford's Super Configurator. In identifying the responsibilities of the EPIC Governance Board, please state whether the Epic Governance Board kept minutes related to those responsibilities, identify the documents the EPIC Governance Board considered related to those responsibilities, and, if within the responsibilities of the EPIC Governance Board, specifically identify when the decisions were made to develop PDO, Ford's Super Configurator, and to phase out or otherwise end Ford's use of ACM.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.


*/s/ Steven J. Mitby*
Steven J. Mitby
Texas State Bar No. 24037123
smitby@azalaw.com
Foster C. Johnson
Texas State Bar No. 24076463
fjohnson@azalaw.com
Reed N. Smith
Texas State Bar No. 24067875

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101 (Phone)
(713) 655-0062 (Fax)

Rodger D. Young
Jason D. Killips
Young & Associates
27725 Stansbury Blvd., Suite 125
Farmington Hills, Michigan 48334
(248) 353-8620
efiling@youngpc.com


**ATTORNEYS FOR DEFENDANTS VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT, GROUP, INC., VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC. AND TRILOGY, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 23th day of November 2015, a true and correct copy of the foregoing was served both by U.S. Mail and electronically by email to all counsel of record in accordance with Federal Rules of Civil Procedure as follows:

Frank A. Angileri
Chanille Carswell
Amy Leshan
John LeRoy
John Rondini
Brooks & Kushman PC – Southfield
100 Town Center
22nd Floor
Southfield, Michigan 48075

James P. Feeney
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI  48304

*/s/ Steven J. Mitby*
Steven J. Mitby

4826-0148-6379, v.  1