# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **Ford Motor Company,** | |
| Plaintiff, | Case No. 15-10628-MFL-EAS |
| **v.** | |
| **Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Trilogy, Inc.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## DECLARATION OF MONTY G. MYERS IN SUPPORT OF FORD'S MOTION TO COMPEL SPECIFIC PATENT INFRINGEMENT CONTENTIONS

I, Monty G. Myers, state as follows:

1.     I have been engaged by Ford Motor Company to review and analyze Versata's infringement contentions, and the Ford materials identified in those infringement contentions, in preparation of rebutting Versata's claims of patent infringement against Ford.

2.      I am Founder and CEO of Eureka Software Solutions, Inc. ("Eureka Software"), a custom software development and IT services company based in Austin, Texas.

3.      During my time at Eureka Software, the company and I personally have worked on and had access to and been responsible for creating and working with the most sensitive and often complex, software, source code, and other materials for hundreds of clients, including recognizable names such as American Airlines, AT&T, AMD, IBM, Chevron, Motorola, Progressive Insurance, Samsung, Siemens, UBS, Xerox, and many more.

4.      While my professional experience over the last 3 decades encompasses a wide range on technologies and industries, I have been involved in several projects involving the development and use of configuration systems.

5.      I have served as an expert consultant/witness in over seventy (70) complex litigation matters over the past several years in both state and federal court. Most of these cases involve disputes concerning technology related trade secrets and patents and, technology services performance under contract and/or software, many of which required expert review and analysis of one or both party's software, source code, and other similar materials.  The parties in these cases ranged from sophisticated startups, to the largest, well-known multinational, public companies, to sovereign governments and government agencies.

6.    A material portion of my litigation experience has involved patent infringement cases, where like this case, I was asked to review and analyze a patent owner's infringement contentions in order to rebut allegations of patent infringement. Based on my experience in previous patent cases, and my analysis below in relation to my understanding of the standards applicable to this case, it is my opinion that Versata's infringement contentions do not identify specifically where each limitation of each asserted patent claim is found within Ford's system.

7.    It is my understanding that the parties in this matter have stipulated that infringement contentions shall include:

    i.  Each patent claim that is allegedly infringed by each opposing party;

    ii.  For each asserted claim, the accused product of each opposing party of which the patentee is aware. This identification shall be as specific as possible. Plaintiff shall identify each accused product by name or model number, if known.

    iii.  A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product. ...

(Dkt. #71 at 2-3.)

8.    The agreed standard requires a chart identifying specifically where each limitation of each asserted claim is found within each accused product.  In my

experience in a case such as this involving software patents and products, the agreed standard would require a separate chart identifying:

  i.    each claim

  ii.   of each asserted patent

  iii.  and each claim limitation

  iv.   with the specific location of each limitation

  v.    within each specific version

  vi.   of each accused software product.

9.    In my experience, when the identification of the specific location of each limitation within each specific version of each accused product involves software source code, the specific location of each limitation would normally/generally involve the highlighting of the specific portions/sections of the code that actually perform the claim limitation in question and distinguishing such portions/sections from other portions/sections that are separate from or have nothing to do with the performance of the claim limitation.

10.    Lastly, it must be noted that for purposes of my non-infringement analysis, I must operate under the assumption that the patent claims asserted in this matter are valid.  However, it is my understanding that Ford is challenging the validity of these patents on various grounds in both this court and through the Inter Partes Review process before the Patent Trial and Appeal Board.  It is further my

understanding that such invalidity challenges are based on a number of prior art publications that indicate that the asserted patent claims were likely known in the art at the time of the invention. The significance of this invalidity challenge to my analysis and opinions regarding Versata's noninfringement contentions is that in the context of patents that are potentially or even likely to be very close to what is generally known in the industry, it is particularly important that the patent holder be very specific with its infringement contentions in order to properly allow the accused infringer and its experts to properly compare the accused products to the asserted claim limitations and to the prior art. Without such specificity, it becomes challenging, if not impossible, to know if the accused products infringe the asserted claim limitations or are covered by the prior art, which may be indistinguishable if the infringement contentions are insufficient.

### The '825 Patent

11. Below is Versata's infringement chart for claim 1 of the '825 Patent. This chart is demonstrative of Versata's infringement charts for independent claims 1, 6 and 11 of the '825 Patent.

12. As an initial matter, Versata's infringement chart for the '825 Patent shown below identifies three accused Ford software products ███████ ████████████ ███ ███████ as well as "other Ford systems that use ████████████. While Versata's contentions appear to suggest that these

identified Ford products work together in some fashion, Versata does not state whether it is one Ford product that infringes all of the asserted claim limitations or some combination of two or more of such products. Furthermore, if Versata is accusing a combination of two or more of the Ford products of infringing their asserted claims, Versata does not specifically identify which one of the Ford products performs which of the asserted claim limitations. The detrimental effect of this failure to properly identify which of the Ford products is accused of infringing each asserted claim limitation is expanded by Versata's failure to specifically identify the product versions that are accused of infringing the asserted claims of the '825 Patent. Rather, Versata identifies pages, screenshots, and other materials from Ford's source code and software without clearly indicating the version of the source code and software being accused of infringing the asserted claim limitations

13. Additionally, Versata's infringement chart shown below fails to break down the independent claims on a limitation-by-limitation basis so that it is clear which identified Ford source code and other materials correspond to which limitation.

14. Indeed, as shown below, Versata's infringement chart for claim 1 does not tie any section of the identified Ford source code to any corresponding limitation of claim 1. Instead, I must speculate as to which source code excerpts correspond to which claim limitation.



(Ex. 6 ['825 Patent Infringement Contentions] at Claim 1.)

15.     In my experience, it is very uncommon to include all limitations of a multi-limitation asserted claim in as single cell of an infringement contention claim chart/table and not separate each claim limitation into its own cell.   This is particularly unusual when the asserted claim has a clear list of limitations such as that in claim 1 of the '825 patent, which limitations include performing, receiving, processing, predetermining, storing, retrieving, receiving, prioritizing, and providing.   Further support for my position regarding this separation of asserted claim limitation approach is provided by Versata's own infringement contentions in this case for the '651, '294, '080, '064, '582, and '308 Patents.

16.     Further in my experience, it is equally uncommon to separately describe the accused products using terminology and structure/categories not contained in or correlated to the terms and language of the asserted claims.   As more specifically described below, Versata describes the alleged features and functionality of Ford's accused products using terminology and structure/categories that are found nowhere in the claim limitations and do not directly correspond to the manner in which its own patent limitations are described and delineated.

17.     Versata's failure to separate out and address each asserted claim limitation from the '825 Patent using the terminology and structure/categories of each such claim limitation  is not only counter to what I understand to be the clear agreement of the parties, it is inconsistent with my experience with the reasonable

practice typically used in software patent infringement cases where infringement contention charts separate out each claim limitation and then identify the specific feature or functionality of the accused product that allegedly correlates directly to the claim language and satisfies such limitation.   Without such separation, specificity, and correlation, an undue burden is placed on Ford and its experts to try to speculate and guess what aspect or portion of its product or products allegedly infringe Versata's asserted patent claims.

19.      The sizeable actual and potential amounts of source code identified in Versata's contentions regarding the '825 Patent also make effectively determining which aspects of Ford's source code Versata is accusing for particular limitations essentially complete speculation and guessing on the part of Ford and its experts.

For example, in the chart example above (and the charts for claims 6 and 11), Versata identifies dozens of pages of source code (e.g., FORD-SOURCECODE_000318-331, 000929-938, 000002-000013, 000681-702) without specifically identifying which claim limitations correspond to which of the identified pages or excerpts of source code. (Ex. 6 at claims 1, 6 and 11.)

20.     While the number of pages of source code expressly identified in Vesata's infringement contentions is significant, the general manner in which such code is identified without clear identification of the actual lines of code performing/carrying out each claim limitation suggests that Versata may be attempting to claim not only the expressly identified pages of source code, but all of the source code underlying such expressly identified source code, which is a much broader and larger set of source code potentially encompassing large portions of code unrelated to Versata's asserted patents.  Without more specific identification distinguishing the actual source code portions accused of infringing Versata's asserted patent claims from the large portions of unrelated source code, Ford and I and my team are left to sift through an unreasonably large amount of source code expressly identified and tangentially related thereto and speculate as to what portions purportedly satisfy each asserted claim limitation of the '825 Patent.

21.     Moreover, because Versata's charts regarding the '825 Patent asserted independent claims provides no guidance on which source code pages correspond to

which limitations, I must also speculate as to the relevance each excerpt has to each limitation. For many excerpts, because they cover such a broad set of code functionality or on their surface are not immediately related to or easily connected to the asserted claim functionality, to even begin my analysis I must guess or manufacture the claimed relevance of such excerpts to the independent claims of the '825 Patent.

## The '057 Patent

22.     Below is Versata's infringement chart for claim 1 of the '057 Patent. This chart is demonstrative of Versata's infringement charts for independent claims 1, 17-18, 30-31 and 44 of the '057 Patent.

23.     Versata's infringement chart for the '057 Patent shown below identifies two accused Ford software products (███████████████████. While Versata's contentions appear to suggest that these identified Ford products work together in some fashion, Versata does not state whether it is one Ford product that infringes all of the asserted claim limitations or some combination of two or more of such products.  Furthermore, if Versata is accusing a combination of two or more of the Ford products of infringing their asserted claims, Versata does not specifically identify which one of the Ford products performs which of the asserted claim limitations.  The detrimental effect of this failure to properly identify which of the Ford products is accused of infringing each asserted claim limitation is expanded by

Versata's failure to specifically identify the product versions that are accused of infringing the asserted claims of the '057 Patent.  Rather, Versata identifies pages, screenshots, and other materials from Ford's source code and software without clearly indicating the version of the source code and software being accused of infringing the asserted claim limitations.

24.     Versata's infringement chart shown below fails to break down each limitation of the independent claims on a limitation-by-limitation basis so that it is clear which identified source code (and other referenced materials) corresponds to which limitation.

25.      Indeed, as shown below, Versata's infringement chart for claim 1 does not tie any section of the identified Ford source code to any corresponding limitation of claim 1. Instead, I must speculate as to which source code excerpts correspond to which claim limitation.



(Ex. 7 ['057 Patent Infringement Contentions] at claim 1.)

26.     As previously described above under my discussion of the '825 Patent,

Versata's failure to separate out and address each asserted claim limitation of the

'057 Patent using the terminology and structure/categories of each such claim limitation is not only counter to what I understand to be the clear agreement of the parties, it is inconsistent with my experience with the reasonable practice typically used in software patent infringement cases where infringement contention charts separate out each claim limitation and then identify the specific feature or functionality of the accused product that allegedly correlates to the claim language and satisfies such limitation.

27.     As shown in the example below, Versata's narrative descriptions of its infringement position for the independent claims of the '057 Patent selectively chooses and uses a limited number of phrases and snippets from the claim language combined with their own separate description that is not part of the asserted claim limitation and is not readily equated or correlated to that actual asserted claim language.   Such rewriting or paraphrasing of the asserted claim limitation is problematic because it ignores/avoids the asserted claim limitation language granted by the USPTO and potentially alters or expands the scope of the asserted claim.   It is further problematic because it makes it very difficult to directly see and understand how Versata claims that the accused Ford products and the identified source code practices any particular asserted claim limitation.

28.     Versata's narrative descriptions for the '057 Patent follow a pattern: (1) begin with a narrative that revises and paraphrases selective portions, but not all,

of the claim limitation language, and which purports to describe how Ford's accused products work (red box below), and (2) follow that with a string of citations to Ford's source code (blue box below). (Ex. 7 at Claims 1, 17-18, 30-31 and 44.)



29.    However, Versata's descriptions do not specifically point out which source code pages or portions pertain to which purported claim limitation, nor do they explain which portion of the Ford accused products practice which asserted claim limitation. As previously described with regard to the '825 Patent, because Versata's infringement chart does not identify which pages/portions of the code for Ford's products correspond to which claim limitation, I am left to speculate as to

which source code should be analyzed for which limitation for purposes of formulating my opinions as to non-infringement.

30.     The sizeable actual and potential amounts of source code identified in Versata's contentions regarding the '057 Patent also make effectively determining which aspects of Ford's source code Versata is accusing for particular limitations essentially complete speculation and guessing on the part of Ford and its experts.

31.     As indicated above with regard to the '825 Patent, while the number of pages of source code expressly identified in Vesata's infringement contentions is significant, the general manner in which such code is identified without clear identification of the actual lines of code performing/carrying out each claim limitation suggests that Versata may be attempting to claim not only the expressly identified pages of source code, but all of the source code underlying such expressly identified source code, which is a much broader and larger set of source code potentially encompassing hundreds or even thousands of pages that include large portions of code unrelated to Versata's asserted patents.  Without more specific identification distinguishing the actual source code portions accused of infringing Versata's asserted patent claims from the large portions of unrelated source code, Ford and I and my team are left to sift through an unreasonably large amount of source code expressly identified and tangentially related thereto and speculate as to

what portions thereof purportedly satisfy each asserted claim limitation of the '057 Patent.

32. Moreover, because Versata's charts regarding the '057 Patent asserted independent claims provide no guidance on which source code pages correspond to which limitations, I must also speculate as to the relevance each excerpt has to each limitation. For many excerpts, because they cover such a broad set of code functionality or on their surface are not immediately related to or easily connected to the asserted claim functionality, to even begin my analysis I must guess or manufacture the claimed relevance of such excerpts to the independent claims of the '057 Patent.

## The '582 Patent Family

33. Versata's infringement charts for the '582 and '064 patents are also unclear because I cannot determine what Versata is identifying in Ford's system as practicing certain key claim limitations. For example, for the claim limitation "wherein each consistency error type is represented by a `set` equation" – a limitation included in every independent claim of the '582 and '064 Patents – Versata identifies the following:



(Ex. 8 ['582 Infringement contentions] at claims 1 and 4; Ex. 9 ['064 Infringement Contentions] at claims 9, 17 and 25.)

34.    Although Versata's infringement charts identify particular lines in Ford's source code, Versata's contentions do not clearly disclose what Versata contends are the "set equation" or "consistency error type[s]" in Ford's system. Rather than expressly link the term "set equation" and "consistency error type[s]" with source code excerpts or particular variations in the source code, Versata's contentions use the terms ███████████████████ to describe the identified code. However, Versata's contentions do not explain how these terms relate to the claimed "set equation" and "consistency error type[s]."  As written, this chart requires me to speculate as to what Versata contends are the "set equation[s]" and "consistency error type[s]" in Ford's system.

35.     Similarly, Versata's contentions for claim 13 of the '064 Patent are unclear. Claim 13 includes the limitation "performing set math routines in accordance with the set equation associated with the consistency error type." (Ex. 9 at claim 13.) Versata relies on the following citations in its contentions for this limitation.



      (Ex. 9 at claim 13.)

Again, although Versata's infringement chart identifies particular lines in Ford's source code, it does not clearly disclose what Versata contends are "set math routines" in Ford's system.

36.     Further, this excerpt is also relied on by Versata for "wherein each consistency error type is represented by a 'set' equation," however, Versata does not explain which portion of the excerpt relates to "set equation" and which portion relates to "set math routines." Because "set equation" is a different term from "set math routines," I presume those terms have different meanings. But by identifying the same source code excerpts for "set equation" as "set math routines," I cannot determine how Versata is applying this same excerpt of Ford's source code to

demonstrate both "set equation" and "set math routines." Thus, I must speculate as to what Versata contends are the "set math routines" in Ford's system.

## The '651 Patent

37.     Versata asserts infringement of claims 60-72 of the '651 patent.

38.     Versata's infringement contentions for independent claim 60 of the '651 Patent at least on the surface divides such claim up into individual claim limitations and then provides a set of citations to the source code, screenshots and other materials related to the Ford products for each claim limitation.

39.     However, upon a closer look, Versata's infringement contentions cite to large swaths of source code numbering in the hundreds of pages without ever specifically identifying where within such large body of code or what particular portions of such large body of code actually carry out or perform the specific functionality or process described in each separate claim limitation.

40.     For example, nowhere in the infringement contentions for Claim 60 of the '651 Patent does Versata point out or identify specifically where in the source code or other materials for Ford's products the specific limitation functionality of "generating", "convey[ing] graphically", "receiving", "validating" and "identifying", although each of those terms and the functionality they represent is contained in Claim 60. Rather, Versata simply points to hundreds of pages of source

code and dozens of pages of screenshots and generally contends that such functionality is in there. (Ex. 10 ['651 Patent Infringement Contentions] at claim 60.)

41.     Further support for the conclusion that Versata's wide-reaching citation to source code and other materials for the asserted claims of the '651 Patent is deficient comes from the fact that Versata lists virtually the identical source code and other material citations for several of the separate claim 60 limitations (i.e. the same source code and screenshots for generating and receiving, and again for receiving and validating). (*Id.*) Versata uses this practice of citing identical source code and other materials for separate claim limitations, not only within the same claim, but from one patent to another within the "651 Patent family.  Thus, the same source code cited for independent claim 60 of the '651 Patent is cited for several different limitations of the independent claims of the '308 Patent, as well as those of the '294 Patent.  In these patents, the same Ford source code and screenshots cited for "generating" and "receiving" in the '651 Patent is cited for "obtaining," "providing," and "defining" in the '308 patent and "configuring", "obtaining", "identifying", or "analyzing" in the '294 patent. (Ex. 11 ['308 Patent Infringement Contentions] at claim 1; Ex. 12 ['294 Patent Infringement Contentions] at claim 1.)

42.     The fact that Versata's infringement contentions identify the same large body of source code for multiple different claim limitations, from multiple different independent claims, in multiple patents, would seem to be almost irrefutable

evidence that Versata's infringement contentions do not identify where in the Ford products each asserted claim limitation is found with adequate specificity.

43.     In addition to the general deficiencies described above, there are some more specific examples of identified deficiencies which I describe below.

44.     Independent claim 60 requires, among other things, graphically conveying "product relationships" and "part relationships."   These terms were construed in 2005, and adopted by Versata in this case:

| Claim Term | 2005 Construction |
|---|---|
| product relationship | "*An association between a product and one or more parts*, the association having a *left-hand side* and a *right-hand side*. The product represents the left-hand side of the relationship, and the set of elements represents the right-hand side of the relationship." |
| part relationship | "*An association that exists between a first set of parts and a second set of parts,* the association having a *left-hand side* and a *right-hand si*de. The first set of parts represents the left-hand side of the relationship and the second set of parts represents the right-hand side of the relationship." |

45.     Versata's infringement charts identify dozens of pages of source code and screenshots corresponding to the "product relationships" and the "part relationships" limitations, but the charts do *not* identify: (1) where in particular the

"product relationships" are found, (2) where the "left hand side" of that relationship is located, (3) where the "right hand side" of that relationship is located, (4) where in particular the "part relationships" are allegedly found, (5) where the "left hand side" of that relationship is located, or (6) where the "right hand side" of that relationship is located.  (Ex. 10 at claim 60.)

46.    Claim 60 also requires input from a "configuration user."  This term was construed to mean "a person using a computer to configure a system."  The term "system" was construed to mean "a collection of components, combined to form a particular product or service."  (Dkt. #181 [Special Master's R&R] at 70.)  Versata's infringement charts do not identify (or attempt to identify) a user that meets these constructions.  Versata's charts merely assert that ███████████████████ ███████████████████ (Ex. 10 at claim 60.)  Versata identifies various users, and dozens of pages of source code and screenshots, but does *not* attempt to explain how the identified users meet the construction for the term "configuration user" (and "system").

47.    The last limitation of claim 60 requires identifying a set of "valid configuration options" using the product and part relationships discussed above, as well as a "current configuration state."  Versata's claim charts cite dozens of pages of source code and screen shots, but do *not* identify what, in particular, the "valid configuration options are in the PDO software, or how those options are identified

using the claimed product/part relationships or the "current configuration state." The charts do not identify a "current configuration state" in the accused PDO software, and as explained above, do not identify the product or part relationships as construed (each having a distinct left hand side and right hand side).

### The '308 Patent

48.    The '308 patent is a continuation of the '651 patent addressed above.

49.    Versata asserts infringement of every claim of the '308 patent.

50.    Like with the '651 patent, Versata's infringement contentions for independent claim 1 of the '308 Patent at least on the surface divides the claim up into individual claim limitations and then provides a set of citations to the source code, screenshots and other materials related to the Ford products for each claim limitation.

51.    However, just as with the '651 patent, Versata's infringement contentions for the '308 patent cite to large swaths of source code numbering in the hundreds of pages without ever specifically identifying where within such large body of code or what particular portions of such large body of code actually carry out, or perform, the specific functionality or process described in the separate claim limitation. (Ex. 11 at claim 1.)

52.    For example, nowhere in the infringement contentions for Claim 1 of the '308 Patent does Versata point out or identify specifically where in the source

code or other materials for Ford's products the specific limitation functionality of "providing", "defining", "obtaining", "identifying", or "analyzing", although each of those terms and the functionality they represent is contained in Claim 1. Rather, Versata simply points to hundreds of pages of source code and dozens of pages of screenshots and generally contends that such functionality is in there. (*Id.*)

53. Further support for the conclusion that Versata's wide-reaching citation to source code and other materials for the asserted claims of the '308 Patent is deficient comes from the fact that Versata lists virtually the identical source code and other material citations for several of the separate claim 1 limitations (i.e. the same source code and screenshots for providing, defining, and obtaining). (*Id.*) As previously pointed out, Versata uses this practice of citing identical source code and other materials for separate claim limitations, not only within the same claim, but from one patent to another within the "651 Patent family. Thus, the same source code cited for independent claim 1 of the '308 Patent is cited for several different limitations of the independent claims of the '651 Patent, as well as those of the '294 Patent. In these patents, the same Ford source code and screenshots cited for "obtaining," "providing," and "defining" in the '308 patent is cited for "generating" and "receiving" in the '651 Patent and "configuring", "obtaining", "identifying", or "analyzing" in the '294 patent. (Ex. 10 at claim 60; Ex. 12 at claim 1.)

54.     As noted above, the fact that Versata's infringement contentions identify the same large body of source code for multiple different claim limitations, from multiple different independent claims, in multiple patents, would seem to be almost irrefutable evidence that Versata's infringement contentions do not identify where in the Ford products each asserted claim limitation is found with adequate specificity.

55.     In addition to the general deficiencies described above, there are some more specific examples of identified deficiencies which I describe below.

56.     Similar to the "part relationships" in claim 60 of the '651 patent, claim 1 of the '308 patent recites "component relationships" which has been construed to mean "*an association that exists between a first set of components and a second set of components,* the association having a *left-hand side* and a *right-hand si*de. The first set of components represents the left-hand side of the relationship and the second set of components represents the right-hand side of the relationship." (Dkt. #181 at 71.)

57.     Versata's infringement chart for claim 1 of the '308 patent identifies dozens of pages of source code and screenshots, but does not identify where, in particular, the "component relationships" are found, let alone the "left hand side" and "right hand side" of those relationships as construed. (Ex. 11 at claim 1.)

58.     Claim 1 (and similarly claim 9) also requires determining whether activating a set of component relationships "results in a valid system configuration." The term "system" was construed to mean "a collection of components, combined to form a particular product or service." (Dkt. #181 at 70.) Again, Versata identifies dozens of pages of source code and screenshots, but does not identify where or how, in particular, the PDO software allegedly performs this step. (Ex. 11 at claims 1 and 9.)

59.     Independent claim 18 of the '308 patent requires both "product relationships" and "component relationships." Similar to the other claims addressed above, Versata does not show where in the accused PDO software these two types of relationships are allegedly located, or how they meet the constructions for those terms. (*Id.* at claim 18.)

60.     Independent claim 28 requires including elements in a configuration of a "system." The term "system" was construed to mean "a collection of components, combined to form a particular product or service." (Dkt. #181 at 70.) Again, Versata identifies dozens of pages of source code and screenshots, but does not identify where or how a "system" as construed is configured in the accused PDO software. (Ex. 11 at claim 28.)

## The '294 Patent

61.     The '294 patent is a continuation of the '651 and '308 patents.

62.     Versata asserts infringement of every claim of the '294 patent.

63.     Like with the '651 and '308 patents, Versata's infringement contentions for independent claim 1 of the '308 Patent at least on the surface divides such claim up into individual claim limitations and then provides a set of citations to the source code, screenshots and other materials related to the Ford products for each claim limitation. (Ex. 12 at claim 1.)

64.     However, just as with the '651 and '308 patent, Versata's infringement contentions for the '294 patent cite to large swaths of source code numbering in the hundreds of pages without ever specifically identifying where within such large body of code or what particular portions of such large body of code actually carry out or perform the specific functionality or process described in the separate claim limitation.

65.     For example, nowhere in the infringement contentions for Claim 1 of the '294 Patent does Versata point out or identify specifically where in the source code or other materials for Ford's products the specific limitation functionality of "configuring", "obtaining", "identifying", or "analyzing" although each of those terms and the functionality they represent is contained in Claim 1.   Rather, Versata simply points to hundreds of pages of source code and dozens of pages of screenshots and generally contends that such functionality is in there. (*Id.* at claim 1.)

66.     Further, support for the conclusion that Versata's wide-reaching citation to source code and other materials for the asserted claims of the '294 Patent is deficient comes from the fact that Versata lists virtually the identical source code and other material citations independent claim 1 of the '294 Patent as cited for several different limitations of the independent claims of the '651 Patent, as well as those of the '308 Patent.  The same Ford source code and screenshots cited for "configuring", "obtaining", "identifying", or "analyzing" in the '294 patent is cited for "obtaining," "providing," and "defining" in the '308 patent and for "generating" and "receiving" in the '651 Patent. (Ex. 10 at claim 60; Ex. 11 at claim 1.)

67.     As noted above, the fact that Versata's infringement contentions identify the same large body of source code for multiple different claim limitations, from multiple different independent claims, in multiple patents, would seem to be almost irrefutable evidence that Versata's infringement contentions do not identify where in the Ford products each asserted claim limitation is found with adequate specificity.

68.     In addition to the general deficiencies described above, there are some more specific examples of identified deficiencies which I describe below.

69.     Claims 1 and 11 of the '294 patent requires the use of "element relationships" (having "classifications") to determine if a selected element "results in a valid product configuration."  As with the above claims in the '651 family,

Versata's claim charts identify dozens of pages of source code and screen shots, but do not identify a particular "element relationship," or "valid product configuration" in the code or screenshots. (Ex. 12 at claims 1 and 11.)

70. Claim 21 recites a "first computer system" and a "second computer system," and communicating particular information (such as a "configuration state") between those two systems. Versata's infringement charts fail to identify the two claimed computer systems, let alone the claimed information that is communicated between them. Versata's charts also fail to identify where in the dozens of pages of source code and screenshots the claimed "element relationships," "valid product configuration" or "classifications" are allegedly found. (*Id.* at claim 21.)

71. Claim 26 also recites a "first computer system" and a "second computer system," and communicating particular information (such as a "configuration state") between those two systems. Versata's infringement charts fail to identify the two claimed computer systems. And, despite identifying dozens of pages of source code and screen shots, Versata's charts for this claim also fail to show where or how in particular the PDO software allegedly displays the claimed "included," "optional," or "required choice" indications. (*Id.* at claim 26.)

I declare under penalty of perjury that the foregoing is true and correct.



_____
Monty G. Myers

Dated:   __12/28/2016_____