UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FORD MOTOR COMPANY,** | |
| Plaintiff/Counter-Defendant, | **Case No. 15-10628-MFL-EAS** *(consolidated with Case No. 15-cv-11624)* |
| v. | Hon. Matthew F. Leitman |
| **VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC. AND TRILOGY, INC.,** | JURY TRIAL DEMANDED |
| Defendants/Counter-Plaintiffs. | |

## ORDER APPOINTING SPECIAL MASTER
## FOR RESOLVING DISCOVERY DISPUTES

This action concerns a complex intellectual property dispute regarding computer software, including claims of patent infringement, copyright infringement, and misappropriation of trade secrets.

Given upcoming expert discovery deadlines, the parties anticipate needing a forum to present and resolve discovery issues in an expedited manner. Following consultation with all parties, the Court has concluded that it would benefit from the appointment of a Special Master to efficiently address these discovery disputes. The parties recognize the assistance that a Special Master can provide, and they have jointly requested that the Court appoint Mr. Larry Graham, 701 Fifth Avenue, Suite

4800, Seattle, Washington, 98104, as the Special Master for resolving discovery issues in this case.

Through this Order, the Court confirms the parties' selection of Mr. Graham and appoints him Special Master pursuant to Rule 53. The Court makes this appointment pursuant to Federal Rule of Civil Procedure 53 ("Rule 53"), and the appointment is limited to the following protocol, which must proceed with all reasonable diligence:

1. A party raising a discovery dispute will serve the other party and Mr. Graham with a single-spaced letter of no more than 3 pages (excluding attachments) explaining the discovery dispute and the relief sought ("Opening Letter"). The Opening Letter will not be filed with the Court.

2. Within 4 business days of receiving the Opening Letter, or a different time upon agreement of the parties, the other party will serve the party raising the dispute and Mr. Graham with a single-spaced letter of no more than 3 pages (excluding attachments) responding to the Opening Letter ("Response Letter"). The Response Letter will not be filed with the Court.

3. Promptly after receiving the Response Letter, Mr. Graham shall schedule a teleconference for the parties and Mr. Graham to discuss the discovery dispute.

4. Promptly after the teleconference, Mr. Graham will issue a preliminary ruling on the discovery dispute ("Preliminary Ruling"). This Preliminary Ruling will not be filed with the Court and may be communicated to the parties by e-mail.

5. Within two business days of receiving the Preliminary Ruling, either party may inform Mr. Graham that it intends to object to the Preliminary Ruling, together with a summary of the party's objection ("Preliminary Objection").

6. Upon receiving a Preliminary Objection, Mr. Graham will prepare and file with the Court a Rule 53 Report and Recommendation concerning the discovery dispute. The Report and Recommendation will attach as exhibits the Opening Letter and the Response Letter. Alternatively, or in addition, Mr. Graham may hold another teleconference in an attempt to resolve the discovery dispute.

7. If a Report and Recommendation is filed by the Special Master, the attached opening letter shall be deemed a motion under the Federal Rules of Civil Procedure and the attached response shall be deemed a response under those Rules. The Report and Recommendation shall be styled as a recommendation to grant or deny, in whole or in part, the Motion.

8. For purposes of clarity, the Special Master shall hear all pending discovery motions, including Doc. Nos. 210 and 213.

The meet-and-confer requirement of Local Rule 7.1 applies to all discovery disputes presented to Mr. Graham, and certification of compliance with Rule 7.1 must be made in the Opening Letter.

Mr. Graham shall proceed with all reasonable diligence and shall have the rights, powers, and duties provided in Rule 53, as limited by this Order.

Mr. Graham shall not communicate *ex parte* with the individual parties. Any documents exchanged between Mr. Graham and the Court shall also be timely served on the parties. Mr. Graham may communicate with the Court ex parte on procedural matters.

The Court's review of the report and recommendation Mr. Graham prepares shall be governed by Federal Rule of Civil Procedure 53(f) as follows: the parties may file objections to Mr. Graham's report and recommendation no later than seven (7) days after a copy is served. The objections may not exceed 10 pages. The parties may file a response to the other party's objections no later than seven (7) days, which shall not exceed 7 pages.

Mr. Graham may use a law clerk or paralegal at his discretion, and Mr. Graham shall keep detailed records of his time and expenses. Mr. Graham shall render detailed monthly bills for all fees and expenses at the rate of $485.00 per hour,

which is his normal hourly rate for his services, and such bills shall be paid promptly as follows: fifty percent (50%) by Plaintiff and fifty percent (50%) by Defendants. These monthly bills shall be submitted directly to counsel for the parties who shall take responsibility for prompt payment by their respective clients.

The Court may modify this Order, if necessary, after providing notice to the parties and an opportunity to be heard.

**IT IS SO ORDERED.**

                                s/Matthew F. Leitman
                                MATTHEW F. LEITMAN
                                UNITED STATES DISTRICT JUDGE

Dated: January 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2017, by electronic means and/or ordinary mail.

                                s/Holly A. Monda
                                Case Manager
                                (313) 234-5113