UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.

_____/

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

## **ORDER DENYING PLAINTIFF FORD MOTOR COMPANY'S MOTION FOR SUPPLEMENTAL CLAIM CONSTRUCTION (ECF #280)**

In this action, Versata Software, Inc., Trilogy Development Group, Inc., and Trilogy, Inc. (collectively "Versata") allege that Ford Motor Company ("Ford") infringed their software patents. Ford now asks the Court to construe a term used in one of Versata's patents at issue. Specifically, Ford moves the Court to rule that the term "product" as used in United States Patent Number 8,805,825 (the "'825 Patent") excludes "vehicles, computers, and financial products." (Mot. for Supplemental Claim Construction, ECF #280 at Pg. ID 14606.) For the reasons explained below, the Court **DENIES** Ford's motion.

**I**

The patent currently at issue, the '825 Patent, describes a method "for using computer assisted configuration technology to generate one or attribute prioritized

1

configuration answers to one or more configuration queries." *Ford Motor Company v. Versata Development Group, Inc.*, 2017 WL 1087387, at *1 (Patent Tr. & App. Bd. Mar. 20, 2017). Claim 1 of the '825 Patent, reproduced in relevant part below, is representative of the patent's independent claims:

> 1. A method for using computer assisted configuration technology to generate one or more attribute prioritized configuration answers to one or more attribute-based configuration queries, the method comprising:
>
> [....]
>
> receiving one or more attribute-based configuration queries from a client system, wherein the attribute-based configuration queries include a selection of *one or more parts of a product*;
>
> processing the one or more attribute-based configuration queries, configuration rules, and attribute based preference algorithm using a combined configuration rules-attributes model and a configuration-rules processing engine to calculate valid confirmation answers in accordance with the combined configuration rules-attributes model, *wherein a plurality of the configuration rules define relationships between parts of the product* and a plurality of attributes represent details about the parts [....]

('825 Patent, ECF #280-3 at Pg. ID 14638; emphasis added.)

The '825 Patent also includes a number of dependent claims. Unlike the broader independent claims, which refer to "products" generally, three of the patent's dependent claims – Claims 5, 10, and 15 – refer to specific product "groups." Claim 5 is representative of these dependent claims. It provides:

> The method of claim 1 wherein the one or more attribute based configuration queries comprise attribute-based configuration queries *to configure at least one of the products from the group comprising: vehicles, computers, and financial products.*

(*Id.* at Pg. ID 14639; emphasis added.)

## II

In September 2016, Ford filed a petition with the United States Patent Trial and Appeal Board in which it requested that the Board institute Covered Business Method ("CBM") review of the '825 Patent. "CBM review … allow[s] parties sued or charged with infringing a patent covering financial products or services to challenge that patent" before the Board. *PPC Broadband, Inc. v. Corning Optical Communications RF, LLC*, 815 F.3d 734, 740-41 (Fed. Cir. 2016). Under Federal Circuit precedent, a patent is eligible for CBM review only if "the patent ha[s] a claim that contains, however phrased, a financial activity element." *Secure Axcess, LLC v. PNC Bank Nat'l Assoc.*, 848 F.3d 1370, 1381 (Fed. Cir. 2017). Ford contended that the '825 Patent was eligible for CBM review because, among other things, certain of its dependent claims (one of which is quoted above) provided that the covered "products" specifically included "financial products."

Versata sought to avoid CBM review of the '825 Patent by disclaiming Claims 5, 10, and 15 – the three dependent claims that, as described above, specifically provided that the covered "products" included "vehicles, computers, and financial

products."[1] (*See* Disclaimers, ECF #280-2.) As a result of Versata's disclaimers, the Board concluded that the '825 Patent did not qualify for CBM review because it no longer included an explicit reference to "financial products." *See Ford Motor Company*, 2017 WL 1087387, at *5 ([T]he '825 Patent does not qualify as a 'covered business method patent' … and we [therefore] do not institute a covered business method patent review on any of the asserted grounds as to any of the challenged claims").

In the motion now before the Court, Ford seeks a ruling concerning the effect of Versata's disclaimer. Ford argues that because Versata disclaimed the dependent claims in the '825 Patent that specifically provide that the covered "products" include "vehicles," Versata may not exclude Ford from using the invention described in the '825 Patent to configure vehicles.

### III

The question currently before the Court is: given that Versata disclaimed dependent claims of the '825 Patent that provide that the covered "products" include "vehicles," is Versata precluded from enforcing the patent against those using the covered invention to configure vehicles? Ford says "yes"; Versata says "no." And

---

[1] Versata disclaimed the claims pursuant to 37 C.F.R. 1.321(a) and 35 U.S.C. § 253(a).

4

each party insists that a different, long-settled rule of patent construction requires its proposed answer.

Ford invokes the rule that "upon the filing of [] disclaimers, the original claims [are] withdrawn from the protection of patent laws, and the public [is] entitled to manufacture and use the device originally claimed as freely as though it had been abandoned." *Altoona Publix Theaters, Inc. v. Am. Tri-Ergon Corp.*, 294 U.S. 477, 492 (1935). *See also Guinn v. Kopf*, 96 F.3d 1419, 1422 (Fed. Cir. 1996) ("[B]y filing a statutory disclaimer, [the plaintiff] relinquished any right to exclude others from the subject matter of [the disclaimed claim]"). Ford insists that under this rule, when Versata disclaimed the dependent claims that specifically referenced using the covered invention to configure "vehicles," it "relinquished" its right to exclude the public – including Ford – from using the invention to configure vehicles. (*See* Ford Mot., ECF #280 at Pg. ID 14617) ("The Court should construe the term 'product' [in the '825 Patent] to give effect to Versata's disclaimer, which gave the public the right to configure 'vehicles, computers, and financial products' using the invention of the '825 [P]atent.") Ford therefore argues that the Court should construe the term "product" as used in the remaining claims of the '825 Patent to exclude "vehicles."

In contrast, Versata invokes the settled rule that once a claim is disclaimed, "the patent is treated as though the disclaimed claim[] never existed." *Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379, 1383 (Fed. Cir. 1998). Versata maintains that

5

"a claim that never existed in the patent should not have any effect – either expanding or limiting – on the scope of the patent or the meaning of its terms." (Versata Resp. Br., ECF #284 at Pg. ID 14780, citing *Vectra Fitness*, 162 F.3d at 1383.) Versata insists that the term "product" as used in the remaining claims of the '825 Patent should "not [be] read in the context of the disclaimed claims; rather, [it should be] read to have [its] ordinary meaning, without regard to the disclaimer or the disclaimed claimed." (*Id.* at Pg. ID 14965.) Simply put, Versata contends that its disclaimer of the dependent claims that reference "vehicles" does not preclude it (Versata) from seeking to exclude others from using the covered invention to configure vehicles.

The challenge for the Court is to reconcile the competing rules on which the parties rely in the context of a disclaimed *dependent* claim. In supplemental briefs, both parties suggested that the decision of the United States Court of Claims (the predecessor to the United States Court of Appeals for the Federal Circuit[2]) in *Soundscriber Corp. v. United States*, 175 Ct. Cl. 644 (1966), provides substantial guidance on how to accomplish this reconciliation. (*See* Ford Supp. Br., ECF #292 at Pg. ID 14949-51; Versata Supp. Br., ECF #293 at Pg. ID 14965-66.)

---

[2] Decisions of the Court of Claims are binding in patent cases. *See South Corp. v. United States*, 690 F.2d 1368, 1369 (Fed. Cir. 1982) ("We hold that the holdings of … the United States Court of Claims … announced … before the close of business September 30, 1982, shall be binding as precedent in this court").

In *Soundscriber*, the plaintiff owned six patents related to "devices used in conjunction with sound recording," including United States Patent No. 2,750,449 (the "'449 Patent"). *Id.* at 648. The plaintiff alleged that the defendant infringed four claims of the '449 Patent – claims 6, 15, 16, and 18. *See id.* The defendant countered, among other things, that the plaintiff was estopped from alleging infringement of claim 6 of the '449 Patent because the plaintiff had previously disclaimed a dependent claim to claim 6. *See id.* at 649.

The Court of Claims disagreed. It rejected the defendant's argument that the plaintiff's disclaimer of the dependent claim barred the plaintiff from alleging infringement of the independent claim from which the disclaimed dependent claim depended:

> The '449 patent in suit issued on June 12, 1956. On June 28, 1956, plaintiff, as assignee of the '449 patent, filed a disclaimer disclaiming claim 10 of the '449 patent. Claim 10 is dependent upon claim 6, one of the '449 claims suit. *Defendant contends that plaintiff is estopped to charge infringement of claim 6 because of the disclaimer of claim 10. Defendant's contention is without merit. The Patent Office allows an invention to be defined through varying the scope of claim coverage. Through this practice, structures defined by a claim which has been disclaimed may be covered by other claims not disclaimed.* The construction of a patent, after a disclaimer has been properly entered, must be the same that it would have been if the matter so disclaimed had never been claimed.

*Id.* at 651 (emphasis added).

*Soundscriber* compels the conclusion – urged by Versata – that notwithstanding Versata's disclaimer of the dependent claims that reference "vehicles," Versata may seek to enforce the remaining claims of the '825 Patent against those who use the covered invention to configure vehicles. As the Court of Claims explained, where a party disclaims a dependent claim, the subject-matter of that claim does *not* automatically revert to the public because it "may be covered by other claims not disclaimed." *Id.* Applying that principle here, Versata's disclaimers do not necessarily allow the public to use the covered invention to configure vehicles because the "other claims not disclaimed" (i.e., independent Claim 1 of the '825 Patent) may cover use of the invention in vehicle configuration. Stated another way, under *Soundscriber*, Versata's disclaimer of the dependent claims that reference "vehicles" does not require the Court to construe the term "product" as used in the remaining claims of the '825 Patent to exclude "vehicles."

Ford offers a competing view of *Soundscriber*, but the Court does not find it persuasive. Ford focuses on the last sentence of the above-quoted paragraph in which the court said that "[t]he construction of a patent, after a disclaimer has been properly entered, must be the same that it would have been if the matter so claimed had never been claimed." According to Ford, this sentence supports the conclusion that "following [Versata's] disclaimer, the claims [in the '825 Patent] must be construed to ensure that whatever 'matter' was disclaimed is no longer part of the

patent." (Ford Supp. Br., ECF #291 at Pg. ID 14950.) But Ford ignores that the defendant in *Soundscriber* made this same argument, and the Court of Claims found it "without merit." *Soundscriber*, 175 Ct. Cl. at 651. Moreover, Ford's invitation to "adjust[] the scope of the broader [independent] claims" of the '825 Patent based on Versata's disclaimers of dependent claims that specifically identify "vehicles" (Ford Supp. Br., ECF #291 at Pg. ID 14950) is inconsistent with the result in *Soundscriber* and with that decision's recognition that subjects "defined by a claim which has been disclaimed *may be covered by other claims not disclaimed*." *Soundscriber*, 175 Ct. Cl. at 651 (emphasis added). The Court therefore rejects Ford's request to construe the term "product" as used in the '825 Patent to exclude vehicles.[3]

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that Ford's motion for supplemental claim construction (ECF #280) is **DENIED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2017

---

[3] Besides being inconsistent with *Soundscriber*, Ford's proposed construction is not supported by any factually on-point authority. Ford cites the Federal Circuit's decision in *Guinn*, *supra*, for the proposition that once a party disclaims a dependent claim, the party "relinquish[es] any right to exclude others from the subject matter" of that disclaimed claim. *Guinn*, 96 F.3d at 1422. But the court in *Guinn* did not rule upon the specific question presented here. Indeed, the court confronted a "single issue" in *Guinn*: "whether the Commissioner properly promulgated 37 C.F.R. § 1662(c)." *Id.* at 1421.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 15, 2017, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764