# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **Ford Motor Company,** | **Case No. 15-10628-MFL-EAS** *(consolidated with Case No. 15-cv-11624)* |
| Plaintiff, | |
| v. | **Hon. Matthew F. Leitman** |
| **Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Trilogy, Inc.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## SUPPLEMENTAL PROTECTIVE ORDER

Pursuant to MCL §445.1906, the Court enters this Supplemental Protective Order to preserve the secrecy of alleged Versata trade secrets at issue in this case. Nothing in this Order constitutes a finding that the alleged trade secrets are trade secrets under applicable law, or that Plaintiff Ford Motor Company ("Ford") has misappropriated them.

As reported to the Court by Ford, its practice is to obtain signed confidentiality agreements from each of its employees, contractors, or agency employees that will use or have access to the PDO software or its documentation. Therefore, the Court orders that Ford shall obtain signed confidentiality agreements from each of its employees, contractors, or agency employees that have used, will use, or have received access to the PDO software or its documentation. Each signed

confidentiality agreement shall contain confidentiality obligations no less restrictive than Ford uses to protect its own confidential information. Ford shall provide a copy of each confidentiality agreement to Versata in its document production.

If Ford is or becomes aware of an instance in which this a confidentiality agreement has not been signed by an employee, contractor or agency employee who has had access to the PDO software or its documentation, Ford shall immediately disclose this to Versata and attempt to remedy this. Should Versata believe such an event constitutes an actionable violation of this Supplemental Protective Order, it may apply to the Court for such relief as is appropriate under prevailing law.

Should Versata so move, the Court will determine whether a violation of this Order occurred and, if so, whether any sanction is appropriate based upon factors such as (1) whether the violation was intentional, willful, reckless, or negligent; (2) whether the violation put alleged Versata trade secrets at risk of disclosure, and if so, whether the violation constituted a misappropriation of Versata's trade secrets; (3) whether Versata suffered any cognizable injury thereby; and (4) whether Ford promptly reported and remedied the violation after it was discovered.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2017, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764