UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.
_____/

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

### ORDER GRANTING DEFENDANTS' MOTION TO MODIFY CAPTION (ECF #338)

In this action, Plaintiff Ford Motor Company seeks a declaration that it did not infringe certain patents and copyrights and/or misappropriate certain trade secrets. Ford has named three entities as defendants: Versata Software, Inc., Trilogy Inc., and Trilogy Development Group, Inc. (collectively, the "Versata Parties"). (*See* Sec. Am. Compl., ECF #226.) The Versata Parties have filed counterclaims for infringement of the same patents and copyrights and misappropriation of the same trade secrets. (*See* Ans. and Counterclaims, ECF #244.)

Now before the Court is a motion by the Versata Parties to modify the case caption. (*See* Mot., ECF #338.) The Versata Parties ask the Court to remove Trilogy Development Group, Inc. from the caption and to replace it with Versata Development Group, Inc. The Versata Parties contend that such a modification is appropriate and necessary because Trilogy Development Group, Inc. changed its

1

name to Versata Development Group, Inc. in 2006. The Versata Parties say that the requested modification of the caption will accurately reflect the current name of the party that Ford sued and that has been participating in this action.

Ford opposes the Versata Parties' request to amend the caption. (*See* Ford Resp. Br., ECF #377.) Ford argues that the Trilogy Development Group, Inc. that it sued and that has been participating in this action is *not* the Trilogy Development Group, Inc. that changed its name to Versata Development Group, Inc. Ford says that a different Trilogy Development Group, Inc. – there have been at least three corporations with that name – underwent that name change. Thus, Ford contends, inserting Versata Development Group, Inc. into the caption of this action would not merely correct the name of a party that is already before the Court. Instead, replacing Trilogy Development Group, Inc. with Versata Development Group, Inc. in the caption would amend the pleadings to substitute a new party into this action. Ford insists that such an amendment may not properly be accomplished by a mere technical "correction" to the caption.

For the reasons explained below, the Court agrees with the Versata Parties. Accordingly, the Versata Parties' motion to modify the caption (ECF #338) is **GRANTED**.

# I

## A

Whether to modify a case caption to reflect a party's name change is ordinarily not a complicated question. Indeed, where a party has changed its name, courts often modify the case caption as a matter of course – sometimes without even being asked. *See*, *e.g.*, *Sharp v. Verizon Delaware, LLC*, 2014 WL 350089, at *1 n.1 (D. Del. Jan. 31, 2014) (*sua sponte* amending caption to "correctly identify the [d]efendant" where defendant asserted that plaintiff "ha[d] erroneously named the [d]efendant as 'Verizon Delaware, Inc.,' a name it was formerly known by, instead of its now proper name, 'Verizon Delaware, LLC'"); *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 2011 WL 6884799, at *2 (D. Neb. Dec. 29, 2011) (modifying case caption "to reflect plaintiff's name change" after plaintiff changed its name from "WWP, Inc." to "Wounded Warrior Project, Inc."). But the caption dispute before this Court *is* complicated because at least three entities have gone by the name Trilogy Development Group, Inc. over the past thirty years; only one of those entities changed its name to Versata Development Group, Inc.; and there is some reasonable ground for dispute as to which Trilogy Development Group, Inc. is and has been a party here.

The three Trilogy Development Group, Inc. entities in question are:

1. A Delaware corporation once known as Trilogy Development Group, Inc. This entity was incorporated in 1998 as Trilogy Software Company. (*See*

3

    ECF #377-10.) In 2006, it changed its name to Versata Development Group, Inc. (*See* ECF #377-11.) Versata Development Group, Inc. owns four of the patents at issue, the copyrights at issue, and the trade secrets at issue in this action. (*See* Ford Supp. Br., ECF #469 at Pg. ID 39048.)

2. A second Delaware corporation that was incorporated as Trilogy Development Group, Inc. in 1992. (*See* ECF #377-5.) In 2006, that entity changed its name to Versata Software, Inc. (*See* ECF #377-8.) Versata Software, Inc. owns a family of patents at issue and is a named party in this action.

3. A California corporation that was incorporated as Trilogy Development Group, Inc. in 1989. (*See* ECF #377-4.) This California corporation did not (and does not) own any of the patents, copyrights, or trade secrets at issue in this action. In 1992, this California entity merged into the Delaware Trilogy Development Group, Inc. identified in bullet two immediately above (*see* ECF #377-6), and, as noted above, that Delaware corporation later changed its name to Versata Software, Inc. (*See* ECF #377-8.)

(*See also* Ford Resp. Br., ECF #377 at Pg. ID 22696-97; Versata Mot. for Summary Judgment, ECF #364 at nn. 29-30, Pg. ID 19670, and ECF ## 366-23, 366-24.)

Before the Court may determine whether to replace Trilogy Development Group, Inc. with Versata Development Group, Inc. in the caption, it must first decide which Trilogy Development Group, Inc. is a party in this case: Is it the one that changed its name to Versata Development Group, Inc. in 2006[1] (#1 above) (as the Versata Parties contend) or is it the California corporation with the same name (#3 above) (as Ford argues)?

---

[1] Ford does not dispute that the Delaware corporation now known as Versata Development Group, Inc. was once known as Trilogy Development Group, Inc. and changed its name to Versata Development Group, Inc. in 2006.

4

**B**

A review of the relevant evidence persuades the Court that the Trilogy Development Group, Inc. that is and has been a party in this action is the Trilogy Development Group, Inc. that was incorporated in Delaware in 1998 and that changed its name to Versata Development Group, Inc. in 2006.

The Court looks first to Ford's jurisdictional allegations. Ford alleges that "[o]n information and belief, Trilogy Development Group, Inc. … is a California corporation having its principal place of business in Austin, TX." (Sec. Am. Compl. at ¶3, ECF #226 at Pg. ID 11715.) This is some evidence that, as Ford contends, the Trilogy Development Group, Inc. that is and has been a party here is the California corporation, not the Delaware corporation that changed its name to Versata Development Group, Inc.

But on closer inspection, Ford's jurisdictional allegations fall short of establishing that the California Trilogy Development Group, Inc. is and has been a party here. As noted above, Ford qualified its allegation that Trilogy Development Group, Inc. was a California corporation – making the allegation "[o]n information and belief." (*Id.*) That qualification suggests that Ford may have been uncertain as to whether the Trilogy Development Group, Inc. entity that it sued was really a California corporation.

5

Moreover, the Versata Parties' response to Ford's jurisdictional allegations supports the Versata Parties' contention that the Delaware Trilogy Development Group, Inc. that changed its name to Versata Development Group, Inc. is and has been a party here. The Versata Parties *denied* that Defendant Trilogy Development Group, Inc. is a California corporation. (*See* Ans., ECF #244 at ¶3, Pg. ID 12977.) And the Versata Parties explained that "Trilogy Development Group, Inc. changed its name to Versata Development Group, Inc. in 2006. All references herein to Trilogy Development Group, Inc. herein shall also include Versata Development Group, Inc." (*Id*.) Ford did not raise any contemporaneous objection to this clarification by the Versata Parties. In sum, Ford's jurisdictional allegations and the Versata Parties' response to those allegations, taken together, support the Versata Parties' contention that Defendant Trilogy Development Group, Inc. is and has been the Delaware corporation that changed its name to Versata Development Group, Inc.

A review of Ford's substantive allegations supports the same conclusion.[2] Ford alleges that the defendants it named here are the corporations that own or claim

---

[2] Courts may permissibly look to a complaint's substantive allegations when determining whether to amend a caption to reflect the correct identities of the parties to an action. *See* 5A Charles A. Wright *et al.*, *Federal Practice and Procedure* § 1321 (3d. ed. 2004) (noting that courts "generally" modify case captions "[i]f the body of the complaint correctly identifies the party being sued"); *see also Eberhard v. Old Republic National Title Insurance Company*, 2013 WL 12293449, at *5 (N.D. Ohio Sept. 13, 2013) ("[T]he determination of whether a defendant is properly in the case depends upon the allegations in the body of the complaint."); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("A party may be

to own the intellectual property underlying Ford's claims. Indeed, Ford continually refers to "Defendants' patents" and "Defendants' purported trade secrets." (Sec. Am. Compl. at ¶8, ECF #226 at Pg. ID 11716; *see also id.* at ¶45, Pg. ID 11722, referring to "Defendants' configuration patents"; ¶74, Pg. ID 11728, referring to "Defendants' alleged intellectual property"). And, as Ford itself acknowledges, the Delaware Trilogy Development Group, Inc. that changed its name to Versata Development Group, Inc. is the "exclusive owner of the asserted copyrights, [four of the asserted] patents, and the trade secrets" at issue in this action. (Ford Supp. Br., ECF #469 at Pg. ID 39048.) Thus, Ford's claims are aimed in part at the Delaware entity that changed its name to Versata Development Group, Inc., and Ford's targeting of that entity – combined with the fact that that entity responded to Ford's claims (*see* ECF #244 at Pg. ID 12977) – further supports the conclusion that that entity is and has been a party in this action.

In addition, Ford's substantive allegations all but exclude the possibility that the California Trilogy Development Group, Inc. is and has been a party in this action. As noted above, Ford claims that the defendants it named here currently own or

---

properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant" even where the party is not correctly identified in the case caption); *Gilreath v. North Carolina ex rel. Cumberland County Board of Education*, 2012 WL 1219765, at ** 4-5 (W.D. N.C. Apr. 10, 2012) (Examining "the body of the complaint" to determine the "intended" and named defendant where plaintiff did not "properly identif[y] the [defendant] in the complaint's caption").

7

claim to own the intellectual property underlying Ford's claims. But the California Trilogy Development Group, Inc. "cease[d] to exist" in 1992 when it merged into another entity. *Phillips v. Cooper Laboratories*, 264 Cal.Rptr. 311, 318 (Cal. Ct. App. 1989) (explaining under California law the post-merger status of a corporation that merges into another corporation). Moreover, it is undisputed that the California Trilogy Development Group, Inc. never owned any of the intellectual property at issue in Ford's claims. Furthermore, Ford repeatedly alleges that the defendants it named here are the corporations that entered into contracts with Ford in beginning in 1998 and to whom Ford paid millions of dollars since 1999 (*see, e.g.*, Sec. Am. Compl. at ¶¶ 16-17, 21, 28, 76, ECF #226 at Pg. ID 11717, 11718, 11719, 11728), but since the California Trilogy Development Group, Inc. ceased to exist in 1992, it could not have entered into these contracts nor received the payments that Ford described.

There is also considerable evidence outside of the pleadings that undermines Ford's contention that the California Trilogy Development Group, Inc. is and has been a party here. First, Ford has repeatedly confirmed, both on-the-record during the court's hearing on Versata Parties' motion and in supplemental briefing, that it "intended to name, and proceed through trial, with the correct parties in this case." (Ford Supp. Br., ECF #446 at Pg. ID 36959.) The California Trilogy Development Group, Inc. cannot be the "correct" party because it never owned or claimed to own

8

the intellectual property underlying Ford's claims. Second, a party named Trilogy Development Group, Inc. has participated in discovery and all other aspects of this action for more than a year, and because the California Trilogy Development Group, Inc. ceased to exist in 1992, the Trilogy Development Group, Inc. that has been actively involved in this action cannot have been the California entity as Ford claims.[3] Third, Ford has not produced any evidence that it ever served (or attempted to serve) the California Trilogy Development Group, Inc. with service of process or that the California entity ever appeared in this action or defended against Ford's claims in any way.

Finally, representations that Ford has made to both this Court and the United States District Court for the Eastern District of Texas further support the conclusion that the Delaware corporation now known as Versata Development Group, Inc. is and has been a party here. Shortly after Ford filed its declaratory action in this Court, a group of Versata affiliates sued Ford in the United States District Court for the

---

[3] Ford argues that the Delaware Trilogy Development Group, Inc. that changed its name to Versata Development Group, Inc. "cease[d] to exist in 2006" and thus cannot be the party that has participated in this action. (Ford Supp. Br., ECF #471 at Pg. ID 39067.) Ford is wrong. Unlike the California Trilogy Development Group, Inc., which "cease[d] to exist" under California law after its 1992 merger into another entity, *see Phillips*, 264 Cal.Rptr. at 318, the Delaware corporation now known as Versata Development Group, Inc. still exists today, just under its new name. Ford has not presented any authority to support its argument that a corporation ceases to exist after merely changing its name.

9

Eastern District of Texas for infringing several of the patents at issue in this case. The plaintiffs in the Texas litigation included Versata Development Group, Inc. *See Versata Development Group, Inc. v. Ford Motor Company*, Case No. 15-cv-316 (E.D. Tex. May 7, 2015). That entity identified itself as a Delaware corporation that was formerly known as Trilogy Development Group, Inc. The California Trilogy Development Group, Inc. was not a party to the Texas litigation.

Ford filed a motion to dismiss the Texas case. In that motion, Ford argued, among other things, that the Texas court should dismiss the action under the first-filed rule and should require the Versata plaintiffs to litigate their claims against Ford in this action. (*See id.*, Dkt. #14.) In support of that motion, Ford told the Texas court that the Texas litigation and this action involved "the same" parties. (*Id.*, Dkt. #14 at 10.)[4] The Texas court accepted Ford's arguments and dismissed the Texas action, in part, on the basis that "[t]he parties to this case [were] involved in parallel proceedings" in Michigan. (*Id.*, Dkt. #70 at 1.) The fact that Ford told the Texas court and this Court that the Texas action involved the "same" and "identical" parties as the parties litigating in this case supports the Versata Parties' contention that the

---

[4] Ford likewise told this Court that this action and the Texas action "involve[d] identical parties." (ECF #31 at Pg. ID 844.)

10

Delaware Trilogy Development Group, Inc. now known as Versata Development Group, Inc. is and has been a party in this action.[5]

When the Court weighs and considers all of the evidence described above, it concludes that the Trilogy Development Group, Inc. that Ford named as a defendant in the Second Amended Complaint, and the party that has appeared in this case, answered the Second Amended Complaint, asserted counterclaims against Ford, and participated in discovery for more than a year, is the Delaware Trilogy Development Group, Inc. now known as Versata Development Group, Inc. And because there is undisputed evidence in the record that this Delaware corporation changed its name to Versata Development Group, Inc. in 2006 (*see* ECF #338-1), the Court will modify the case caption to reflect this name change.

---

[5] The Versata Parties have argued that Ford should be judicially estopped from now taking the position that the Texas action and this action involve different parties. *See*, *e.g.*, *Lorillard Tobacco Co. v. Chester, Wilcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2001) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, [it] may not thereafter, simply because [its] interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by [it]"). The Court need not (and does not) reach that argument. The Court concludes only that Ford's representations to the Texas court support the conclusion that the Trilogy Development Group, Inc. that is and has been a party here is the Delaware Trilogy Development Group, Inc. that changed its name to Versata Development Group, Inc.

11

## II

For all of the reasons stated above, the Versata Parties' motion to modify the case caption (ECF #338) is **GRANTED**, and the caption is modified to reflect the fact that Defendant Trilogy Development Group, Inc. is now known as Versata Development Group, Inc.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 5, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764