# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **Ford Motor Company,** | |
| Plaintiff/Counter-Defendant, | Case No. 15-10628-MFL-EAS<br>*(consolidated with Case No. 15-cv-11624)* |
| v. | Hon. Matthew F. Leitman |
| **Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Trilogy, Inc.,** | JURY TRIAL DEMANDED |
| Defendants/Counter-Plaintiffs. | |

# FORD'S RESPONSE TO VERSATA'S SUPPLEMENTAL BRIEF OPPOSING FORD'S MOTION TO STRIKE DR. MALEK'S COPYRIGHT INFRINGEMENT OPINIONS (Dkt. #475)



During the April 24, 2018 *Daubert* hearing, the Court asked Versata to file "a three-page supplement. . . pointing to every place in the record that says [Dr. Malek] reviewed the jar files." (Dkt. #472, at 199:20-21.) Because Dr. Malek testified that he did *not* review the jar files, Versata made new arguments beyond the scope of the Court's request. Specifically, Versata asserted that "the abstraction-filtration-comparison test is inapplicable" to Ford's *Daubert* motion because this is a "direct copying" case. (Dkt. #475 at 4.) Versata's assertion is both factually and legally incorrect.

*Factually*, this is not a "direct copying" case. Versata registered copyrights in certain versions of source code, but alleges that Ford copied "jar" files which Versata admits are a different *format*,[1] and a different *version*, than the registered source code. It is undisputed that Ford did *not* directly copy the registered works.

*Legally*, filtering-out unoriginal and unprotectable elements is the first step in *any* copyright infringement analysis, regardless of whether "direct" or "indirect" copying is asserted. In *RC Olmstead*, the Sixth Circuit held that the filtering step takes place *before* addressing the copying issue:

> The elements of the copyrighted work that are copied must be original, and "***before*** comparing similarities between two works a court should

---

[1] Versata incorrectly asserts—without citation—that the "jar" files comprise a "translated series of 0s and 1s." Dr. Malek asserts that the "jar" files are "byte code" that humans (experts) can read. (Dkt. #473-2, Ex. 7 at 126:6-13; 127:15-23.) Regardless, the "jar" files are *not* the "source code" that Versata registered with the U.S. Copyright Office. (*Id.* at 128:19-129:1.)



1

*first* identify and eliminate those elements that are unoriginal and therefore unprotected."[2]

*RC Olmstead, Inc. v. CU Interface, LLC*, 606 F. 3d 262, 274-275 (6th Cir. 2010) (granting summary judgment where "Olmstead has not attempted to identify any original elements of its software that CUI copied"), *quoting Kohus*, 328 F.3d at 853.

In *Integrated Bar Coding Sys., Co. v. Wemert*, Judge Battani explained that filtering non-protectable elements precedes the copying question, regardless of whether the case involves "direct" or "indirect" copying:

> ***Once the non-protectable elements have been filtered out***, the trier of fact ***then*** determines whether any of the protectable elements have been copied in substantial enough part to constitute infringement. To do so, the plaintiff must show evidence of ***direct, literal copying*** of the original elements of the work, ***or*** raise an inference of infringement by establishing: (1) access to the allegedly-infringed work by the defendant(s) and (2) a ***substantial similarity*** between the two works at issue.

*Integrated Bar Coding Sys., Co. v. Wemert*, 2007 U.S. Dist. LEXIS 9952, *10 (E.D. Mich. Feb. 12, 2007) (citations and quotations omitted). Similarly, in *Automated Data Soln's Corp. v. Paragon Data Sys.*, the court held:

> a plaintiff alleging copyright infringement of computer software ***under either a theory of direct copying or by an inference of copying*** must ***initially*** identify those elements of its software that are original" and thus entitled to protection, thereby ***filtering out*** those elements of the purportedly copied software "that would be expected to be common to any [industry] software, those dictated by the particular business practices [of that industry]."

---

[2] Unless otherwise stated, all emphasis has been added.



2

2012 U.S. Dist. LEXIS 172606, *21-22 (N.D. Ohio July 2012) *aff'd* 756 F.3d 504, 512 (6th Cir. 2014), *citing RC Olmstead*, 606 F. 3d at 275.

This threshold requirement arises from the established legal principle that not all copying is actionable:

> Not all "copying" is actionable, however: it is a constitutional requirement that ***a plaintiff bringing an infringement claim must prove "copying of constituent elements of the work that are original."***

*Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003) *quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, (1991).  In *Feist*—a **direct copying case**—the Supreme Court held that "[o]riginality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." 499 U.S. at 348.  And, independent of the originality requirement, Congress has expressly carved-out unprotectable elements that are common in computer software:

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102(b) (emphasis added).

Dr. Malek's "copyright infringement" opinions fail to apply the controlling law.  He ignores Versata's admissions that **third-parties** authored a significant portion of the at-issue software, rendering it *un*original to Versata.  (Dkt. #155-2, Krauss Dep. Tr., p. 187; Dkt. #357-3, pp. 4-5; Dkt. #155, p. 31; Dkt. #159, ¶7.)  Dr.



3

Malek also ignores that the at-issue software implements ideas, procedures, processes, and methods of operation—all of which the Copyright Act expressly *excludes* from protection. 17 U.S.C. §102(b).

Versata cites three cases to support its incorrect assertion that filtration of unoriginal and unprotectable elements is unnecessary in "direct copying" cases. (Dkt. #475 at 4.) The first case, *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 214 (3d Cir. 2002), makes no mention of filtration, nor a distinction between direct and indirect copying. The second case, *Goldman v. Healthcare Mgmt. Sys.*, 628 F. Supp. 2d 748, 753 n.3 (W.D. Mich. 2008) also makes no mention of filtration, nor does it distinguish between direct and indirect copying. The third case, *Advanced Recovery Sys., LLC v. Am. Agencies, LLC*, 2017 U.S. Dist. LEXIS 144259, *25 (D. Utah Sept. 6, 2017), declined to address the threshold originality requirement because it was not properly before the court. The court's analysis focuses on copying, noting that the plaintiff provided "side-by-side comparisons" between the registered software and the alleged copy—something Dr. Malek has not done.

Versata also suggests that Ford bears the burden of proving the *lack* of original and protectable elements in the registered software. (Dkt. #475 at 5.) But the Sixth Circuit has held that the copyright owner "must still prove that the defendants copied protectable elements of the work," and that "only original material is subject to



4

copyright protection and, even then, elements of a computer program dictated by practical realities may not be protectable." *Dice Corp. v. Bold Tech's*, 556 Fed.Appx. 378, 387 (6th Cir. 2014).

Dr. Malek fails to apply the Sixth Circuit's test for copyright infringement, and renders opinions contrary to controlling law. The Court should exclude his unreliable opinions pursuant to *Daubert* and Fed.R.Civ.P. 702.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 11, 2018 | By: /s/ John S. LeRoy<br>John S. LeRoy (P61964)<br>Thomas A. Lewry (P36399)<br>Christopher C. Smith (P73936)<br>Jonathan D. Nikkila (P75666)<br>1000 Town Center, 22nd Floor<br>Southfield, MI  48075<br>Tel.: 248-358-4400 / Fax: 248-358-3351<br>jleroy@brookskushman.com |
|  | James P. Feeney (P13335)<br>**DYKEMA GOSSETT PLLC**<br>39577 Woodward Ave, Suite 300<br>Bloomfield Hills, MI 48304<br>Ph: 248-203-0841<br>jfeeney@dykema.com |
|  | *Attorneys for Plaintiff, Ford Motor Company* |



5

## CERTIFICATE OF ELECTRONIC SERVICE

  I hereby certify that on  June 11, 2018  , I electronically filed the foregoing **FORD'S RESPONSE TO VERSATA'S SUPPLEMENTAL BRIEF OPPOSING FORD'S MOTION TO STRIKE DR. MALEK'S COPYRIGHT INFRINGEMENT OPINIONS (Dkt. #475)** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Rodger D. Young at efiling@youngpc.com; James P. Feeney at jfeeney@dykema.com, srobb@dykema.com & docket@dykema.com; Steven Mitby at smitby@azalaw.com; Martha J. Olijnyk at mjo@millerlawpc.com & aad@millerlawpc.com; Lanny J. Davis at ldavis@lannyjdavis.com.

  I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  NONE.

            /s/ John S. LeRoy
           John S. LeRoy (P61964)
           Frank A. Angileri (P45611)
           Chanille Carswell (P53754)
           John P. Rondini (P72254)
           Amy C. Leshan (P69328)
           **BROOKS KUSHMAN P.C.**

           *Attorneys for Plaintiff*

