# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **Ford Motor Company,** | **Case No. 15-10628-MFL-EAS** |
| *Plaintiff/ Counter-Defendant*, | *(consolidated with Case No. 15-cv-11624)* |
| v. | Hon. Matthew F. Leitman |
| **Versata Software, Inc.,** *et al.*, | JURY TRIAL DEMANDED |
| *Defendants/ Counter-Plaintiffs*. | |

# FORD MOTOR COMPANY'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE CASE CAPTION (DKT. #499)



# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION .......................................................................................1

II.    ARGUMENT................................................................................................3

    A.    The Order changes the original parties contrary to Ford's complaint and the contemporaneous record...........................................3

        1.    Ford's complaint confirms that it did not sue Versata Development Group or its predecessor...................................... 3

        2.    Contemporaneous evidence confirms that Ford intended to sue the predecessor of Versata Software – not the predecessor of Versata Development Group. ............................ 4

    B.    The Order cites no authority for changing the parties contrary to the allegations and facts at the time of Ford's original complaint. ...............................................................................................6

    C.    The Post-Complaint Facts Addressed in the Order Do Not Establish that Ford Sued the Predecessor to Versata Development Group. .......................................................................................7

III.    CONCLUSION..........................................................................................11



# **TABLE OF AUTHORITIES**

## Cases

*Asher v. Unarco Material Handling, Inc.*,
    596 F.3d 313 (6th Cir. 2010) ............................................................... 2, 7

*Cleveland Branch, NAACP v. City of Parma*,
    263 F.3d 513 (6th Cir. 2001) ................................................................... 6

*EEOC v. Pines of Clarkston*, 2015 U.S. Dist. LEXIS 55926,
    Case No. 13-CV-14076 (E.D. Mich. April 29, 2015) ............................. 4

*Ferguson v. Neighborhood Hous. Serv. of Cleveland, Inc.*,
    780 F.2d 549 (6th Cir. 1986) ................................................................... 4

*Hyman v. City of Louisville*,
    53 Fed.Appx. 740 (6th Cir. 2002) ........................................................... 6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................ 6, 8, 9

*Lynch v. Leis*,
    382 F.3d 642 (6th Cir. 2004) .......................................................... 6, 8, 9

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
    402 F.3d 1198 (Fed. Cir. 2005) ...................................................... 6, 8, 9

*U.S. ex rel. Eisenstein v. City of N.Y.*,
    566 U.S. 928 (2009) ................................................................................ 7

## Other Authorities

5A C. Wright & A. Miller, Fed. Prac. & Proc. §1321 (3d ed. 2004) ............ 7

## Rules

Fed.R.Civ.P. 15 ...................................................................................... 2, 6, 7
L.R. 7.1 ............................................................................................................ 1



## I.     INTRODUCTION

Pursuant to L.R. 7.1(h), Ford Motor Company ("Ford") respectfully requests reconsideration of the June 5, 2018 Order Granting Defendants' Motion to Modify Caption ("Order," Dkt. #499).  The Order contains the following palpable defects:

- The Order is contrary to the ***twice-admitted*** allegation in Paragraph 4 of Ford's complaint that Ford was suing the Trilogy Development Group related to Versata Software, *i.e.*, *not* a predecessor of Versata Development Group.  The Order does not address Paragraph 4 of Ford's complaint, or Defendants' repeated admissions of those allegations.

- The Order is contrary to contemporaneous communications surrounding attempted service of Ford's complaint on Trilogy Development Group.  Those communications ***expressly*** establish Ford's intention to serve the predecessor of Versata Software – ***not*** the predecessor of Versata Development Group.

- The Order is contrary to controlling law requiring courts to determine standing at the time of the original complaint.  The Order does not address Ford's original complaint.  The Order turns entirely on events which transpired ***after*** Ford's original complaint.

- No authority supports changing the parties, contrary to the express language of the original complaint, by means of a caption change.



1

Correcting these defects will result in a different disposition of the case, namely denial of Defendants' Motion to Modify the Caption, and dismissal of the Defendants with respect to patent, trade secret and copyright claims for which they lack standing. As previously stated, Ford has no objection to ***adding*** non-party Versata Development Group to this case pursuant to Fed.R.Civ.P. 15, subject to the controlling authority of *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("[T]he precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.")



## II. ARGUMENT

### A. The Order changes the original parties contrary to Ford's complaint and the contemporaneous record.

#### 1. Ford's complaint confirms that it did not sue Versata Development Group or its predecessor.

The Order does not address the allegations in Ford's complaint expressly confirming that Ford sued Versata Software and the Trilogy Development Group related to Versata Software – *not* the Trilogy Development Group related to Versata Development Group.

*Paragraph 3* of Ford's complaint expressly names the Trilogy Development Group that "is a California corporation." (Dkt. #1 at ¶3.) It is undisputed that the California Trilogy Development Group is *not* the predecessor to Versata Development Group. (Order at 3-4.)

*Paragraph 4* of Ford's complaint additionally states that the "Trilogy Development Group" entity Ford named in Paragraph 3 is the parent of Versata Software, *i.e.*, it is *not* related to Versata Development Group.

> On information and belief, Versata [Software, Inc.] became a wholly-owned subsidiary of Trilogy Development in 2006, and ***Trilogy Development is the parent company of Versata [Software, Inc.]*** and its subsidiaries.

(Dkt. #1, ¶4; Dkt. #4, ¶4, Dkt. #226, ¶4.)[1]

---

[1] Unless otherwise stated, Ford has added all emphasis.



3

> ***Defendants admitted this allegation twice.*** (Dkt. #59, ¶4; Dkt. #244, ¶4.)

Defendants are bound to their admissions. *See EEOC v. Pines of Clarkston*, 2015 U.S. Dist. LEXIS 55926, *8-9, Case No. 13-CV-14076 (E.D. Mich. April 29, 2015) (Caram Steeh, J.) ("Defendant shall be bound by its admissions in not one, but two pleadings filed in this case . . .." (citing *Ferguson v. Neighborhood Hous. Serv. of Cleveland, Inc.*, 780 F.2d 549, 550-51 (6th Cir. 1986)). Yet, the Order holds that Ford sued a Trilogy Development Group entity having no relationship whatsoever to Versata Software – contrary to Ford's allegation which Defendants admitted.

The Order states that "Ford may have been uncertain as to whether the Trilogy Development Group, Inc. entity that it sued was really a California corporation." (Order at 5.) Nothing in Ford's complaint was unclear, nor was Ford uncertain. Ford's allegation in Paragraph 4 confirms that Ford intended to sue the Trilogy Development Group related to Versata Software, ***not*** the entity related to Versata Development Group.

### 2. Contemporaneous evidence confirms that Ford intended to sue the predecessor of Versata Software – *not* the predecessor of Versata Development Group.

On May 7, 2015, Ford's process server (Adam Parker) attempted to serve a summons on Trilogy Development Group. (Ex. A, Proof of Non-Service.) Defendants' registered agent, Capitol Corporate Services, ***rejected*** service asserting



that it "is not the registered agent for this entity." (*Id.*)  Ford's process server then noted that Capitol Corporate Services is the registered for both Versata Software (who Ford expressly named and successfully served) and Versata Development Group (who Ford neither named nor served). (Ex. B, 5/11/15 e-mail (including attachments) from A. Parker to C. Nikkila.)  In response to the question of what entity Ford wanted to serve, Ford's counsel stated:

> I have already found this same information and it looks like ***Trilogy Development Group has been taken over by Versata Software Inc.*** and ***since we have already served Versata Software I believe we have effectively served Trilogy Development as well***.

(Ex. C, 5/11/15 e-mail from C. Nikkila[2] to A. Parker.)

Thus, Ford knew that the entity it was trying to serve was related to Versata Software, not Versata Development. The court docket corroborates this, as Ford filed proofs-of-service for only Trilogy, Inc. and Versata Software, Inc.  (Dkt. #12 and #16.)  Ford neither served, nor intended to serve, the predecessor of Versata Development Group.

---

[2] Ms. Nikkila, Mr. LeRoy's administrative assistant, sent the e-mail on behalf of Mr. LeRoy.



**B.     The Order cites no authority for changing the parties contrary to the allegations and facts at the time of Ford's original complaint.**

"Jurisdiction is tested by the *facts as they existed when the action [was] brought*." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001). As a matter of law, a Court cannot determine jurisdiction based on facts which transpired *after* the original complaint. *See Hyman v. City of Louisville*, 53 Fed.Appx. 740, 744 (6th Cir. 2002). For example, a party cannot retroactively establish standing through an amended complaint. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202, n.3 (Fed. Cir. 2005) (citing *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992)).

The Order cites no authority for changing the parties in this case contrary to the allegations and facts at the time of Ford's original complaint. At a March 28, 2018 status conference, the Court invited the parties to address whether Fed. R. Civ. P. 15 was "the authority under which Versata seeks relief and under which the Court has the authority to modify the case caption." (Dkt. #469 at 1.) Yet, the Order makes no mention of Rule 15, or any authority for changing the parties – through a caption change – more than three years into the case.

The Supreme Court has held that a case caption does not define the parties – the complaint does. *See U.S. ex rel. Eisenstein v. City of N.Y.*, 566 U.S. 928, 935



(2009) (quoting 5A C. Wright & A. Miller, Fed. Prac. & Proc. §1321, p. 388 (3d ed. 2004).)

> Although helpful to the district court, the contents of the caption are usually not considered a part of the pleader's statement of the claim or the response thereto for purposes of applying the pleading rules. ***Moreover, the caption is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction.***

Wright & A. Miller, Fed. Prac. & Proc. §1321, p. 388 (3d ed. 2004).)

Ford is not aware of any authority permitting a defendant, or a Court, to redefine the parties expressly identified in the body of a plaintiff's original complaint by means of a caption change. Ford has consistently stated it has no objection to *adding* non-party Versata Development Group to this case pursuant to Fed.R.Civ.P. 15, subject to the controlling authority of *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("[T]he precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.")

**C.   The Post-Complaint Facts Addressed in the Order Do Not Establish that Ford Sued the Predecessor to Versata Development Group.**

The Order cites allegations in Ford's Second Amended Complaint (filed in January 2017) referencing "Defendants' patents," "Defendants' purported trade secrets," and "Defendants' alleged intellectual property." (Dkt. #499 at 6-7.) But at that time, Ford was unaware that the Defendants in the case lacked standing to assert



7

that intellectual property. Regardless, mid-discovery allegations in an amended pleading cannot correct a standing defect.[3] *See Schreiber Foods*, 402 F.3d at 1202, n.3; *Lynch*, 382 F.3d at 647; *Lujan*, 504 U.S. at 570 n. 5.

The Order also cites a footnote in Defendants' Answer to Ford's Second Amended Complaint (filed in February 2017), stating that Defendants' references to Trilogy Development "should also include Versata Development Group." (Order at 6.) The Order states that Ford's failure to object to this footnote supports the proposition that Versata Development Group is a party to this case. *Id.* That conclusion is incorrect for three reasons. ***First***, the Federal Rules provide no mechanism or requirement for a party to object to statements (let alone a footnote) in an opponent's answer. ***Second***, after receiving Defendants' answer, Ford served a Rule 30(b)(6) deposition notice to take discovery on the ownership/standing issue. (Ex. D, Ford's Supp. Rule 30(b)(6) Dep. Notice, Topic No. 5.) That Rule 30(b)(6) deposition gave rise to the standing defect, and Defendants' Motion to Modify the

---

[3] In footnote 2, the Order cites a treatise and decisions modifying a caption where "the body of the complaint ***correctly identifies*** the party being sued" and where the "body of the complaint ***make it plain*** that the party is intended as a defendant." (Order at 6, n.2, emphasis added.) Nothing in Ford's original or amended complaint "correctly identifies" or "make(s) it plain" that Versata Development Group (or its predecessor) was a party to this case. On the contrary, Ford' original complaint, and all amended complaints, expressly state that (1) Ford sued the "California" Trilogy Development Group, and (2) that the entity was associated with Versata Software. (Dkt. #1 at ¶3-4; Dkt. #6 at ¶3-4; Dkt. #226 at ¶3-4.) This is consistent with Ford's attempted service on the predecessor of Versata Software. (Exs. A, B and C.)



8

Caption.  ***Third***, Defendants did not include the footnote in their original answer, which was pending from October 2015 through February 2017.  Despite always knowing who, in fact, owned what intellectual property, Defendants made no mention of Versata Development Group until two years after the case began.  Regardless, an answer cannot change the parties by footnote.  *See Schreiber Foods*, 402 F.3d at 1202, n.3; *Lynch*, 382 F.3d at 647; *Lujan*, 504 U.S. at 570 n. 5.

The Order also cites Ford's statement in a brief associated with Defendants' Motion to Modify the Caption that Ford "intended to name, and proceed through trial, with the correct parties in this case." (Order at 8.)  That is an accurate statement of Ford's ***intention***, but it does not change the fact that the ***current Defendants*** lack standing to assert four of the at-issue patents, the trade secrets, and the copyrights.  Ford was not aware of this standing defect at the time of its original or amended complaints.

Finally, the Order cites Ford's motion to dismiss the Texas litigation where Ford stated that the parties in the two cases were "the same." (Order at 10.)  Both cases named Trilogy, Inc. and Versata Software, Inc.  Those parties were identical.  Both cases additionally identified "Trilogy Development Group" as a former name of Versata Software, Inc.  The Texas case also identified "Trilogy Development



9

Group" as a former name for Versata Development Group, Inc.[4] This common use of the name "Trilogy Development Group" lead to Ford's belief *at that time* that the parties in the two cases were the same. Despite Defendants knowing all the facts, Defendants did not explain that at least *three different* entities have existed with that *same name*, or that different entities owned intellectual property asserted in this case. Ford's subsequent discovery, years after the Texas litigation, has unscrambled this web of identically-named entities. Ford's pre-discovery statements concerning the apparent similarity between the parties in the Michigan and Texas cases are fair given the ambiguity over the identically-named entities, and Defendants' failure to clarify that ambiguity. Regardless, Ford's statement at that early stage of the case cannot change the fact that the current Defendants lack standing to assert four of the at-issue patents, the trade secrets and the copyrights.

---

[4] Versata's complaint in the Texas action did not identify the State of Incorporation of the "Trilogy Development Group" entity.



10

### III. CONCLUSION

Ford respectfully requests that the Court reconsider its Order because it is contrary the facts surrounding Ford's original complaint, and the applicable law. Defendants' repeated admission of Ford's allegation in Paragraph 4, together with the circumstances of attempted service on Trilogy Development Group, confirm that Ford neither sued, nor intended to sue, the predecessor of Versata Development Group. The Court should deny the Defendants' motion to modify the case caption.

Dated: June 19, 2018

Respectfully submitted,
By: /s/ John S. LeRoy
John S. LeRoy (P61964)
Thomas A. Lewry (P36399)
Frank A. Angileri (P45611)
Chanille Carswell (P53754)
John P. Rondini (P72254)
Jonathan D. Nikkila (P75666)
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel.: 248-358-4400 / Fax: 248-358-3351
jleroy@brookskushman.com
tlewry@brookskushman.com
fangileri@brookskushman.com
ccarswell@brookskushman.com
jrondini@brookskushman.com
jnikkila@brookskushman.com

James P. Feeney (P13335)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Suite 300
Bloomfield Hills, MI 48304
jfeeney@dykema.com

*Attorneys for Ford Motor Company*



11

## **CERTIFICATE OF ELECTRONIC SERVICE**

      I hereby certify that on  June 19, 2018, I electronically filed the foregoing FORD'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE CASE CAPTION (DKT. #499) with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Rodger D. Young at efiling@youngpc.com; James P. Feeney at jfeeney@dykema.com, srobb@dykema.com & docket@dykema.com; Steven Mitby at smitby@azalaw.com; Martha J. Olijnyk at mjo@millerlawpc.com & aad@millerlawpc.com; Lanny J. Davis at ldavis@lannyjdavis.com; Stephen W. King at sking@kingandmurray.com; Iftikhar Ahmed at IftiAhmed@azalaw.com; Sharoon Saleem - sharoon.saleem@jonesspross.com.

      I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  NONE.

       /s/ John S. LeRoy
John S. LeRoy (P61964)
Thomas A. Lewry (P36399)
Frank A. Angileri (P45611)
Chanille Carswell (P53754)
John P. Rondini (P72254)
Jonathan D. Nikkila (P75666)
**BROOKS KUSHMAN P.C.**

*Attorneys for Plaintiff*

