UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.
_____/

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

## **ORDER REFERRING PATENT PORTIONS OF CROSS-MOTIONS FOR SUMMARY JUDGMENT TO SPECIAL MASTER LAWRENCE GRAHAM**

In this action, Versata Software, Inc., Versata Development Group, Inc., and Trilogy, Inc. (collectively, "Versata") alleges that Ford Motor Company misappropriated Versata's trade secrets and infringed Versata's patents and copyrights. The intellectual property in question relates to computer software used in vehicle configuration.

On March 31, 2016, the Court, with the consent of the parties, entered an order appointing attorney Larry Graham as a special master to oversee the patent claim construction portion of this action. (*See* ECF #101.) The parties jointly selected Mr. Graham for this role. (*See id.* at Pg. ID 3093.)

Mr. Graham is an attorney with the law firm of Lowe Graham Jones in Seattle, Washington, and he has extensive experience in patent law. He received a Bachelor of Science degree in electrical engineering from the United States Air Force

1

Academy in 1987, a Masters in Business Administration from Pepperdine University in 1990, and a Juris Doctor degree, with honors, from the University of Washington in 1995. He has litigation experience at the trial and appellate levels, and has argued cases before the United States Court of Appeals for the Federal Circuit. In addition, Mr. Graham is an adjunct professor at the Seattle University School of Law where he teaches patent litigation and prosecution, and he has authored several law review and journal articles on intellectual property law.

In the order appointing Mr. Graham, the Court authorized him "to hold a claim construction hearing, to receive evidence on claim construction issues consistent with the evidence the parties submitted […], and to file a Rule 53 report and recommendation with the Court on the correct construction and/or definiteness of the patent terms at issue in this case." (*Id.* at Pg. ID 3093-94.) Mr. Graham thereafter issued a report and recommendation on claim construction (*see* ECF #181), and the parties stipulated to the entry of an order adopting Mr. Graham's proposed constructions. (*See* ECF #317.) On January 25, 2017, the Court expanded Mr. Graham's role to include resolving certain discovery disputes between the parties. (*See* ECF #230.)

The parties have now filed cross-motions for summary judgment. (*See* Ford Mot., ECF #354; Versata Mot. #379.) The submissions in connection with the motions are extensive. The parties have filed over 250 pages of briefing and over

5,000 pages of supporting exhibits. Each of the motions raises, among other things, complex issues of patent law, and several issues the parties raise tie directly to Mr. Graham's previous ruling on claim construction. For example:

- Versata argues that Ford's motion for a judgment of non-infringement of what the parties refer to as the '582 Patent "is an impermissible collateral attack on the very claim construction to which Ford stipulated." (Versata Resp. Br., ECF #429 at Pg. ID 29035.)
- Versata argues that Ford's motion for a judgment of non-infringement of what the parties refer to as the '308 and '294 Patents should be denied because Ford "creates an unsupported distinction between the maintenance and configuration functions claimed in the patent – an argument the special master already rejected." (*Id.* at Pg. ID 29043-44.)
- Versata argues that Ford's motion for a judgment of non-infringement of what the parties refer to as the '308 and '294 Patents should be denied because Mr. Graham "squarely rejected" Ford's arguments during claim construction. (*Id.* at Pg. ID 29044-45.)
- Versata argues that Ford is not entitled to a judgment of patent invalidity with respect to what the parties refer to as the '057 Patent because Ford has made a "U-Turn" on the argument it previously presented to Mr. Graham during claim construction. (*Id.* at Pg. ID 29047.)

On July 9, 2018, the Court held an on-the-record telephonic status conference with counsel for both parties to discuss whether the Court should refer the patent portions of the cross-motions for summary judgment to Mr. Graham for a report and recommendation pursuant to Rule 53 of the Federal Rules of Civil Procedure. The

3

Court explained that it was inclined to make such a referral, and it wanted to give each side an opportunity to be heard and to raise concerns before the Court made a final decision. Ford lodged no objections to the Court's proposal; Versata raised three primary objections, which the Court addresses in more detail below.

After considering the parties' respective positions, the Court will exercise its discretion to refer the patent portions of the pending cross-motions for summary judgment to Mr. Graham as set forth in this order.[1] Mr. Graham is well positioned to "effectively and *timely* address" the patent portions of the motions, and the Court is not. *See* Fed.R.Civ.P. 53(a)(1)(C) (emphasis added) (authorizing district court to refer any pretrial matter to a special master where the matter "cannot be effectively and timely handled by an available district judge or magistrate judge of the district"). Mr. Graham's extensive familiarity with the claim construction issues in this case, his technical background, and his patent law experience will enable him to analyze and recommend a disposition of the motions on an efficient basis. In addition, Mr. Graham has informed the Court's staff that his schedule during the next month will permit him to spend substantial time addressing the patent issues raised in the

---

[1] *See*, *e.g.*, *TracFone Wireless, Inc. v. LaMarsh*, 98 F.Supp.3d 828, 831 (W.D.Pa. 2015) ("Whether to appoint a Special Master, and the scope and extent of the Master's duties, rests with the sound discretion of the Court"); *Trentadue v. U.S. Central Intelligence Agency*, 2015 WL 1968263, at *3 (D. Utah Apr. 30, 2015) ("Rule 53 of the Federal Rules of Civil Procedure authorizes the court, in its discretion, to appoint a special master….").

motions. In contrast to Mr. Graham, at this time, the Court is not in a position to efficiently and timely resolve the patent issues raised in the motions. The Court will be required to focus on the substantial non-patent portions of the motions, and that will demand a substantial amount of the Court's time. In addition, the Court has essentially no familiarity with the construction of the patent claims in this action because, as noted above, Mr. Graham took the lead on claim construction, and the parties ultimately stipulated to the Court's adoption of his constructions. As a result, the Court has not yet independently analyzed or considered any claim construction matters. Moreover, the legal issues raised in the patent portions of the motion are new to the Court, and learning those subject matters will require substantial time and study.

As the parties have repeatedly reminded the Court, moving this action ahead with all deliberate speed is important. In fact, the parties have repeatedly asked the Court not to delay the trial, and Versata, in particular, has pressed for a prompt trial date. The Court shares the parties' desires to bring this case to trial as quickly as possible. For the reasons explained above, the Court concludes that having Mr. Graham take a first pass at the patent issues is the most efficient and effective way to keep the action moving steadily toward trial. The Court is confident that Mr. Graham's report and recommendation will help sharpen the issues for the Court and may well narrow the range of patent-related disputes between the parties. Because

Mr. Graham is well-positioned to advance the litigation of the patent-related issues in a timely manner and because the Court is not so positioned, referral of the patent-related issues to Mr. Graham for preparation of a report and recommendation is appropriate.

During the on-the-record status conference with counsel, Versata raised three objections to the referral to Mr. Graham. First, Versata maintained that the referral could infringe its right to a jury trial and/or deprive it of a ruling by an Article III judge. The Court disagrees. This Court, not Mr. Graham, will make the ultimate ruling on the summary judgment motions, and each side will have an opportunity to object to Mr. Graham's report and recommendation. This will ensure that an Article III judicial officer makes the relevant decisions. And it is well-established that summary judgment proceedings under Rule 56 of the Federal Rules of Civil Procedure – as here, under the ultimate control of an Article III judicial officer – do not infringe upon a party's Seventh Amendment rights.

Second, Versata argued that referring the motions to Mr. Graham would delay the proceedings. While it may often be true that referral for an additional round of review may delay the progress of an action, the Court does not believe that that will happen here. For all of the reasons explained above, the Court concludes that this action will progress most efficiently if it proceeds on "two tracks" for a short period of time – with the Court initially focusing on the substantial, non-patent portions of

the cross-motions for summary judgment and Mr. Graham conducting an initial analysis of the patent portions.

Finally, Versata suggested that a technology tutorial for the Court would enable the Court to address the patent portions of the cross-motions in a timely manner. While such a tutorial would no doubt be beneficial to the Court, the Court does not believe that it would materially advance the Court's ability to resolve the patent issues in a timely manner.

Accordingly, **IT IS HEREBY ORDERED** that the following portions of the pending cross-motions for summary judgment are referred to Mr. Graham for a report and recommendation pursuant to Federal Rule of Civil Procedure 53:

- The portions of Ford's summary judgment motion labeled section "E" in Ford's Table of Contents (ECF #354 at Pg. ID 18630); and

- The portions of Versata's summary judgment motion labeled sections "V" and "VI" in Versata's Table of Contents (ECF #379 at Pg. ID 22766).

**IT IS FURTHER ORDERED** as follows:

1. The parties shall jointly contact Mr. Graham <u>at their earliest convenience</u> to make all necessary and appropriate arrangements for his immediate consideration of the patent portions of the summary judgment motions identified above. The parties shall ensure that Mr. Graham has copies of all briefs filed in support of, or in opposition to, summary judgment, and

all exhibits necessary for Mr. Graham to issue a report and recommendation on the patent portions of those motions.

2. If, following the submission of the parties' motion papers to Mr. Graham, Mr. Graham determines that additional briefing is necessary, he shall confer with the parties to arrange a schedule for such additional briefing.

3. Mr. Graham may, at his discretion, hold a hearing where he may hear oral argument on the patent portions of the summary judgment motions identified above. Mr. Graham shall determine the procedure (*i.e.*, hearing format) employed at the hearing at his discretion. At any such hearing, a court reporter shall be engaged so that an adequate record can be generated. Mr. Graham shall conduct the hearing in Flint, Michigan, in Judge Leitman's courtroom unless Mr. Graham and the parties agree on an alternative location.

4. Mr. Graham shall prepare a report and recommendation to the Court concerning resolution of the patent portions of the summary judgment motions identified above. Mr. Graham shall proceed with all reasonable diligence and shall have the rights, powers, and duties provided in Rule 53, as limited by this order. Mr. Graham shall file his report and recommendation with the Court upon its completion. Mr. Graham shall file any privileged and/or confidential information under seal.

5. During the term of appointment, Mr. Graham shall preserve any records necessary for the Court's review of any orders, reports, or recommendations made during the course of this assignment. All evidence Mr. Graham considers in preparing his report should be recorded, preserved, and filed with the Court.

6. Mr. Graham shall not communicate *ex parte* with the individual parties. Any documents exchanged between Mr. Graham and the Court shall also be timely served on the parties.

7. Mr. Graham may communicate with the Court *ex parte* on procedural matters.

8. The Court's review of the report and recommendation that Mr. Graham will prepare shall be governed by Federal Rule of Civil Procedure 53(f). Specifically, the parties may file objections to—or a motion to adopt or modify—Mr. Graham's report and recommendation no later than twenty-one (21) days after a copy is served. Such a filing may not exceed 35 pages. The parties may file a response no later than twenty-one (21) days after an objection or motion is filed, which shall also not exceed 35 pages. The moving party may thereafter file a reply brief, no later than fourteen (14) days after a response is filed, that shall not exceed 15 pages.

9. Mr. Graham may use a law clerk or paralegal at his discretion, and Mr. Graham shall keep detailed records of his time and expenses. Mr. Graham shall render detailed monthly bills for all fees and expenses at the rate of $485.00 per hour, which is his normal hourly rate for his services, and such bills shall be paid promptly as follows: fifty percent (50%) by Ford and fifty percent (50%) by Versata. These monthly bills shall be submitted directly to counsel for the parties who shall take responsibility for prompt payment by their respective clients.

The Court may modify this order, if necessary, after providing notice to the parties and an opportunity to be heard.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764