## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Ford Motor Company,**

      Plaintiff/
      Counter-Defendant,

**v.**

**Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Trilogy, Inc.,**

      Defendants/
      Counter-Plaintiffs**.**

**Case No. 15-10628-MFL-EAS**
*(consolidated with Case No. 15-cv-11264)*

**Hon. Matthew F. Leitman**

**JURY TRIAL DEMANDED**

# FORD MOTOR COMPANY'S CORRECTED MOTION FOR SUMMARY JUDGMENT ON FORD'S CLAIM FOR DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT, AND ON DEFENDANTS' COPYRIGHT INFRINGEMENT CLAIM



## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.  Should the Court grant summary judgment in Ford's favor on the parties' copyright claims where Versata failed to perform the threshold "filtration" step required to identify the protectable elements (if any) of the registered software that are original to Versata?

2.  Should the Court grant summary judgment in Ford's favor on the parties' copyright claims where Versata failed to establish "substantial similarity" between (unidentified) protectable elements of the registered software and the accused "Jar" files?

Ford answers each:  **Yes.**



## **TABLE OF CONTENTS**

CONCISE STATEMENT OF ISSUES PRESENTED ............................................. i

MOTION .............................................................................................................1

BRIEF IN SUPPORT ..........................................................................................2

I.      INTRODUCTION ......................................................................................2

II.     FACTUAL BACKGROUND.......................................................................3

III.    LEGAL STANDARDS ..............................................................................5

        A.      Essential elements of a copyright claim.................................5

        B.      Expert analysis is needed to filter-out the functional and
                unprotectable elements of complex computer software.......................6

IV.     ARGUMENT..............................................................................................9

        A.      The Court should grant summary judgment in Ford's favor
                because Versata has not performed the Sixth Circuit's threshold
                "filtration" step to exclude third-party and functional aspects ............9

        B.      The Court should grant summary judgment in Ford's favor
                because Versata has not compared (unidentified) protectable
                elements of the registered works with the (unexamined) "Jar"
                files Ford allegedly used to establish "substantial similarity" ............12

V.      CONCLUSION..........................................................................................15



## <u>TABLE OF AUTHORITIES</u>

### Cases

*Auto Inspection Servs., Inc. v. Flint Auto Auction, Inc.*,
    2006 WL 3500868 (E.D.Mich. Dec. 4, 2006) ..........................................7, 14

*Automated Solutions Corp. v. Paragon Data Sys.*,
    756 F.3d 504 (6th Cir. 2014) ............................................................. 8, 10, 11

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)...................................................................................5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991)...................................................................................6

*Kohus v. Mariol*,
    328 F.3d 848 (6th Cir. 2003) ..................................... 2, 5, 6, 7, 11, 12, 13, 14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    387 F.3d 522 (6th Cir. 2004) ....................................................................8

*R.C. Olmstead, Inc. v. CU Interface, LLC*,
    657 F.Supp.2d 878 (N.D. Ohio 2009) ........................................ 2, 5, 7, 8, 13

<u>*R.C. Olmstead, Inc. v. CU Interface, LLC,*</u>
    <u>606 F.3d 262 (6th Cir. 2010) ..............................................................7, 8</u>

### Statutes

17 U.S.C. §102(b) .........................................................................................6, 11
17 U.S.C. §111(a) .............................................................................................13



## MOTION

Ford Motor Company ("Ford") requests summary judgment in Ford's favor on Ford's declaratory judgment claim of no copyright infringement, and on Defendants' (collectively "Versata's") copyright claim against Ford.[1]  Versata bears the burden of proof, but has *no evidence* on either prong of the Sixth Circuit's two-part test for proving copyright infringement.  Versata relied solely on its expert (Dr. Sam Malek) to establish copyright infringement.  The Court recently excluded Dr. Malek's analysis as unreliable, finding it in conflict with controlling law.  (Dkt. #507.)

Because this is a complex software case that requires reliable expert analysis to establish copyright infringement, Versata cannot establish liability as a matter of law.  Thus, the Court should grant summary judgment in Ford's favor on the pending copyright claims.

---

[1]  The relevant copyright claims are: **[1]** Versata's copyright infringement counterclaim (Dkt. #244, Count 14 in Case No. 15-cv-10628), and **[2]** Ford's claim for declaratory judgment of no copyright infringement (Dkt #1, Count 1 in Case No. 15-cv-11264).



1

## BRIEF IN SUPPORT

## I.      INTRODUCTION

The Court should grant summary judgment in Ford's favor on the asserted copyright claims because Versata has no evidence on either prong of the two-step test required by the Sixth Circuit for establishing copyright infringement. Specifically, Versata provides no evidence or analysis to: (1) filter-out unprotectable and unoriginal elements of the at-issue computer software, or (2) compare the (unidentified) protectable and original elements of the software, if any, with the software files Ford allegedly used.

Because this case involves complex computer software, both prongs of the two-step test require expert analysis. *See Kohus v. Mariol*, 328 F.3d 848, 857-58 (6th Cir. 2003); *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F.Supp.2d 878, 894 (N.D. Ohio 2009), *aff'd* 606 F.3d 262 (6th Cir. 2010).  In its July 9, 2018 *Daubert* opinion, however, the Court struck the expert report of Versata's copyright expert (Dr. Malek). Versata has confirmed that it will not provide a new copyright analysis from Dr. Malek.  (Dkt. 514, n.1.)

Thus, Versata cannot establish copyright infringement as a matter of law.  For these reasons, the Court should grant summary judgment in Ford's favor on all asserted copyright claims.



## II.    FACTUAL BACKGROUND

In April 2015, Ford filed a complaint against Versata seeking a declaratory judgment of no copyright infringement relating to Ford's replacement of Versata's "End of Life" ACM software.  (Dkt. #1 in Consolidated Case No. 15-cv-11264.) Versata filed its answer in November 2015.  (Dkt. #67.)  Before reviewing a single line of code in Ford's replacement software (called "PDO"), Versata asserted that Ford "copied" the ACM software, and described PDO as a "copycat" computer program.  (*Id.* at pp. 28-29, 49, 51.)

In discovery, Versata could not substantiate its unfounded "copying" allegations.  On August 17, 2017, after spending more than a year inspecting Ford's PDO application, including all relevant documentation and the PDO "source code," Versata's technical expert, Dr. Sam Malek ("Malek"), served a copyright infringement analysis barely 5 pages in length.  (**Ex. A**, Malek Opening Rept. at ¶¶69-72 and ¶¶421-437.)  Malek did not assert, let alone support, Versata's original claim that Ford's PDO software was a "copy" of the ACM software.  *Id.*  In fact, he presented *no copyright infringement analysis* of Ford's PDO software.  *Id.*

Instead, Malek focused on the temporary presence of certain ACM/MCA "Jar" files in a Ford software repository, called "Accurev."  *Id.*   Ford has never disputed the presence of those files in Accurev.  Before Ford's license to use the "Jar" files expired, Ford executed the Jar files to confirm that the *Ford data* output



3

from the ACM/MCA software matched the *Ford data* output from Ford's PDO replacement software. (**Ex. B**, Malek Reply Rept. ¶¶302-303; **Ex. C**, Myers Rebuttal Rept., ¶707-709.) Malek did not identify any other Ford use of the at-issue "Jar" files.[2]

In its July 9, 2018 *Daubert* opinion, the Court struck Malek's copyright analysis in its entirety, finding that he did not conduct the "essential" filtration analysis to determine whether original and protectable elements exist in the registered software:

> Dr. Malek was required to conduct a filtration analysis even though Versata purportedly presented direct evidence of copying, and his analysis was flawed because he did not conduct that essential analysis. He did not make any effort to identify the elements of the software at issue that are not original, nor did he eliminate those unprotected elements before concluding that Ford infringed Versata's copyrights. And his failure to do so was not a *de minimis*, inconsequential error. On the contrary, as Versata concedes, not all parts of the software that it alleges Ford copied is protectable under the relevant copyright laws, and thus it was critical for Dr. Malek to include a filtration step in his copyright infringement analysis.

(Dkt. #407 at 45.)

---

[2] Malek also focused on the fact that copies of ACM/MCA Jar files resided on laptop computers of certain Ford employees. (**Ex. A**, ¶¶432-435.) Ford has never disputed this fact, as Ford used the ACM/MCA software for nearly 15 years. (**Ex. C**, Myers Reply Rept. at ¶710.) Versata has no evidence that Ford ever *used* the laptop copies in connection with PDO – they were not.



Versata did not seek reconsideration of the Court's *Daubert* opinion and, in a July 16, 2018 letter to the Court, Versata stated that it was not going to replace Malek's stricken copyright infringement opinions.  (Dkt. 514, n.1.)

### III.    LEGAL STANDARDS

Summary judgment in copyright cases is "mandated by 'the plain language of Rule 56(c) [which states that] after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *R.C. Olmstead*, 657 F. Supp. 2d at 886 quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A.    Essential elements of a copyright claim

"To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyright creation, and that the defendant copied it." *Kohus*, 328 F.3d at 853.  "A plaintiff may prove copyright infringement either by providing direct evidence of copying, or by providing indirect evidence of copying through showing (1) access to the original work, and (2) substantial similarity between the original work and the allegedly infringing work." ~~*Id.* at 854~~ *R.C. Olmstead*, 657 F.Supp.2d at 890, *citing Kohus*, 328 F.3d at 854.  "In either case, though, it is axiomatic that '[n]ot all 'copying' is actionable . . .; it is a constitutional requirement



5

that a plaintiff bringing an infringement claim must prove 'copying of constituent elements of the work *that are original*.'" *Id.* ~~at 853~~ quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (emphasis in original).

In addition to the originality requirement, the Copyright Act expressly *excludes* from protection "processes," "systems," and "methods of operation" – all features commonly associated with computer software:

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. §102(b).

"Consequently, before comparing similarities between two works a court should first identify and eliminate those elements that are unoriginal and therefore unprotected." *Kohus*, 328 F.3d at 853. In *Kohus*, the Sixth Circuit adopted a threshold "filtration" step to *filter-out* of a registered work (1) "unoriginal, unprotectable elements – elements that were not independently created by the author and that possess no minimal degree of creativity," and (2) "those elements dictated by efficiency." *Kohus*, 328 F.3d at 855-856.

**B.      Expert analysis is needed to filter-out the functional and unprotectable elements of complex computer software**

Unlike expert testimony in non-technical cases involving music or artistic drawings, in technical copyright cases, "***expert testimony will likely be required*** to



establish what elements, if any, are necessary to the function" of the technology at issue in that case.  *Id.* at 856 (emphasis added).

> The ***first prong of the inquiry will almost certainly require expert testimony***, because the drawings are technical in nature and a lay person is unlikely to understand what constitutes creativity in this area, which elements are standard for the industry, and which elements are dictated by efficiency or by external standards.

*Id.* at 857-858 (emphasis added). The copyright claim in *Kohus* concerned the technical design of a latch for a portable children's play yard.  *Id.* at 851.

In *R.C. Olmstead*, the Sixth Circuit applied the *Kohus* test in the context of computer software.  *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 275 (6th Cir. 2010).  In that case, the district court held "in the context of computer programming, legal copying requires ***rigorous analysis***." *R.C. Olmstead, Inc.*, 657 F.Supp. 2d at 894, quoting *Auto Inspection Servs., Inc. v. Flint Auto Auction, Inc.*, 2006 WL 3500868, at *6-7 (E.D. Mich. Dec. 4, 2006) (emphasis added).  The district court granted summary judgment in the alleged infringer's favor when the copyright owner did little more than state that "Defendants copied 'key elements'" and failed to offer "evidence or argumentation that these 'key elements' are indeed original constituent elements protected under the Copyright Act."  *Id.*  Because of this failure of proof, the court was "unable to engage in the filtration step required in *Kohus*." *Id.*



The Sixth Circuit affirmed the district court's decision holding:

> All of the evidence offered by [RCO] clearly lacks the abstraction and filtration elements. [RCO] has not attempted to identify those elements of its software that are original; thus its substantial similarity analysis does not filter elements that would be expected to be common to any credit union software, those dictated by the particular business practices.

*R.C. Olmstead, ~~Inc., v. CU Interface, LLC~~*, 606 F.3d ~~262,~~at 275 ~~(6th Cir. 2010)~~. The Court emphasized that none of the plaintiff's expert reports "even begin . . . to provide the kind of abstraction-filtration-comparison analysis" applied by the Sixth Circuit in *Kohus*. *Id.*

Similarly, in *Automated Solutions Corp. v. Paragon Data Sys.*, 756 F. 3d 504, 520-521 (6th Cir. 2014), the Sixth Circuit affirmed summary judgment in Paragon's favor because Automated's expert failed to identify elements in the allegedly copied computer software that were original, "subject to copyright protection," and that went beyond *un*protectable elements that "could be attributable to common usage, software/hardware requirements, or best practices."  The court rejected the expert's assertion that the code included "unique protectable expression" because he did "not elaborate on *which* portions of the data are unique, *what* makes them unique, or why their particular form is not dictated by practical realities [], and therefore not subject to copyright protection." *Id.* (emphasis in original) citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 535 (6th Cir. 2004).



## IV.   ARGUMENT

**A.    The Court should grant summary judgment in Ford's favor because Versata has not performed the Sixth Circuit's threshold "filtration" step to exclude third-party and functional aspects**

The Court should grant summary judgment in Ford's favor on Versata's copyright claim because Versata has not performed the threshold "filtration" step to determine whether the at-issue software contains any elements that are original to Versata and protectable under the copyright laws.

Versata asserts that Ford infringed Versata's copyrights by using certain versions of ACS, MCA and ACM outside the scope of the parties' license agreement.  (**Ex. A**, Malek Rept., ¶¶421-437; Dkt. #371 at 25-29.)  Specifically, Versata *registered* ACM version 4.23.13.01, ACS version 02.26.01, and MCA version 02.02.14.01, but Versata alleges that Ford improperly used *earlier* versions of those programs.  (*Id.* at ¶ 422-424.)

In its July 9, 2018 *Daubert* opinion, the Court excluded Dr. Malek's infringement opinions because he failed to perform the Sixth Circuit's threshold filtration analysis:

> Because Dr. Malek did not apply the correct legal standard, his copyright opinions are not based on reliable principles and methods, and the Court will exclude them. *See Mayo Clinic v. Elkin*, 2010 WL 5421322, at *6 (D. Minn. Dec. 27, 2010) (striking copyright infringement expert and concluding that expert's infringement opinion was "not based on reliable principles" where expert failed to conduct filtration analysis when analyzing copyright claim involving computer



9

software); cf. *Olin Corp. v. Lamorak Ins. Co.*, 2018 WL 1901634, at
*21 (S.D.N.Y. Apr. 17, 2018) ("Expert testimony [] should be excluded
when it applies the wrong legal standard"); *United States Gypsum Co.
v. Lafarge North America, Inc.*, 670 F.Supp.2d 737, 745 (N.D. Ill. 2009)
(excluding expert witness from testifying where expert "applied the
incorrect legal standard in formulating damages").

(Dkt. #507 at 45-46.)

In Versata's July 16, 2018 letter to the Court, Versata stated that it was not

going to replace the copyright portion of Dr. Malek's expert report in view of the

Court's *Daubert* decision.  (Dkt. 514, n.1.)  Versata thus has no expert analysis to

present to the Court regarding the required filtration step.

Versata has ***not*** filtered-out content that is not original to Versata.  On the

contrary, Versata admits that the ACM software includes third-party "open source"

software that Versata did not author and does not own.  (**Ex. D**, Versata's Supp.

Resp. to Int. No. 5; Dkt. #155-2, Krauss Dep. Tr., 187:2-6.)  In response to Versata's

motion for preliminary injunction, Ford demonstrated that one of the ACM files

("acmui") contained ***over 50% third-party open source software***.  (Dkt. #155, Ford's

Opp. to Versata's Motion for Prelim. Inj. at p. 31, citing Dkt. #159, McLoughlin

Decl., ¶¶2-2.)  Versata did not dispute Ford's proofs.  (Dkt. #199 at pp. 15-16.)

Versata has ***not*** identified elements of the registered software that are

protectable, as distinct from elements that are commonplace or dictated by function

or regular business processes.  Like in *Automated Solutions*, Versata did ***not*** carve-

out aspects of the software that "could be attributable to common usage,



software/hardware requirements, or best practices." 756 F.3d at 520-521. Versata did *not* "elaborate on which portions of the data are unique, what makes them unique, or why their particular form is not dictated by practical realities." *Id.*

In *Kohus*, the Sixth Circuit held that "expert testimony will likely be required to establish what elements, if any, are ***necessary to the function***" of the technology at issue in that case. *Kohus*, 328 F.3d at 856 (emphasis added). This is consistent with the Copyright Act, which expressly *excludes* from protection "any idea, procedure, process, system, method of operation, concept, [or] principle." 17 U.S.C. §102(b). Unlike a song, or an artistic painting, however, virtually *all* of the software at issue in this case is functional. ACM and ACS perform a variety of business and technical functions relating to "product definition," and MCA performs technical and business functions relating to material cost forecasting. It was essential, therefore, that Versata filter-out these functional (and non-original) components of the ACM/MCA software to see what, if anything, remains as protectable and original to Versata.

Because Versata has not performed the required "filtration" step, the Court should grant summary judgment in Ford's favor on the parties' respective copyright claims.



**B.    The Court should grant summary judgment in Ford's favor because Versata has not compared (unidentified) protectable elements of the registered works with the (unexamined) "Jar" files Ford allegedly used to establish "substantial similarity"**

Independent of the fact that Versata has failed to perform the threshold "filtration" step addressed above, Versata has also failed to (i) establish that Ford "directly copied" the registered ACM/ACS/MCA code, or (ii) that the at-issue "Jar" files are "substantially similar" to the registered ACM/ACS/MCA code.

"A plaintiff may prove copyright infringement either by providing direct evidence of copying, or by providing indirect evidence of copying through showing (1) access to the original work, and (2) substantial similarity between the original work and the allegedly infringing work." *Kohus*, 328 F.3d at 854. Versata has provided no *analysis* to show that Ford copied (directly *or* indirectly) any original and protectable aspects of the *registered* software.

Versata cannot prove "direct copying" because the *registered* software versions and the allegedly *copied* software versions are different.  It is undisputed that Versata registered *later versions* of the ACM/ACS/MCA software than the versions it contends Ford copied.  (**Ex. A**, Malek Rept. at ¶ 422-424.)  Versata has provided no analysis to show that the software Ford "copied" and the registered



versions are identical.[3]  In fact, Versata's witnesses admit that they are *not* identical, stating only that "overlap" exists between the various software versions.  (**Ex. A**, Malek Rept., ¶¶423-424.)    Versata also cannot prove direct copying of the protectible elements of the works because it has no analysis of which elements (if any) are protectible, as discussed above.

Thus, Versata's only recourse is to prove "indirect copying" through a "substantial similarity" analysis.    But like the threshold "filtration" analysis addressed above, the law requires expert analysis in complex software cases to prove "substantial similarity."    In *Kohus*, the Sixth Circuit has held that "substantial similarity" is to be determined by the "intended audience" which, in technical cases, is *not* the "lay public." *Id.*  857-858 ("Expert testimony will usually be necessary to educate the trier of fact in those elements for which the specialist will look.")    In *R.C. Olmstead* – a computer software case – the district court held that expert testimony "will usually be required" to perform the substantial similarity comparison:

> In cases where the target audience possesses specialized expertise, however, the specialist's perception of similarity may be much different from the lay observer's, and it is appropriate in such cases to consider similarity from the specialist's perspective.    Where the targeted audience is composed of specialists, expert testimony will usually be

---

[3] The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or ***registration of the copyright claim*** has been made in accordance with this title."  17 U.S.C. §111(a) (emphasis added).



> necessary to educate the trier of fact in those elements for which the
> specialist will look.

657 F.Supp.2d at 894, *citing Kohus*, 328 F.3d at 857 (citations and quotations
omitted), *see also Auto Inspection Services, Inc. v. Flint Auto Auction, Inc.*, 2006
WL 3500868, at *7 (E.D. Mich. Dec. 4, 2006) ("In the context of computer source
code, this comparison should be made by a person with specialized knowledge in
computer programming.").

In the present case, Versata has presented no analysis demonstrating a
"substantial similarity" between the (unidentified) original and protectable elements
of the registered computer software on the one hand, and the "Jar" files Ford
allegedly misused on the other hand.  Versata has never produced, and its expert has
never reviewed, the "Jar" files Versata alleges Ford copied.  (**Ex. E**, Malek 12/20/17
Dep. Tr. at 146-147, "I don't have access to those Jar files" and "the Jar files that
were the subject of the copyright infringement have not been made available to me.")
Versata thus has no basis upon which to assert that the software files Versata
registered are "substantially similar" to the Jar files Versata alleges Ford copied.

In addition, the software versions Ford allegedly used are *earlier than* the
software versions Versata registered.  (**Ex. A**, Malek Rept. at ¶¶ 422-424.)  While
Versata's now-excluded expert opined that some "overlap" likely exists between the
various software versions, he presented no *analysis* showing the alleged overlap (or
whether the overlapping code is protectable and original to Versata).



14

Because Versata cannot establish "substantial similarity" between (unidentified) protectable elements in the registered software, and that at-issue "Jar" files, summary judgment in Ford's favor is appropriate.

## V.   CONCLUSION

For the above reasons, the Court should grant summary judgment in Ford's favor on Ford's claim for declaratory judgment of no copyright infringement, and Versata's copyright infringement counterclaim.

Respectfully submitted,

Dated: August ~~28~~30, 2018

By: /s/ John S. LeRoy
John S. LeRoy (P61964)
Thomas A. Lewry (P36399)
Frank A. Angileri (P45611)
Chanille Carswell (P53754)
Christopher C. Smith (P73936)
John P. Rondini (P72254)
Jonathan D. Nikkila (P75666)
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel.: 248-358-4400 / Fax: 248-358-3351
jleroy@brookskushman.com
tlewry@brookskushman.com
fangileri@brookskushman.com
ccarswell@brookskushman.com
jrondini@brookskushman.com
jnikkila@brookskushman.com



James P. Feeney (P13335)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Suite 300
Bloomfield Hills, MI 48304
Ph: 248-203-0841
jfeeney@dykema.com

*Attorneys for Plaintiff, Ford Motor
Company*



## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August ~~28~~30, 2018, I electronically filed a copy of **FORD MOTOR COMPANY'S CORRECTED MOTION FOR SUMMARY JUDGMENT ON FORD'S CLAIM FOR DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT, AND ON DEFENDANTS' COPYRIGHT INFRINGEMENT CLAIM and BRIEF IN SUPPORT** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:   Rodger D. Young at efiling@youngpc.com;   James   P.   Feeney   at   jfeeney@dykema.com, srobb@dykema.com   &   docket@dykema.com;   Steven   Mitby   at smitby@azalaw.com;   Martha   J.   Olijnyk   at   mjo@millerlawpc.com   & aad@millerlawpc.com; Lanny J. Davis at ldavis@lannyjdavis.com; Stephen W. King at sking@kingandmurray.com; Iftikhar Ahmed at IftiAhmed@azalaw.com; Sharoon   Saleem   -   sharoon.saleem@jonesspross.com;   Jaye   Quadrozzi   – efiling@youngpc.com; Kyril Talanov – ktalanov@azalaw.com; M. Jason Ballard – mjballard@azalaw.com.

　　　　　　　　　　　　　  /s/ John S. LeRoy　　　　　
　　　　　　　　　　　　　John S. LeRoy (P61964)



17