UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

_____/

### ORDER GRANTING NON-PARTY STACY COOPES' MOTION TO QUASH DEFENDANT VERSATA SOFTWARE, INC.'S SUBPOENA TO TESTIFY AT DEPOSITION (ECF #632)[1]

On January 28, 2019, Defendant Versata Software, Inc. served a subpoena on non-party Stacy Coopes. (*See* Subpoena, ECF #635-3.) The subpoena required Coopes to appear for a deposition on February 20, 2019. (*See id.*) Counsel for Coopes thereafter attempted to work with Versata's counsel "to understand the purported relevance of her testimony." (Coopes Reply Br., ECF #639 at Pg. ID 48757.) When those negotiations failed to resolve the need for the subpoena, Coopes

---

[1] Versata titled its response to Coopes' motion to quash "Versata's Response in Opposition to Stacy Coopes' Motion to Quash and Counter-Motion to Compel Compliance with Subpoena." (*See* ECF #635.) However, under this Court's Local Rules, "a response or reply to a motion must not be combined with a counter-motion." E.D. Mich. Local Rules, Electronic Filing Policies and Procedures, at R5(f). Versata's counter-motion is therefore not properly before the Court. Nonetheless, the Court declines to grant Versata any relief and compel Coopes to comply with the subpoena for all of the reasons that it grants her motion to quash.

1

filed the instant motion to quash. (*See* Mot., ECF #632.) For the reasons that follow, the motion is **GRANTED**.[2]

I

Federal Rule of Civil Procedure 45 provides that a district court "must" quash a subpoena if the subpoena "subjects a person to an undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iv). "A decision whether to quash a subpoena is made on a case-by-case basis and consists of a balancing of the interests; that is, the Court must weigh the burden of compliance against the potential value of the information sought. The burden of demonstrating undue burden is on the moving party. However, the burden of demonstrating relevance is on the party seeking discovery." *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009 WL 1543451, at *1 (E.D. Mich. June 2, 2009) (Rosen, J.) (internal citations omitted) (granting non-party's motion to quash subpoena for deposition and documents). In addition, "[t]he fact of nonparty status may be considered by the court in weighing the burdens imposed." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (affirming district court order quashing subpoena for deposition and documents directed to non-party). Finally, the Court acknowledges that "[t]he scope of discovery under the Federal Rules of Civil Procedure is broad" and that "'[r]elevant information need

---

[2] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

2

not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *MSC.Software Corp. v. Altair Engineering, Inc.*, 2012 WL 3224130, at *1 (E.D. Mich. Aug. 6, 2012) (quoting Fed.R.Civ.P. 26(b)).

## II

The burden of requiring Coopes to engage counsel and prepare for and attend a deposition outweighs the minimal potential value of the information Versata seeks.

Coopes has never worked for Ford Motor Company, is not a technical expert, and is not familiar with the term "ACM," the name of Versata's software that is at issue in this case. (*See* Coopes Affidavit at ¶¶ 3-5, ECF #632-4 at Pg. ID 48650-51.) Nor has Coopes had "any involvement with engineering, manufacturing, or product development software." (*Id.* at ¶5, ECF #632-4 at Pg. ID 48651.)

It appears that Versata seeks to take Coopes deposition solely because, according to Versata, she "participated in a conversation with Elana Ford in which Ms. Ford stated that Ford should terminate its relationship with Versata." (Versata Resp. Br., ECF #635 at Pg. ID 48698.) Versata therefore argues that Coopes has relevant "firsthand, personal knowledge of statements by Elena Ford regarding Ford's relationship with Versata." (*Id.* at Pg. ID 48702-03.)

But the Court has previously held that Versata could not take the deposition of Ms. Ford related to the statements that Versata claims she made. (*See* Order, ECF

3

#441 at Pg. ID 34498.) For all of the reasons discussed on the record at a March 9, 2018, hearing on Versata's request to depose Ms. Ford, including in the Court's questioning of counsel, the Court is not persuaded that even if Ms. Ford made the statements, the statements are relevant in any meaningful way to any of the claims or defenses at issue in this action. (*See* 3/9/2018 Hearing Tr., ECF #444 at Pg. ID 36870-95.) As the Court noted during the March 9 hearing, the record contains evidence with respect to how Ford made the decision to terminate its relationship with Versata and who at Ford played a role in making that decision, and the Court is not yet persuaded that Ms. Ford was meaningfully involved in that decision and/or that her statements, if made, played any meaningful role in that decision.

Simply put, any inquires related to Ms. Ford are a sideshow. Given that conclusion, and the Court's previous refusal to allow Versata to depose Ms. Ford, it sees no basis to allow Versata to depose Coopes, whose only apparent relevance is overhearing Ms. Ford's irrelevant statement.

Moreover, Versata has not presented any argument or evidence that Coopes was in any way involved in Ford's relationship with Versata, the decision to terminate that relationship, or that Coopes even knows what Versata is or what kind of software Versata developed for Ford. The value of the irrelevant information that Versata seeks from Coopes is therefore minimal. And Coopes, a non-party, would be unduly burdened by having to retain counsel and take hours out of her schedule

4

to prepare for and appear at a deposition. *See Hansen*, 2009 WL 1543451, at *3 ("[T]he irrelevance of the document request and Mr. Edwards' testimony … makes even [a] seemingly low burden into an undue one, and an undue burden is grounds for quashal").

For all of these reasons, Coopes' motion to quash Versata's subpoena (ECF #632) is **GRANTED**. Versata is not permitted to take the deposition of Coopes.

**IT IS SO ORDERED**.

                          s/Matthew F. Leitman
                          MATTHEW F. LEITMAN
                          UNITED STATES DISTRICT JUDGE

Dated: May 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2019, by electronic means and/or ordinary mail.

                          s/Holly A. Monda
                          Case Manager
                          (810) 341-9764