UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

_____/

## **ORDER REFERRING CLAIM CONSTRUCTION DISPUTE TO SPECIAL MASTER LAWRENCE GRAHAM**

In this action, Plaintiff Ford Motor Company and Defendants Versata Software, Inc., Versata Development Group, Inc., and Trilogy, Inc. (collectively, "Versata") dispute whether Ford infringed Versata's software patents and misappropriated Versata's trade secrets. The intellectual property in question relates to computer software used in vehicle configuration.

On March 31, 2016, the Court, with the consent of the parties, entered an order appointing attorney Larry Graham as a special master to oversee the patent claim construction portion of this action. (*See* ECF #101.) The parties jointly selected Mr. Graham for this role. (*See id.* at Pg. ID 3093.) As the Court explained in its March 31 order, Mr. Graham has extensive experience in patent law. (*See id.*)

In the order appointing Mr. Graham as Special Master, the Court authorized him "to hold a claim construction hearing, to receive evidence on claim construction

1

issues consistent with the evidence the parties submitted […], and to file a Rule 53 report and recommendation with the Court on the correct construction and/or definiteness of the patent terms at issue in this case." (*Id.* at Pg. ID 3093-94.) Mr. Graham thereafter issued a report and recommendation on claim construction (*see* ECF #181), and the parties stipulated to the entry of an order adopting Mr. Graham's proposed constructions. (*See* ECF #317.) The Court also referred the patent portions of the parties' summary judgment motions to Mr. Graham. (*See* ECF #509.) Mr. Graham then held an in-person hearing and issued a report and recommendation on those portions of the summary judgment motions. (*See* ECF #551.)

The parties have now raised an issue with the Court that arises out of Mr. Graham's previous rulings on claim construction and summary judgment. More specifically, Ford asserts that during the summary judgment proceedings in front of Mr. Graham, a dispute arose regarding the construction of two claim limitations in United States Patent Number 7,739,080 (the "'080 Patent"): the "extending" and "removing" limitations. Ford insists that the Court "must resolve" this claim construction dispute "in advance of trial." (Ford 7/7/2019 Letter, ECF #677-3 at Pg. ID 52124.) Versata disagrees that there is a live claim-construction dispute with respect to the '080 Patent. Versata says that Mr. Graham resolved that dispute in his initial claim construction report and recommendation and that "[n]othing justifies

new claim construction briefing at this late stage of the case." (Versata 7/7/2019 Letter, ECF #677-2 at Pg. ID 52121.)

The Court concludes that because this issue arises out of Mr. Graham's previous rulings and hearings in this action, he is in the best position to efficiently address both the procedural and substantive components of this dispute. Accordingly, the Court refers the following questions to Mr. Graham for a report and recommendation as set forth in this order:

(1) Is there a claim construction dispute between the parties that the Court should resolve at this point in the proceedings, or do Mr. Graham's previous claim construction and summary judgment recommendations, as adopted (or adopted in part) by the Court already resolve the allegedly-live claim construction dispute described above?; and

(2) What is the proper construction for the "extending" and "removing" limitations of the '080 Patent? The Court asks Mr. Graham to answer this second question no matter how he answers first question.

Mr. Graham is best positioned to "effectively and *timely* address" the patent portions of the motions. *See* Fed.R.Civ.P. 53(a)(1)(C) (emphasis added) (authorizing district court to refer any pretrial matter to a special master where the matter "cannot be effectively and timely handled by an available district judge or magistrate judge of the district"). Mr. Graham's extensive familiarity with the claim construction and

summary judgment arguments related to the '080 Patent, his technical background, and his patent law experience will enable him to analyze and recommend a disposition of current dispute on an efficient basis. Finally, the Court's staff has spoken with Mr. Graham and confirmed that he is available to resolve this dispute in a timely manner. For all of these reasons, the Court exercises its discretion to refer this claim construction dispute to Mr. Graham for a report and recommendation.[1]

Accordingly, **IT IS HEREBY ORDERED** that the parties' claim construction dispute as described above and as described in the parties' July 7, 2019, letters to the Court (*see* ECF ## 677-2 and 677-3) is **REFERRED** to Mr. Graham for a report and recommendation as set forth in this order.

**IT IS FURTHER ORDERED** as follows:

1. The parties shall jointly contact Mr. Graham <u>at their earliest convenience</u> to make all necessary and appropriate arrangements for his immediate consideration of this dispute.

---

[1] *See, e.g.*, *TracFone Wireless, Inc. v. LaMarsh*, 98 F.Supp.3d 828, 831 (W.D.Pa. 2015) ("Whether to appoint a Special Master, and the scope and extent of the Master's duties, rests with the sound discretion of the Court"); *Trentadue v. U.S. Central Intelligence Agency*, 2015 WL 1968263, at *3 (D. Utah Apr. 30, 2015) ("Rule 53 of the Federal Rules of Civil Procedure authorizes the court, in its discretion, to appoint a special master….").

2. Mr. Graham shall confer with the parties to arrange a schedule for any briefing necessary to resolve this dispute.

3. Mr. Graham may, at his discretion, hold a hearing where he may hear oral argument with respect to the parties' current claim construction dispute. Mr. Graham shall determine the procedure (*i.e.*, hearing format) employed at the hearing at his discretion. At any such hearing, a court reporter shall be engaged so that an adequate record can be generated. Mr. Graham shall conduct the hearing in Flint, Michigan, in Judge Leitman's courtroom unless Mr. Graham and the parties agree on an alternative location.

4. Mr. Graham shall prepare a report and recommendation to the Court recommending a resolution to the procedural and substantive components of the claim construction dispute as described above. Mr. Graham shall proceed with all reasonable diligence and shall have the rights, powers, and duties provided in Rule 53, as limited by this order. Mr. Graham shall file his report and recommendation with the Court upon its completion. Mr. Graham shall file any privileged and/or confidential information under seal.

5. During the term of appointment, Mr. Graham shall preserve any records necessary for the Court's review of any orders, reports, or recommendations made during the course of this assignment. All evidence

Mr. Graham considers in preparing his report should be recorded, preserved, and filed with the Court.

6. Mr. Graham shall not communicate *ex parte* with the individual parties. Any documents exchanged between Mr. Graham and the Court shall also be timely served on the parties.

7. Mr. Graham may communicate with the Court *ex parte* on procedural matters.

8. The Court's review of the report and recommendation that Mr. Graham will prepare shall be governed by Federal Rule of Civil Procedure 53(f). Specifically, the parties may file objections to—or a motion to adopt or modify—Mr. Graham's report and recommendation no later than seven (7) days after a copy is served. Such a filing may not exceed 10 pages. The parties may file a response no later than seven (7) days after an objection or motion is filed, which shall also not exceed 10 pages. The moving party may thereafter file a reply brief, no later than five (5) days after a response is filed, that shall not exceed 7 pages.

9. Mr. Graham may use a law clerk or paralegal at his discretion, and Mr. Graham shall keep detailed records of his time and expenses. Mr. Graham shall render detailed monthly bills for all fees and expenses at the rate of $485.00 per hour, which is his normal hourly rate for his services, and such

bills shall be paid promptly as follows: fifty percent (50%) by Ford and fifty percent (50%) by Versata. These monthly bills shall be submitted directly to counsel for the parties who shall take responsibility for prompt payment by their respective clients.

The Court may modify this order, if necessary, after providing notice to the parties and an opportunity to be heard.

**IT IS SO ORDERED.**

Dated: August 23, 2019

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 23, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764