UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.

_____/

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

### ORDER (1) SUSTAINING FORD'S OBJECTIONS (ECF No. 730) TO SPECIAL MASTER'S REPORT AND RECOMMENDATION (ECF No. 725) AND (2) ADOPTING FORD'S PROPOSED CONSTRUCTIONS

In this action, Plaintiff Ford Motor Company and Defendants Versata Software, Inc., Versata Development Group, Inc., and Trilogy, Inc. (collectively, "Versata") dispute whether Ford infringed Versata's software patents and misappropriated Versata's trade secrets. The intellectual property at issue relates to computer software used in vehicle configuration.

On August 23, 2019, the Court referred to Special Master Larry Graham a claim construction dispute relating to two claim limitations in United States Patent Number 7,739,080 (the "'080 Patent"). (*See* Order Appointing Special Master, ECF No. 101; Order Referring Claim Construction Dispute, ECF No. 698.) The Special Master filed a report and recommendation (the "R&R") recommending that the claim limitations did not need further construction on February 11, 2020. (*See* R&R

1

ECF No. 725.) Ford filed timely objections to the R&R on March 5, 2020. (*See* Objections, ECF No. 730.) For the reasons that follow, Ford's objections are **SUSTAINED**.

I

"The '080 [Patent] is entitled 'Consolidation of Product Data Models,'" and it "relates to a method for combining multiple configuration models into a single unified configuration model, with the resulting unified configuration model containing the union of the allowable combinations from each of the models being combined while automatically resolving any such errors." (R&R, ECF No. 725, PageID.53974-53975.) The '080 Patent is thoroughly and accurately described at pages 3-11 of the R&R, and the Court adopts that description for the purposes of this Order. (*See id.*, PageID.53974-53982.)

The two claim limitations at issue are found in Claim 1 of the '080 Patent. Claim 1 "defines a method for consolidating multiple configuration models." (*Id.*, PageID.53975.) It provides as follows:

> 1. A method of using a computer system to consolidate multiple configuration models of a product, the method comprising:
>
> performing with the computer system:
>
> identifying a conflict between at least two of the configuration models, wherein the configuration models are organized in accordance with respective directed acyclic graphs, each configuration model includes at least

2

> one ancestor configuration model family space and a child configuration model family space below the ancestor configuration model family space, a first of the conflicting configuration models comprises an ancestor configuration model family space that is different than an ancestor configuration model family space of a second of the conflicting configuration model, and each child configuration model family space constrains the ancestor configuration model family space above the child in accordance with configuration rules of the configuration model to which the child belongs;
>
> **extending at least one of the ancestor configuration model family spaces** of the conflicting configuration models so that the ancestor configuration model family spaces of the first and second conflicting configuration models represent the same ancestor configuration model family space;
>
> **removing from the child configuration model family space any configuration space extended in the ancestor of the child configuration family space**; and
>
> combining the first and second configuration models into a single, consolidated model that maintains a non-cyclic chain of dependencies among families and features of families for use in answering configuration questions related to the product.

(*Id.*, PageID.53975-53976; emphasis added.)  The "extending" and "removing" claim limitations bolded in the quote above are the two limitations now at issue.

The "extension process" referenced in Claim 1 "is further described in the '080 [P]atent with reference to Figure 8." (*Id.*, PageID.53978.)  Figure 8, with the accompanying language from the '080 Patent, is reproduced below. (*See* ECF No. 710-3, PageID.53181, 53192.)  As reflected below, Figure 8 refers to, among other

3

things, "*adding* space to ENG family and removing space from SER." (*Id.*, PageID.53181; emphasis added.)



Figure 8

FIGS. **8** and **9** depict the model representations used for FIGS. **6** and **7** and the resulting consolidation of the model representations using an embodiment of model consolidation system **700**. For clarity, FIGS. **8** and **9** ignore the effects of the optionalities ('S', 'O', . . . ) of the rules.

There is a conflict between the two models on ENG: MKT1.ENG2 is released in Model **602** but not Model **612**. Referring to block **832**, because the ENG family is above Model **612**'s defining constraint family (SER) in the DAG, we may not adjust the ENG family by intersecting its space with Model **612**'s defining constraint (SER2). Instead, extend the ENG family in Model **612** to be compatible with the release of the ENG family in Model **602**. Referring to block **834**, the extension is compensated for by restricting the SER family so that it is no longer released in the space we extended the ENG family (MKT1.ENG2.*). Referring to block **836**, the result is that the restriction on the SER family interacts with the extension of the ENG family in such a way that the consolidated model **822** does not include unspecified build-able configurations and, thus, faithfully represents the build-able configurations of models **602** and **612**.

II

A

The parties have two disagreements related to the claim limitations "extending at least one of the ancestor configuration model family spaces" and "removing from the child configuration model family space any configuration space extended in the ancestor of the child configuration family space." First, the parties disagree as to whether there is an active claim construction dispute concerning these limitations. Ford says there is an active dispute; Versata says there is not. Second, if and to the extent there is an active dispute, the parties offer different approaches to the limitations. Ford insists that the limitations require construction by the Court, and Ford offers proposed constructions. Versata contends that the limitations need no construction by the Court and that the limitations "are best understood within their plain and ordinary meaning." (Versata Resp., ECF No. 736, PageID.54283.) A table displaying the parties' respective positions is produced below:

| Claim Limitation | Ford's Proposed Construction | Versata's Proposed Construction |
|---|---|---|
| extending at least one of the ancestor configuration model family spaces | Adding configuration information to at least one of the ancestor configuration model family spaces | Plain and ordinary meaning. |

5

| Claim Limitation | Ford's Proposed Construction | Versata's Proposed Construction |
|---|---|---|
| removing from the child configuration model family space any configuration space extended in the ancestor of the child configuration family space | Removing from the child configuration model family space the same configuration information added to at least one of the ancestor configuration model family spaces during the extending step. | Plain and ordinary meaning. |

**B**

The construction of the claim limitations at issue has been debated for several years. That history is described in detail in the R&R. (*See* R&R, ECF No. 725, PageID.53982-53987.)

In brief summary, the dispute related to these claim limitations initially arose in the context of initial claim construction. There were two aspects to the dispute at that time: whether the term "automatically" should be included in the construction and whether the term "adding" should be used instead of "extending." (*See* Versata Resp., ECF No. 736, PageID.54280, quoting 9/13/2016 Hr'g Tr. at 186.) "At that time, Ford contended that 'extending at least one of the ancestor configuration model family spaces' meant 'automatically adding configuration space into the parent family,' while Versata asserted that no construction was necessary." (R&R, ECF No. 725, PageID.53982.) The parties focused primarily on the aspect of the dispute concerning whether to add "automatically" to the construction, but Ford carefully

6

explained its rationale for proposing the word "adding." More specifically, Ford said that it was "concern[ed]" that Versata was "going to say extending is something other than what's shown in Figure 8 somehow, that it's just taking what's in one model and putting into the other model, which is why [Ford] used [the term] adding." (9/13/2016 H'rg Tr. at 207, ECF No. 739-2, PageID.54311.) Versata responded and appeared to agree with Ford that "adding" properly captured the meaning of the limitation:

> No, we're not trying to read anything other than what's disclosed in the patent. It's just the specification refers to it as extending. It says on column 9, 'extend the engine family in model 612,' **so we just wanted to change it to adding.**

(*Id.* at 208, PageID.54312; emphasis added.) It does not appear that the Special Master definitively resolved whether "adding" should be included in the construction of this claim limitation in his report and recommendation on claim construction.

Issues related to the construction of the "extending" and "removing" claim limitations arose again in the context of the parties' summary judgment motions. "In its motion, Ford argued that its accused [] software did not meet the extending and removing limitations [in Claim 1 of the '080 Patent] because [Ford's] software rearranges the order of family levels, but the information in the families remains the

7

same; according to Ford no family space is 'extended' (or, in Ford's words, 'added') and then 'removed' after being extended." (R&R, ECF No. 725, PageID.53984.)

The Court referred the patent portions of the summary judgment motions to the Special Master for a report and recommendation, and he held a hearing on those potions of the motions. As the Special Master accurately noted, during that hearing, Versata "sometimes used 'adding' interchangeably with 'extending.'" (*Id.*, PageID.53986.) Indeed, Versata suggested that "you need to add" in order to meet the "extending" limitation:

> Now you get to the claim language. So the claim language you have the extending, so you're extending to a – to at least one ancestor configuration model family. It can be multiple, you don't have to just – **you are not limited to one space, you can add to more than one, of the conflicting configuration**. So that's the '612. You are going to add to that so that ancestor matches the ancestor of '602. **So you need to add to at least one ancestor configuration model family space**. Okay. **So you can do it to one space in that ancestor, you could add information to all spaces, but as long as you add information to one space, you've satisfied the claim limitation**. And if the software does something in addition to that, that's okay as long as you are adding space – adding information to the model family space, and then you remove from the child configuration, model family space, the corresponding space that was extended. Okay.

(9/13/2018 Hr'g Tr. at 147, ECF No. 710-4, PageID.53346; emphasis added.) "Versata also argued that moving families up or down **adds data** to the ancestor space." (R&R, ECF No. 725, PageID.53986, citing 9/13/2018 Hr'g Tr. at 153-154,

8

ECF No. 710-4, PageID.53352-53353; emphasis added.) As at the claim construction phase of this action, it does not appear that the Special Master definitively resolved on summary judgment whether "adding" should be included in the construction of these limitations.

## C

On July 7, 2019, Ford sent a letter to the Court in which it asserted that there was an active claim construction dispute with respect to both the "extending" and "removing" claim limitations described above. (Ford 7/7/2019 Ltr., ECF No. 677-3.) Ford insisted that the Court needed to "resolve" the claim construction dispute "in advance of trial." (*Id.*, PageID.52124.).) Versata disagreed that there was a live claim-construction dispute. (Versata 7/7/2019 Ltr., ECF No. 677-2.) Versata said that "Ford had its opportunity to present claim construction issues on these terms through the *Markman* process" and that the Special Master "issued recommended constructions on these terms in November 2016." (*Id.*, PageID.52121.) Versata insisted that "[n]othing justifie[d] new claim construction briefing at this late stage of the case." (*Id.*)

The Court referred this dispute to the Special Master for a report and recommendation. (*See* Order, ECF No. 698.) More specifically, the Court referred the following two questions to the Special Master:

> (1) Is there a claim construction dispute between the parties that the Court should resolve at this point in the

9

> proceedings, or do Mr. Graham's previous claim construction and summary judgment recommendations, as adopted (or adopted in part) by the Court already resolve the allegedly-live claim construction dispute described above?; and
>
> (2) What is the proper construction for the "extending" and "removing" limitations of the '080 Patent? The Court asks Mr. Graham to answer this second question no matter how he answers first question.

(*Id.*, PageID.52770.)

The parties submitted briefs on these questions to the Special Master, and he held a telephonic hearing on November 21, 2019. (*See* R&R, ECF No. 725, PageID.53972-73.) He then issued the R&R on February 11, 2020. (*See* R&R, ECF No. 725.) He first determined that "there is no active [claim construction] dispute" with respect to the "extending" and "removing" claim limitations. (*Id.*, PageID.53989.) He concluded that because "this dispute presents an issue which was asserted by Ford during the prior claim construction proceedings but rejected [by him], [it] is therefore a restatement of a previously settled claim construction argument that does not generate an active dispute." (*Id.*)

Next, the Special Master considered "the meaning of [the] extending and removing [limitations]." (*Id.*) He found that if the limitations "are to be given a construction other than [their] plain and ordinary meaning, neither party provide[d] a viable candidate." (*Id.*) He therefore recommended that the limitations "be given

10

their plain and ordinary meaning, with no further construction needed." (*Id.*, PageID.53996.)

### D

Ford filed timely objections to the R&R on March 5, 2020. (*See* Objections, ECF No. 730.) Ford insists that there *is* an active dispute regarding the construction of the "extending" and removing" claim limitations and that the Special Master erred when he left the terms unconstrued and recommended that they be given their "plain and ordinary meaning." (*Id.*, PageID.54050.) Versata opposed Ford's objections (*see* Versata Resp., ECF No. 736), and the Court held a hearing on the objections on June 4, 2020.

### III

The Court greatly appreciates the Special Master's efforts to resolve this dispute. However, it respectfully disagrees with his recommendations and declines to adopt them.

### A

First, there plainly is a dispute between Ford and Versata with respect to how the "extending" and "removing" claim limitations should be construed. Ford says that the Court must construe the limitations, and it has provided the Court a construction of both terms. Versata counters that construction "beyond [the limitations'] plain and ordinary meaning [is] unnecessary, redundant, [] unhelpful

11

…, would not add clarity for the jury, would change the meaning of the claim, and would not be easier to grasp than the plain and ordinary meaning [of the limitations]." (Versata Resp. Br., ECF No. 736, PageID.54283.) Thus, there is clearly a dispute between the parties about (1) whether the "extending" and "removing" claim limitations need to be construed and (2) the construction of those terms.

Second, the Court respectfully rejects the Special Master's conclusion that the "extending" and "removing" claim limitations do not need a construction beyond their plain and ordinary meaning. In the R&R, the Special Master noted that "[t]he word 'extending' suggests making something larger, or expanding its coverage area, and this general usage of 'extending' is 'non-technical and within the ken of an average juror.'" (R&R, ECF No. 725, PageID.53990.) But the use of the term "extending" in the claim limitation is neither "general" nor "non-technical." Instead, as Versata repeatedly acknowledged, the term involves "adding" information, and that is not necessarily synonymous with the "general" understanding of the term "extending" as "expanding" a "coverage area."

Moreover, the need for the Court to construe the "extending" and "removing" claim limitations is underscored by Versata's struggles to supply the "plain and ordinary" meaning that the jury would ascribe to the claims absent a construction by the Court. Versata did not provide such a meaning in its written response to Fords'

12

objections to the R&R. (*See* Versata Resp. Br., ECF No. 736.) Moreover, during the hearing on Ford's objections to the R&R, the Court gave Versata several opportunities to provide the plain and ordinary meaning of the claim limitations, but Versata could not provide a satisfactory definition. Since Versata could not sufficiently provide the plain and ordinary meaning of these limitations, it follows that a jury will not be able to sensibly ascribe such a meaning to the limitations.

Finally, the Court is not persuaded by Versata's reliance on the Federal Circuit's decision in *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1324-25 (Fed. Cir. 2012). In *ActiveVideo*, the parties disputed whether the limitation "superimposing" needed further construction beyond the plain and ordinary meaning of that term. *See id.* The Federal Circuit concluded that it did not. The court held that "[i]t was up to the jury to determine from the evidence presented at trial whether the ActiveVideo system satisfied the plain and ordinary meaning of the 'superimposing' limitations." *Id.* at 1325. But *ActiveVideo* did not contain any detailed analysis concerning how a district court should determine whether a claim limitation requires construction, and the court's conclusion that the term "superimpose" as used in the particular limitation at issue in that case says little, if anything, about whether the "extending" and "removing" limitations here require construction by this Court.

**B**

Having concluded that it is necessary to provide a construction of the two claim limitations at issue, the Court must determine that proper construction. As explained above, Ford has provided specific constructions of each claim limitation while Versata has not. The parties' respective constructions are repeated below:

| **Claim Limitation** | **Ford's Proposed Construction** | **Versata's Proposed Construction** |
|---|---|---|
| extending at least one of the ancestor configuration model family spaces | Adding configuration information to at least one of the ancestor configuration model family spaces | Plain and ordinary meaning. |
| removing from the child configuration model family space any configuration space extended in the ancestor of the child configuration family space | Removing from the child configuration model family space the same configuration information added to at least one of the ancestor configuration model family spaces during the extending step. | Plain and ordinary meaning. |

The Court is persuaded by Ford's proposed constructions for several reasons. First, the constructions are consistent with the specifications included in the '080 Patent itself. As noted above, one of the specifications included in the '080 Patent – Figure 8 included and described above – specifically uses the phrase "adding space." (ECF No. 710-3, PageID.53181.) Where, as here, the claim limitations do not have an "ordinary meaning to a skilled artisan at the time of filing of the patent

14

application … the specification usually supplies the best context for deciphering claim meaning." *Honeywell Intern. Inc. v. Universal Avionics Systems, Inc.*, 488 F.3d 982, 991 (Fed. Cir. 2007). Thus, Figure 8 of the '080 Patent supports Ford construction of these claim limitations that includes the term "adding." *See also Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005) ("[O]ur cases recognize that [a] specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs").

Moreover, as described in detail above and as the Special Master acknowledged, Versata has repeatedly "used 'adding' interchangeably with 'extending.'" (R&R, ECF No. 725, PageID.53986.) While that conduct by Versata certainly does not compel the Court to adopt Ford's proposed constructions, it provides a good indication that even Versata understands that the claim limitations involve "adding," as Ford contends.

Nor is the Court persuaded by the Special Master's reasons for rejecting Ford's proposed construction and adopting Versata's proposal to give the terms their plain and ordinary meaning. The Special Master first concluded that "Ford's proposal does not add clarity for the jury." (R&R, ECF No. 725, PageID.53992.) He asserted that "[t]he word 'extending' is an everyday word" and it is "used in its ordinary sense in the claims." (*Id.*) But for all of the reasons stated above, the Court

15

disagrees. The term "extending" is not used in isolation; it is part of larger claim limitation. And that claim limitation, as a whole, is not an "everyday word" and does not have an "ordinary sense" in which it is used. Put simply, without a defined construction from the Court, the claim limitation has no clarity at all.

The Special Master next concluded that "Ford's proposal is a substitution that may change the meaning of the claim." (*Id.*, PageID.53992.) However, Ford's proposed construction is consistent with the '080 Patent itself – specifically, Figure 8 which expressly refers to "adding space." There is no persuasive evidence in the record that Ford's proposed constructions would change the meaning of the claim limitations.

The Special Master then asserted that "there is no claim construction presently offered for consideration which would settle a claim construction debate." (*Id.*) But the Court's adoption of Ford's proposed construction does settle the debate. The claim limitations at issue will be given Ford's proposed constructions. That settles the debate about whether the Court should construe the claim limitations or whether the limitations should be given their plain and ordinary meaning.

The Special Master next found that "nothing in the intrinsic or extrinsic record supports a particular construction, or requires Ford's proposed construction." (*Id.*, PageID.53993.) But again, the specification included at Figure 8 supports Ford's construction because it uses the phrase "adding space." And, as described in detail

16

above, Versata itself has repeatedly referred to the claim limitations as "adding space" and "adding information." (9/13/2018 Hr'g Tr. at 147, ECF No. 710-4, PageID.53346.)

Finally, the Special Master found that no construction of the claim limitations was necessary beyond their plain and ordinary meaning because "the surrounding claim language provides sufficient clarity." (R&R, ECF No. 725, PageID.53992.) But for all of the reasons stated in this order, the Court believes that the claim limitations, when read as a whole, are not clear, and that construction of the claims is necessary. Indeed, when asked specifically at the hearing on Ford's objections how the claims should be understood in the absence of a construction by the Court, Versata could not provide a satisfactory or persuasive answer. And the Court concludes that Ford's proposed constructions – the only proposed constructions provided by either party – should be adopted.

## IV

For all of the reasons stated above, Ford's objections to the R&R (ECF No. 730) are **SUSTAINED** and Ford's proposed constructions of the claim limitations at issue are **ADOPTED**.

**IT IS SO ORDERED**.

Dated: June 11, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

17

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2020, by electronic means and/or ordinary mail.

                                              <u>s/Holly A. Monda</u>
                                              Case Manager
                                              (810) 341-9764