UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

VERSATA SOFTWARE, INC. *et al.*

    Defendants.

_____/

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

## ORDER ON MOTIONS IN LIMINE (ECF Nos. 820, 833, 834)

On August 4, 2022, the Court held a hearing on the parties' motions *in limine*. For the reasons explained on the record, the motions are resolved as follows.

- Versata's motion *in limine* to exclude evidence and argument about Versata changing its trade secret theory and to prohibit incorrect legal arguments (ECF No. 820) is **DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART**. The motion is **DENIED** to the extent that it seeks to prohibit Ford from arguing that Versata must prove that Ford misappropriated every feature of a combination trade secret. The motion is **TAKEN UNDER ADVISEMENT** to the extent that it seeks to preclude Ford from offering evidence and/or theories or argument about Versata having changed its trade secret theory. As discussed on the record, Ford shall file a supplemental brief on that portion of Versata's motion by no later than **August 19, 2022**. Versata shall file a response to Ford's supplemental brief by no later than **September 2, 2022**. In the supplemental briefs, the parties shall discuss, among other

1

things, how evidence and/or theories or arguments related to Versata's changing trade secret theories is relevant to credibility issues.

- Versata's omnibus motion *in limine* (ECF No. 833) is **GRANTED IN PART, DENIED IN PART, AND TAKEN UNDER ADVISEMENT IN PART** as follows:

    o Versata's motion *in limine* number one to exclude "any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding foreigners, foreign employees, employees with 'unpronounceable names,' 'layoffs,' 'downsizing,' and 'outsourcing,'" is **GRANTED.**

    o Versata's motion *in limine* number two to exclude "[a]ny theories, arguments, causes of action, claims, defenses, or counterclaims, including portions thereof, that were dismissed, abandoned, stricken, or withdrawn from this litigation before trial (including E.D. Tex. Case No. 4:15-cv-00316 and E.D. Mich. Case No. 15-cv-11264), including the fact that any such theories, arguments, claims, defenses, or counterclaims, including portions thereof, were asserted previously but subsequently dismissed, abandoned, or withdrawn" is **GRANTED.** However, as discussed above, the Court reserves ruling on the admissibility of evidence and/or arguments or theories related to Versata having changed its trade secret theory.

2

- Versata's motion *in limine* number three to exclude "any reasoning, analysis, or commentary, including any reference to claim construction positions, evidence, or arguments advocated by the parties, contained in any portion of the Court's Stipulation and Order Regarding Claim Construction and/or the Reports and Recommendations of the Special Master Regarding Claim Construction other than the final constructions of the claim terms adopted by the Court" is **GRANTED**.  Absent further order of the Court, Ford shall not introduce any evidence and/or offer any arguments or theories referenced in this motion *in limine*.  If, at trial, Ford would like to introduce evidence and/or offer any arguments or theories referenced in this motion *in limine*, it must seek and obtain permission to do so at sidebar.

- Versata's motion *in limine* number four to exclude "any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding a comparison of Ford software to prior art" is **GRANTED**.  Absent further order of the Court, Ford shall not introduce any evidence and/or offer any arguments or theories referenced in this motion *in limine*.  If, at trial, Ford would like to introduce evidence and/or offer any arguments or theories referenced in this motion *in limine*, it must seek and obtain permission to do so at sidebar.

- Versata's motion in *limine* number five to exclude "any evidence or argument that Ford implemented any design-arounds or non-infringing alternatives" is **GRANTED**.  Absent further order of the Court, Ford may not offer evidence and/or offer any arguments or theories that it implemented any design-arounds or non-infringing alternatives.  If, at

3

trial, Ford believes that Versata has opened the door on this issue, it may request a conference with the Court at sidebar. In addition, the Ford witnesses who are identified by name in Monty Myers' expert report may testify as to facts that Myers relied upon when opining that a design-around was feasible. (*See* Myers Rpt., ECF No. 844-7, PageID.58063.)

- o Versata's motions *in limine* numbers six, seven, and eight are **TAKEN UNDER ADVISEMENT**;

- o Versata's motion *in limine* number nine to exclude "any argument (and evidence offered in support thereof) that Ford's requirements for Versata's software constitute 'contributions' under Section 7.6 of the MSSA" is **DENIED WITHOUT PREJUDICE**.

- o Versata's motion *in limine* number ten to exclude "any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony that Ford owns Versata's trade secrets because of Ford's payments of more than $30 million to Versata in the late 1990s to develop software that became ACM" is **GRANTED**.

- Ford's omnibus motion *in limine* (ECF No. 834) is **GRANTED IN PART AND DENIED IN PART** as follows:

- Ford's motion *in limine* number one to "exclude evidence and argument regarding alleged 'benefits' Ford received using Versata software" is **DENIED WITHOUT PREJUDICE**. However, at or before trial, Ford may object to any particular document or piece of evidence that Ford believes should be excluded from evidence.

- Ford's motion *in limine* number two to "exclude evidence and argument regarding software development 'cost savings' arising from Dr. Malek's October 2018 Declaration" is **DENIED WITHOUT PREJUDICE**. At trial, Ford may propose a limiting instruction with respect to Dr. Malek's cost-savings testimony.

- Ford's motion *in limine* number three was **WITHDRAWN**.

- Ford's motion *in limine* number four to "preclude lay witnesses from opining that the asserted combinations are 'trade secrets'" is **GRANTED**.

- Ford's motions *in limine* numbers five and six were **RESOLVED** by the parties. The parties shall submit a stipulated order to the Court memorializing that agreement.

- Ford's motion *in limine* number seven to preclude Versata "from asserting that it invested 'well over $500 million' to create ACM and MCA" is **GRANTED IN PART**. Absent further order of the Court, Versata may not elicit testimony and/or offer argument or theories concerning the $500 million investment.

- Ford's motion *in limine* number eight to "exclude extrinsic evidence and argument purporting to interpret MSSA Section 1.7(iii) that does not relate to either formation of the MSSA or relevant party conduct" is **GRANTED IN PART**. Given the Court's prior ruling that Section 1.7(iii) of the MSSA is ambiguous, the parties may ask witnesses about the interpretation of that provision. The parties may raise specific objections to such questions, and the Court will rule on those objections on a question-by-question basis. Absent further order of the Court, the parties may not ask witnesses about the interpretation of any other provision of the MSSA.

- Ford's motion *in limine* number nine was **WITHDRAWN**.

- Ford's motion *in limine* number ten to exclude "evidence and argument that Versata owns the vehicle definition data inside the ACM/MCA software and database" is **GRANTED**.

- Ford's motions *in limine* numbers eleven, twelve, and thirteen were **RESOLVED** by the parties. The parties shall submit a stipulated order to the Court memorializing that agreement.

- Ford's motion *in limine* number fourteen to "exclude evidence and argument regarding hypothetical 'right' vs. 'wrong'" questioning is **GRANTED**.

- Ford's motion *in limine* number fifteen to "exclude evidence and argument regarding superseded damages expert reports" is **GRANTED IN PART**. The only portions of a superseded damages expert report that may be referenced and/or admitted at trial are those portions that

6

were expressly incorporated by reference into an expert's most recent report.

**IT IS SO ORDERED**.

Dated: August 8, 2022

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

7