## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **Ford Motor Company,** | |
| Plaintiff/<br>Counter-Defendant, | **Case No. 15-10628-MFL-EAS**<br>***(consolidated with Case No. 15-cv-11624)*** |
| v. | **Hon. Matthew F. Leitman** |
| **Versata Software, Inc., f/k/a Trilogy Software, Inc., Versata Development Group, Inc. and Trilogy, Inc.,** | **JURY TRIAL DEMANDED** |
| Defendants/<br>Counter-Plaintiffs. | |

## VERSATA'S MOTION TO CERTIFY ORDERS
## FOR INTERLOCUTORY APPEAL AND MEMORANDUM IN SUPPORT

## CONCISE STATEMENT OF ISSUE PRESENTED

Should the Court certify the interlocutory appeal of its orders (1) precluding Versata from recovering unjust enrichment damages and (2) requiring Versata to prove that Ford misappropriated every feature of a combination trade secret to establish liability?

Versata answers:  Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 511 F. App'x 398 (6th Cir. 2013)

*Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002)

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002)

*Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982)

*Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894 (6th Cir. 2004)

*Han v. Hankook Tire Co.*, 799 F. App'x 347 (6th Cir. 2020) (unpublished)

*Law Office of John H. Eggertsen P.C. v. Commissioner of Internal Revenue*, 800 F.3d 758 (6th Cir. 2015)

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)

*New Hampshire v. Maine*, 532 U.S. 742 (2001)

*Vitro Corp. of America v. Hall Chemical Co.*, 292 F.2d 678 (6th Cir. 1961)

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. iv

MOTION ...........................................................................................1

MEMORANDUM IN SUPPORT ..........................................................1

    I.     Introduction ............................................................................1

    II.    Background ..............................................................................3

    III.   Legal Standard......................................................................11

    IV.   Argument..............................................................................12

           A.    The Court should certify both Orders—but if not, the
                Court should still certify the Estoppel Order. ...........................12

           B.    The Court should certify appeal of the Estoppel Order............13

           C.    The Court should certify appeal of the Unjust Enrichment
                Orders. ....................................................................................18

CONCLUSION ..................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re A.P. Liquidating Co.*,
    350 B.R. 752 (E.D. Mich. Sep. 29, 2006)............................................................17

*Abordo v. State of Hawai'i*,
    902 F. Supp. 1220 (D. Haw. 1995).....................................................................14

*Al–Amin v. Smith*,
    No. 6:05-cv-025, Dkt. 102 (S.D. Ga. Jan. 4, 2010).............................................19

*Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*,
    511 F. App'x 398 (6th Cir. 2013) ........................................................................23

*Alvarado v. Cajun Operating Co.*,
    No. 4:04-cv-631, Dkt. 178 (D. Ariz. Dec. 12, 2007)...........................................19

*Bartell v. LTF Club Operations Co., Inc.*,
    2018 WL 8415649 (S.D. Ohio Feb. 9, 2018) ......................................................19

*BladeRoom Grp. Ltd. v. Facebook, Inc.*,
    2018 WL 1611835 (N.D. Cal. Apr. 3, 2018).......................................................24

*In re Brentwood Golf Club L.L.C.*,
    329 B.R. 239 (E.D. Mich. 2005)..........................................................................13

*Browning v. Levy*,
    283 F.3d 761 (6th Cir. 2002) ..............................................................................15

*In re Buccina*,
    657 F. App'x 350 (6th Cir. 2016)........................................................................14

*Cardwell v. Chesapeake & Ohio Ry. Co.*,
    504 F.2d 444 (6th Cir. 1974) ..............................................................................12

*In re City of Memphis*,
    293 F.3d 345 (6th Cir. 2002) ........................................................................12, 13

*In re Coastal Plains, Inc.*,
    179 F.3d 197 (5th Cir. 1999) ..............................................................................14

iv

*Eagan v. CSX Transp., Inc.*,
 294 F. Supp. 2d 911 (E.D. Mich. 2003) ........................................12, 13

*Edwards v. Aetna Life Ins. Co.*,
 690 F.2d 595 (6th Cir. 1982) ...............................................................10

*Egry Reg. Co. v. Standard Reg. Co.*,
 23 F.2d 438 (6th Cir. 1928) ................................................................21

*Est. of Amaro v. City of Oakland*,
 2010 WL 669240 (N.D. Cal. Feb. 23, 2010), *aff'd*, 653 F.3d 808
 (9th Cir. 2011).....................................................................................14

*Eubanks v. CBSK Fin. Grp., Inc.*,
 385 F.3d 894 (6th Cir. 2004) ...........................................................9, 10

*Giddes v. Glens Falls Ins. Co.*,
 2003 WL 23486911 (M.D. Fla. Aug. 5, 2003)....................................12

*Gilmore v. Stalder*,
 2008 WL 4155332 (W.D. La. Sept. 8, 2008) .......................................14

*Han v. Hankook Tire Co.*,
 799 F. App'x 347 (6th Cir. 2020) (unpublished)....................11, 15, 16

*Hart v. State Farm Fire & Cas. Co.*,
 2021 WL 5758894 (E.D. Mich. Dec. 3, 2021) .....................................12

*Heitmanis v. Rayes*,
 2013 WL 5719240 (E.D. Mich. Oct. 17, 2013)....................................13

*Int'l Union, United Auto., Aerospace & Agr. Implement Workers of
 Am. v. Midland Steel Prod. Co.*,
 771 F. Supp. 860 (N.D. Ohio 1991) ....................................................13

*Keystone Transportation Sols., LLC v. Nw. Hardwoods, Inc.*,
 2019 WL 1770162 (W.D. Va. Apr. 22, 2019)......................................24

*Law Office of John H. Eggertsen P.C. v. Commissioner of Internal
 Revenue*,
 800 F.3d 758 (6th Cir. 2015) ..............................................10, 15, 16

*Longaberger Co. v. Kolt*,
   586 F.3d 459 (6th Cir. 2009) ................................................................. 9

*In re LTF Club Operations Co., Inc.*,
   2018 WL 8454318 (6th Cir. May 18, 2018) ..................................... 17

*Mangren Rsch. & Dev. Corp. v. Nat'l Chem. Co.*,
   87 F.3d 937 (7th Cir. 1996) ................................................................. 9

*McKinstry v. Sergent*,
   2012 WL 3731304 (E.D. Ky. Aug. 28, 2012) ................................... 12

*In re Miedzianowski*,
   735 F.3d 383 (6th Cir. 2013) ................................................ 15, 20, 24

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
   794 F. App'x 951 (Fed. Cir. 2020) ............................................... 19, 25

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ............................................................................ 10

*Newsome v. Young Supply Co.*,
   873 F. Supp. 2d 872 (E.D. Mich. 2012) ........................................... 13

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   399 F. Supp. 2d 1064 (N.D. Cal. 2005) ........................................... 24

*In re Project Veritas*,
   2019 WL 4667711 (6th Cir. Aug. 16, 2019) ..................................... 17

*Rothstein v. GMAC Mortg., LLC*,
   2014 WL 1329132 (S.D.N.Y. Apr. 3, 2014) ..................................... 12

*Russo v. Ballard Med. Prod.*,
   550 F.3d 1004 (10th Cir. 2008) ................................................... 22, 23

*Scozzari v. City of Clare*,
   2013 WL 11319386 (E.D. Mich. Feb. 25, 2013) .............................. 17

*Vitro Corp. of America v. Hall Chemical Co.*,
   292 F.2d 678 (6th Cir. 1961) .............................................. 20, 21, 25

*Yoshimoto v. O'Reilly Auto., Inc.*,
   2011 WL 2669604 (N.D. Cal. July 7, 2011) ......................................................14

**Statutes**

18 U.S.C. § 1836(b)(3).............................................................................3, 19, 21

28 U.S.C. § 1292(b) ......................................................................................*passim*

Mich. Comp. Laws § 445.1904..........................................................................4, 19

Utah Code Ann. § 13–24–4(1) .............................................................................22

**Other Authorities**

Fed. R. App. P. 5(a)(3) .......................................................................................12, 13

Restatement (Third) of Unfair Competition § 45 ..............................................22, 24

Wright & Miller, Federal Practice and Procedure § 4477.3 .............................10, 11

## MOTION

Versata moves the Court under 28 U.S.C. § 1292(b) for an order certifying for immediate appeal the orders that (1) denied Versata's motion to prohibit Ford from arguing that Versata must prove misappropriation of every feature of a combination trade secret to establish liability (the "Estoppel Order") (Dkt. 866), and (2) limited Versata to a reasonable royalty model of damages that is based upon the parties' relevant business history (the "Unjust Enrichment Orders") (Dkts. 507 & 724[1]). These Orders involved controlling questions of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from the Orders may materially advance the ultimate termination of the litigation.   Given the fast-approaching trial, Versata requests that the Court set an expedited briefing schedule and order the filing of any response by September 1, 2022, and any reply by September 8, 2022.  Versata further requests that if the Court grants the motion, trial in this matter should be stayed.

## MEMORANDUM IN SUPPORT

### I.    Introduction

This case has involved many vigorously contested issues.  Two in particular have resulted in orders that are fitting for immediate appeal: the order imposing on

---

[1] Dkt. 724 was the court's order denying reconsideration of Dkt. 507.

Versata a higher burden to establish liability at trial than the law requires, and the orders denying Versata an opportunity to recover unjust enrichment damages.

Both orders should be considered because one was a natural outgrowth of the other. When the Court took unjust enrichment damages off the table, Versata was left with a reasonable royalty damages model and was told to apportion it. Versata complied: it apportioned damages among the four combination trade secrets that everybody was aware of. Ford had previously acknowledged that Versata had "just four 'Remaining Trade Secrets'" (Dkt. 347), and the Court's order acknowledged "the three trade secrets that come from the ACM software"—a statement consistent only with Versata's four-trade-secret theory (Dkt. 507 at 34). But the Court excluded Versata's apportionment because it did not apportion among the "twenty-something" individual trade secrets the Court said Versata was pursuing.

Versata filed a motion for reconsideration and argued that it could recover unjust enrichment damages because they are the preferred measure of damages in a trade secrets case. While arguing for the readmission of Versata's apportionment declaration, Versata's counsel made good-faith misstatements of law on the standard for establishing liability for trade secret misappropriation (an issue not briefed or scheduled for argument). Versata's counsel stated that liability requires a showing that Ford misappropriated every feature of the trade secret. That was not correct.

The Court accepted Versata's apportionment argument based on Ford's agreement to the four-combination-trade-secret theory, but it again rejected Versata's unjust enrichment argument.  Later, Versata corrected its misstatement and sought to clarify that its burden at trial would be to show misappropriation of a "substantial portion" of a trade secret.  The Court did not dispute the law, but it denied the motion on the basis that Versata was bound to the wrong standard.

Trial is now approaching—but with the incorrect standard of proof and incorrectly limited damages.  Guidance from the appellate court is needed to avoid multiple trials, and it is appropriate because both issues are controlling questions of law; on both of them, there is a substantial ground for difference of opinion; and a speedy resolution would advance the termination of this long-running litigation.  The Court should certify the orders for immediate appeal.

## II.   Background

In August 2017, Versata's damages expert Craig Elson served his opening damages report.   He used an unjust enrichment model for trade secret misappropriation damages, as permitted under the Defend Trade Secrets Act ("DTSA") and the Michigan Uniform Trade Secrets Act ("MUTSA").  18 U.S.C. § 1836(b)(3)(B) (a court may award "damages for actual loss" and "damages for any unjust enrichment [or], in lieu of damages measured by any other methods, the

damages caused by the misappropriation measured by imposition of liability for a reasonable royalty"); Mich. Comp. Laws § 445.1904 (substantively identical).

In July 2018, the Court excluded Elson's unjust enrichment model because it was "not an appropriate fit for this case." Dkt. 507 at 22. The Court determined that *any* unjust enrichment damages would be "far more than the fair price [Versata] deemed Ford should pay in exchange for the software's benefits" as reflected in the parties' prior licensing agreements. *Id.* at 23. "In order to avoid such a windfall," the Court determined that "Versata's trade secret damages in this case must be measured with reference to the parties' licensing history." *Id.* at 24. The Court also faulted Elson for not apportioning damages "on a trade-secret-by-trade-secret basis" while also referencing "the three trade secrets that come from the ACM software," suggesting that Versata's four-trade-secret theory was understood. *Id.* at 31, 34.

After leave was granted to file supplemental expert reports, on October 9, 2018, Elson served a new report that relied on an apportionment declaration by former Versata software developer Seth Krauss. Ford moved to exclude Krauss's declaration and the experts who relied on it (*e.g.*, Dkt. 568), and the Court held a hearing on Ford's four pending *Daubert* motions on June 10, 2019. Dkt. 667, 6/10/2019 Hr'g Tr. at 5. Ford argued that Krauss's declaration should be excluded because he did not apportion between the many individual trade secrets asserted in the case. Versata responded that it was only alleging four combination trade secrets,

each made up of several features or elements, and that because Krauss apportioned between those four trade secrets, his apportionment was sufficient.

At the hearing, the Court asked Versata's counsel whether Ford could be liable only if it misappropriates every "component" of a trade secret. Dkt. 667 at 65–66. This issue was not briefed, and there was no indication that the standard to establish liability would be decided or even discussed at the hearing. Versata's counsel responded, "[t]he answer to that, I will be very blunt, is yes. The answer is yes." *Id.* at 66. Versata's counsel further stated, "that's the way trade secret law works," and "absent some other doctrine of law that would save us," without establishing misappropriation of every feature, "[w]e don't have damages." *Id.* at 67, 73.

In July 2019, the Court excluded Krauss's apportionment declaration and the supplemental damages report that relied on it. Dkt. 678. The Court reasoned that "Krauss apportioned among only four trade secret 'buckets'" instead of "all of the trade secrets at issue," and separately, that Krauss's methodology was unreliable under *Daubert*. *Id.* at 20–21.

On September 6, 2019, Versata moved for reconsideration of the Court's orders regarding unjust enrichment, apportionment, and the exclusion of Krauss's declaration and Versata's experts. Dkt. 709. As to unjust enrichment, Versata argued that the Court erred in concluding "that contractually agreed-upon fees (where they exist) are the sole way to measure damages in a case like this, which

involved permanently misappropriating trade secrets," and in assuming that only injunctive relief would be available to compensate Versata for future injuries. *Id.* at 6. Versata also argued that it "is entitled to assert four combination trade secrets at trial, and the Court erred in excluding Krauss for not apportioning among 'twenty-plus' trade secrets" and under *Daubert*. *Id.* at 15, 20.

On December 11, 2019, the Court heard argument on Versata's reconsideration motion. Dkt. 723. Versata's counsel argued that the Court erred in excluding unjust enrichment damages because when someone misappropriates another's property and benefits from that theft, "unjust enrichment law basically says that you should not be limited to what they call the rental value or the purchase price. . . . You should be able to actually recover the entire benefit" because "that discourages the wrongdoer." *Id.* at 20. So in "a trade secret case, if you have a wrongdoer that's got a license agreement and says, you know what, I'm going to go ahead and steal the property and use it in my own machine. I'm going to steal it. And if I get caught, nothing is going to happen. All I have to do is pay back the rental value, the license amount." *Id.* at 20–21.

The Court asked about the timeliness of Versata's motion. Versata's counsel responded that after the Court's 2018 *Daubert* order, Versata felt constrained to offer an apportioned damages opinion, and unjust enrichment was not well-suited for apportionment. So "[w]e did what you told us to do and we went ahead and tried

find another approach that uses apportionment and reasonable royalty and we went through that whole process," and then *that* motion was denied.  *Id.* at 24–25. Reconsideration of both orders was appropriate because "we need to get before you the totality of these *Daubert* rulings so that you at least understand in its entirety what has happened. . . .  [A]s an advocate, I want to present all of it to you.  You can see it in its entirety."  *Id.* at 24–25.

Later, as Versata's counsel argued for the readmission of Krauss's apportionment declaration, Ford's counsel agreed to accept that Versata is pursuing a four-combination-trade-secret theory:  "[I]f they want four and they are wedded to four and they can never have anything but four and they are combinations and they have to all have all the parts of the combination to have a trade secret . . . okay, if that's their position, we can accept that."  *Id.* at 75.  Ford reiterated later in the hearing that if Versata's "position is that there are only four trade secrets,  . . . that all those pieces are present and . . . if any one of them is missing, then the trade secret doesn't exist, if that's their position, then we accept that."  *Id.* at 81.

Ultimately, the Court denied in part and granted in part Versata's reconsideration motion.  Dkt. 724.  The Court declined to reinstate Versata's unjust enrichment damages theory because it considered Versata's motion to reconsider untimely and because "a royalty model of damages is appropriate where, as here, there is a reasonable basis to determine the value that the parties would have placed

upon the misappropriated trade secrets." *Id.* at 16–17. The Court did not cite any authority stating that unjust enrichment damages are unavailable, as a matter of law, where prior license agreements existed between the parties. The Court granted the portion that sought readmission of Krauss's apportionment declaration damages experts because "[a]t the hearing on Versata's motion for reconsideration, Ford conceded that it would not object to Versata pursuing the theory that Ford misappropriated only four trade secrets." *Id.* at 34. The Court further concluded that Krauss's apportionment analysis was sufficiently reliable under *Daubert*.

Afterwards, Ford moved to compel Versata to identify the precise features of Versata's (now accepted) four combination trade secrets. At the hearing, Versata's counsel stated that he "want[ed] to flag for the Court" that under the law, Versata's "standard of proof upon the misappropriation side is substantial misappropriation." Dkt. 789 at 36. The Court responded, "this is not something I need to decide today, right? … [Y]ou're just noting for the record your disagreement with Ford and preserving your opportunity to make whatever arguments you want to make, right?" *Id.* Versata's counsel agreed. Ford objected that "this is the beginning of the undoing of everything that we've redone. . . . You asked [Versata's counsel] . . . trial that if one element is missing, then there is no liability. And he said, yes, we've talked to our client about the risk, we accept the risk, and it was on that record that you reinstated the prior exclusion of all their damages experts because now they are

in this four combination theory. . . .  We relied on that."  *Id.* at 36–37.  But Ford

agreed that the Court did not "need to resolve it today."  *Id.* at 37.

 After the hearing, the Court entered an order identifying each combination

trade secret and its features.  Dkt. 786.  The Court did not resolve the still-unbriefed

question of what is required to show misappropriation of a combination trade secret.

 The question was briefed in May 2022, when Versata moved *in limine* to

preclude Ford from arguing at trial that liability for misappropriation of a

combination trade secret requires Versata to show that Ford misappropriated every

feature of the combination.  Dkt. 820.  Versata cited dozens of cases and authorities

reflecting settled law: "to find the defendants misappropriated one of the [plaintiff's]

trade secrets, you do not have to find the defendants copied or used every element

of the trade secret."  *Mangren Rsch. & Dev. Corp. v. Nat'l Chem. Co.*, 87 F.3d 937,

944 (7th Cir. 1996).  Ford responded that Versata was wrong on the law and that,

even if Versata was correct, it should be bound to its prior incorrect statements under

"[p]rinciples of judicial estoppel, reasonable reliance, unfair prejudice, and

fundamental fairness."  Dkt. 837 at 2.  Ford discussed only judicial estoppel in any

depth.  *Id.* at 15.  Versata replied that "[j]udicial estoppel does not apply to a legal

misstatement" and should not apply where Versata made good-faith efforts to advise

the court of its own unintentional misstatement.  Dkt. 842 at 7 (citing *Longaberger*

*Co. v. Kolt*, 586 F.3d 459, 470 (6th Cir. 2009); *Eubanks v. CBSK Fin. Grp., Inc.*, 385

F.3d 894, 897 (6th Cir. 2004); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)).  Versata also argued that no case permits a court to "apply the law improperly" based on *any* estoppel doctrine.  *Id.* at 8.

At the August 4, 2022 hearing on motions *in limine*, the Court stated that it was "going to deny Versata's motion" and will "permit Ford to argue that Versata must show that Ford misappropriated every feature of a combination trade secret in order to establish liability."  Dkt. 867, 8/4/2022 Hr'g Tr. at 52.  The Court agreed with Versata "that substantial use does seem to be the standard.  So I don't think you really have to fight me on that."  *Id.* at 36.  But the Court decided that "the doctrine[s] of judicial estoppel and equitable estoppel" make it "appropriate to permit Ford to argue" the admittedly incorrect standard of proof at trial.  *Id.* at 57.

The Court did not discuss equitable estoppel specifically.  With respect to judicial estoppel, the Court principally relied on the factors expressed in *New Hampshire v. Maine*, 532 U.S. 742 (2001).  Dkt. 867 at 57–58.  The Court agreed that "there's authority" for Versata's argument that "the doctrine of judicial estoppel doesn't apply to legal questions."  *Id.* at 58–59 (citing *Law Office of John H. Eggertsen P.C. v. Comm'r of Internal Revenue*, 800 F.3d 758, 766 (6th Cir. 2015) ("Judicial estoppel also does not usually apply to shifting legal arguments; it typically applies to shifting factual arguments.")).  But the Court rejected that argument based on select portions of Wright & Miller, Federal Practice and

Procedure § 4477.3, and *Han v. Hankook Tire Co.*, 799 F. App'x 347, 349–50 (6th Cir. 2020) (unpublished).  Dkt. 867 at 59.

Finally, the Court stated that its "second basis" to deny Versata's motion, "independent of judicial estoppel or equitable estoppel," was that "Versata has acknowledged . . . that its damages theory is tied to the all-or-nothing theory" of liability.  *Id.* at 59.  The Court quoted counsel's previous agreement with the Court's statement, "[d]on't I have to instruct the jury in order to line up with Versata's only damages theory that there had to be misappropriation of every element?"  *Id.* at 60. It is not clear how this is a conclusion "independent" of estoppel.

After the Court read its verbal order, it told Versata's counsel:  "I don't mean to suggest this is an easy issue.  Your arguments are serious on this point. . . .  And if this ever goes up to a Court of Appeals, you would have real serious points to make."  *Id.* at 62.

The Court entered its written order on August 8, 2022, and incorporated the reasons expressed on the record.  Dkt. 866.

### III.   Legal Standard

Under 28 U.S.C. § 1292(b), this Court may certify the appeal of an otherwise unappealable order if it finds that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the

ultimate termination of the litigation."  *In re City of Memphis*, 293 F.3d 345, 350

(6th Cir. 2002) (citing 28 U.S.C. § 1292(b); *Cardwell v. Chesapeake & Ohio Ry.

Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).  "[A] party wishing to file an interlocutory

appeal may move the district court to amend its written decision and certify the

appeal."  *Hart v. State Farm Fire & Cas. Co.*, 2021 WL 5758894, at *1 (E.D. Mich.

Dec. 3, 2021) (citing Fed. R. App. P. 5(a)(3)).

IV.   **Argument**

A.   **The Court should certify both Orders—but if not, the Court
should still certify the Estoppel Order.**

The Court should certify both the Estoppel Order and the Unjust Enrichment

Orders.  The Estoppel Order was entered on August 8, 2022—just ten days ago.  *See

Rothstein v. GMAC Mortg., LLC*, 2014 WL 1329132, at *3 (S.D.N.Y. Apr. 3, 2014)

(finding no "cases in which a motion for certification of an interlocutory appeal was

denied as untimely when filed less than two months after the order sought to be

appealed").

The Unjust Enrichment Orders are older, but Section 1292(b) does not impose

a deadline for a party to request certification from a district court.  *McKinstry v.

Sergent*, 2012 WL 3731304, at *3 (E.D. Ky. Aug. 28, 2012); *Giddes v. Glens Falls

Ins. Co.*, 2003 WL 23486911, at *1 (M.D. Fla. Aug. 5, 2003).  And the Sixth Circuit

has not established one, so courts generally "examine whether the motion was filed

within a reasonable time."  *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 914

(E.D. Mich. 2003). At any rate, the Court can amend and certify its orders "at any point in time," *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Midland Steel Prod. Co.*, 771 F. Supp. 860, 861 (N.D. Ohio 1991), "either on its own or in response to a party's motion," Fed. R. App. P. 5(a)(3).

Even if the Court declines to certify the Unjust Enrichment Orders, however, it should nevertheless certify the Estoppel Order for immediate appeal.

### B.  The Court should certify appeal of the Estoppel Order.

#### 1.  The Estoppel Order involves a controlling question of law.

"The Sixth Circuit has . . . set a low bar for a determination that a question of law is 'controlling' in the context of a motion for certification under § 1292(b). 'All that must be shown in order for a question to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.'" *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875–76 (E.D. Mich. 2012) (citing *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003)); *see also In re City of Memphis*, 293 F.3d at 351. "A controlling question of law may regard 'an order transferring or refusing to transfer an action, a stay of the action pending the appeal, the right to a jury trial, disqualification of counsel, or even discovery.'" *Heitmanis v. Rayes*, 2013 WL 5719240 (E.D. Mich. Oct. 17, 2013) (quoting *In re Brentwood Golf Club L.L.C.*, 329 B.R. 239, 242 (E.D. Mich. 2005)).

The Estoppel Order plainly involves a controlling question of law.  Courts have found that orders on judicial and equitable estoppel can involve controlling questions of law.  *See Yoshimoto v. O'Reilly Auto., Inc.*, 2011 WL 2669604, at *5 (N.D. Cal. July 7, 2011) (certifying order rejecting judicial estoppel); *Est. of Amaro v. City of Oakland*, 2010 WL 669240, at *15 (N.D. Cal. Feb. 23, 2010), *aff'd*, 653 F.3d 808 (9th Cir. 2011) (same); *cf. In re Coastal Plains, Inc.*, 179 F.3d 197, 204 (5th Cir. 1999) ("Most unfortunately, Browning did *not* seek certification from the district court that, pursuant to 28 U.S.C. § 1292(b), the judicial estoppel ruling 'involve[d] a controlling question of law'").

Consider the effect of the Estoppel Order: it holds Versata to a higher burden of proof than the law requires.  Few things "materially affect the outcome of the litigation" more than the burden the party carries in proving its case to a jury.  *See In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016) (which party bears a burden of proof is a controlling question of law); *Abordo v. State of Hawai'i*, 902 F. Supp. 1220, 1234 (D. Haw. 1995) (court's order holding a law to be constitutional involved a controlling question of law because it affected the standard of proof); *Gilmore v. Stalder*, 2008 WL 4155332, at *3 (W.D. La. Sept. 8, 2008) (the "standard of proof" of an affirmative defense is a controlling question of law under 28 U.S.C. § 1292(b)).

14

### 2. A substantial ground for difference of opinion exists regarding the correctness of the decision.

In the Sixth Circuit, there are substantial grounds for differences of opinion "when (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). The question whether estoppel can apply to a party's good-faith, inadvertent misstatement of pure law is novel in this circuit, where there is little on-point authority.

Although the Sixth Circuit has made clear that "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence," *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002), that court has not opined on whether any estoppel doctrine can apply to misstatements of pure law. The most the court has said is that judicial estoppel "does not *usually* apply to shifting legal arguments; it *typically* applies to shifting factual arguments." *Law Office of John H. Eggertsen P.C.*, 800 F.3d at 766 (emphases added). But there is wiggle room in those words, and the court has not provided guidance on when to depart from this general rule.

Making the point is a recent Sixth Circuit case, *Han*, 799 F. App'x 347. There, the plaintiff first argued that a company she owned was, as a matter of law, an

"indispensable party" because it was "essential to the contract claim and continued to exist . . . even though it was already dormant business wise." *Id.* at 349.  In a subsequent lawsuit, filed individually and without the company, the plaintiff argued that the same company was "dispensable" because it was "defunct," even though almost nothing had changed since the prior lawsuit.  *Id.*  Though this was technically a "shifting legal argument" about whether a party was dispensable or indispensable, the Sixth Circuit applied judicial estoppel to hold the plaintiff to her prior position, without ever acknowledging the principle that judicial estoppel "typically applies to shifting factual arguments," not legal arguments.  *Law Office of John H. Eggertsen P.C.*, 800 F.3d at 766.

Sixth Circuit precedent thus raises the question: under what circumstances should a court depart from the general rule?  In particular, the court has not stated whether any doctrine of estoppel can ever apply to inadvertent misstatements of pure law.  These questions remain unanswered, and this Court acknowledged as much when it agreed that "there is support" for Versata's position (citing a Sixth Circuit case) but then rejected it anyway (citing another Sixth Circuit case).  Indeed, the Court acknowledged that "if this ever goes up to a Court of Appeals," these are "real serious points."  Dkt. 867 at 62.

As explained in Versata's motion for reconsideration, filed simultaneously herewith, Versata believes this Court got the answer wrong.  But if the Court denies

that motion, then it must be the case that this is a "legal question[] on which opinions can differ." *In re LTF Club Operations Co., Inc.*, 2018 WL 8454318, at *1 (6th Cir. May 18, 2018) (granting interlocutory review). The Sixth Circuit appears to have differed with itself—or at least has not provided lower courts with the guidance they need in the circumstances like those here.

### 3. An immediate appeal may materially advance the ultimate termination of the litigation.

This factor considers whether "the litigation will be conducted in substantially the same manner regardless of the decision on appeal." *In re Project Veritas*, 2019 WL 4667711 (6th Cir. Aug. 16, 2019). If so, "an appeal will not materially advance the termination of the case." *Id.* "Further, an interlocutory appeal will materially advance the litigation if it will save substantial judicial resources and litigant expense," *Scozzari v. City of Clare*, 2013 WL 11319386 (E.D. Mich. Feb. 25, 2013), or if it would avoid a trial that may be overturned on appeal, *In re A.P. Liquidating Co.*, 350 B.R. 752 (E.D. Mich. Sep. 29, 2006).

Here, the outcome of an interlocutory appeal would directly affect the way in which a trial is conducted. As things currently stand, Versata carries a higher burden of proof than the one established by the law; to have any shot at damages for trade secret misappropriation, Versata must convince the jury that Ford misappropriated *every* feature of a combination trade secret. Presumably, the Court intends to instruct the jurors as such. Ford, in turn, will focus its efforts at trial pointing out discrete

features that it says it did not misappropriate.  But if the Sixth Circuit reverses this Court's order, trial will proceed very differently. Versata's burden will be to show that Ford misappropriated a substantial portion of a combination trade secret; the jury will be instructed accordingly; and Ford's defense will likely shift to showing that it did not misappropriate a substantial portion of the combination.  And that is all separate from the issue of what the jury can award if it concludes that a substantial portion (but something less than the whole) of a trade secret was misappropriated.

Moreover, if Versata is forced to bear a higher burden of proof at trial than the law requires based on a flawed application of estoppel, that trial may be overturned on appeal.  It certainly *will* be appealed.  It would therefore conserve the parties' and the Court's resources to appeal this issue immediately so that trial will be held on more solid footing.

## C.    The Court should certify appeal of the Unjust Enrichment Orders.

Additionally, the Court should certify the Unjust Enrichment Orders so that Versata may pursue the remedies that the law expressly makes available (specifically, unjust enrichment) in the event that a jury finds that Ford misappropriated Versata's valuable trade secrets.  This is especially true given the unique circumstances here, where the parties (and the Court) may hold a trial on liability and royalty damages only to then be required to hold another trial on unjust

enrichment damages.  *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 794 F. App'x 951, 953 (Fed. Cir. 2020).  An immediate appeal is warranted.

### 1. The Unjust Enrichment Orders involve a controlling question of law.

The availability or exclusion of a specific statutory remedy is a controlling question of law.  *See, e.g.*, *Al–Amin v. Smith*, No. 6:05-cv-025, Dkt. 102 at 5 (S.D. Ga. Jan. 4, 2010) (certifying question whether a prisoner can obtain punitive damages under federal statute in certain circumstances because the decision on appeal "affects the course of the litigation in this case"); *Alvarado v. Cajun Operating Co.*, No. 4:04-cv-631, Dkt. 178 at 2 (D. Ariz. Dec. 12, 2007) (granting certification because "whether compensatory and punitive damages are available in an ADA retaliation claim could materially affect the outcome of the litigation").

Both the DTSA and MUTSA expressly allow for recovery of unjust enrichment damages.  18 U.S.C. § 1836(b)(3)(B); Mich. Comp. Laws § 445.1904. But the Court determined that unjust enrichment damages are not available to Versata in this case.  The answer to the unjust enrichment question—whether this Court was correct or incorrect—will determine whether Versata can obtain an entire category of damages and, thus, whether "the amount of damages at issue . . . will be significantly narrowed" or expanded.  *Bartell v. LTF Club Operations Co., Inc.*, 2018 WL 8415649, at *9 (S.D. Ohio Feb. 9, 2018) (certifying question "whether the damages sought here are actual or statutory").  That is a controlling question of law.

### 2.     A substantial ground for difference of opinion exists regarding the correctness of the decision.

A substantial ground for difference of opinion exists as to the correctness of the Court's decision prohibiting Versata from seeking unjust enrichment damages as a remedy for Ford's misappropriation of Versata's trade secrets.  Sixth Circuit law on this issue arguably undermines the Court's decision; at best, it is unclear; and to the extent this Court was correct in its interpretation of it, that interpretation squarely conflicts with cases from other courts and other authority.  *In re Miedzianowski*, 735 F.3d at 384 (there is a substantial ground for difference of opinion when "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions" or "the circuits are split on the question.").

Here, the Court artificially limited Versata's potential recovery to reasonable royalties.  The Court concluded that where a manufacturer has entered into license agreements with a software company (which is not a competitor), and the manufacturer then misappropriates the trade secrets in the software it licensed, the proper method of damages must be determined by reference to the amount that the manufacturer was already paying under the contracts.  That is not the law, and the Court relied on a misinterpretation of Sixth Circuit precedent to support its decision.

The Court cited *Vitro Corp. of America v. Hall Chemical Co.*, 292 F.2d 678, 683 (6th Cir. 1961), for the proposition that prior licensing agreements are "the best

evidence" of damages.  Dkt. 724 at 18.  But *Vitro Corp.* in fact stated that "if the actual value [of the trade secrets] can be ascertained by a reasonable apportionment of profits and damages, that course should be pursued."  *Id.*  The court determined that "established royalties" are "the best evidence" in that case only *after* ruling out several other methods of computing damages, including "[l]ost sales,' 'lost profits,' and 'standard of comparison'"—it did not rule out those other methods of calculating damages *because* there were "established royalties."  *Id.* at 681.  In addition, in *Vitro Corp.*, the court had already issued an injunction, so future harm was not in play (unlike here).  That case is thus inapposite because royalty damages insufficiently compensate for permanent misappropriation of trade secrets that lasts into the future.

In short, the *sixty-year-old Vitro* case did not announce a sweeping rule of law that precludes a plaintiff like Versata from recovering damages based on "actual loss" and "unjust enrichment," which are expressly permitted under a *six-year-old* statute.  18 U.S.C. § 1836(b)(3)(B).

Reasonable royalties serve as an alternative measure of damages where a plaintiff cannot show with reasonable certainty that the misappropriated trade secrets led to the defendant's unlawful gains.  *See, e.g.*, *Vitro Corp*, 292 F.2d at 683; *Egry Reg. Co. v. Standard Reg. Co.*, 23 F.2d 438, 442 (6th Cir. 1928) (concluding that "the entire profits should not have been awarded" because the plaintiff failed to show

how they were linked to the infringed patents and remanding case "to determine plaintiff's damages upon the basis of a reasonable royalty").

So Sixth Circuit precedent does not support this Court's rule (or is at least ambiguous about where it stands). And other authorities show that such a rule would make little sense. It would permit plaintiffs whose trade secrets are misappropriated by a trusted business partner to recover only their rental value. That would do little to deter unscrupulous defendants: "Since the imposition of a reasonable royalty requires the defendant to pay only the amount it would have paid had it fairly bargained for use of the plaintiff's secret, it may not adequately discourage the appropriation of trade secrets."   Restatement (Third) of Unfair Competition § 45, cmt. g.  That is why Congress expressly permitted recovery for unjust enrichment in the DTSA.  *Cf. Russo v. Ballard Med. Prod.*, 550 F.3d 1004, 1020 (10th Cir. 2008) (Gorsuch, J.) (Unjust enrichment is appropriate even where the defendant is not the plaintiff's competitor because under Utah law, "a plaintiff has the express choice of seeking unjust enrichment damages to remedy trade secret misappropriation . . . . Apparently, it was the Utah legislature's desire to ensure that misappropriators are not allowed to keep ill-gotten gains from their unlawful acts of misappropriation.").[2]

---

[2] Utah law also permits a plaintiff to recover exemplary damages for "willful and malicious misappropriation."  Utah Code Ann. § 13–24–4(1).  So this Court's conclusion that the availability of exemplary damages under the DTSA "is sufficient to deter willful theft" provides no basis to distinguish *Russo*.  Dkt. 724 at 27.

And that is presumably why the Sixth Circuit appears to have *endorsed* unjust enrichment damages, and far more recently than *Vitro Corp.*'s ostensible endorsement of reasonable royalty damages. *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 511 F. App'x 398 (6th Cir. 2013).

Further, the Court based its decision on concerns that Versata would receive an undeserved "windfall" if it could recover for Ford's unjust enrichment. Dkt. 507 at 24. But "a misappropriation claim involves an allegation of theft, and it is not unknown to require a thief to return not only what was stolen, but any additional consequential profits he or she reaped as a result of his or her wrongful actions." *Russo*, 550 F.3d at 1021. Thus, "[w]hile it is true that [an] unjust enrichment award [would] put [Versata] in a much better position than" it would have been under the prior licenses, Ford, "as the party that acted wrongfully, must assume the risk it took by misappropriating rather than licensing [Versata's] secret[s]." *Id.*

Rather than rule out unjust enrichment damages, authorities explain that the "better rule" is to permit a plaintiff to argue for multiple damages methods so long as there is no "double recovery":

> Although a few cases have required the plaintiff to elect between compensatory damages and restitution, others permit the plaintiff to pursue both measures provided that there is no double recovery. … The better rule permits the plaintiff to prove either or both measures since in many circumstances the loss to the plaintiff and the gain to the defendant do not fully overlap. Both compensatory and restitutionary objectives are ordinarily satisfied, however, if the plaintiff is permitted to recover only the greater of the two measures.

23

Restatement (Third) of Unfair Competition § 45.

Finally, the Court excluded unjust enrichment damages because Versata's experts did not apportion them. Dkt. 724 at 30. But there is conflicting authority on whether unjust enrichment needs to be apportioned. *Compare BladeRoom Grp. Ltd. v. Facebook, Inc*., 2018 WL 1611835, at \*6 (N.D. Cal. Apr. 3, 2018) (no apportionment required), *with O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1077 (N.D. Cal. 2005) (apportionment required); *see also Keystone Transportation Sols., LLC v. Nw. Hardwoods, Inc.*, 2019 WL 1770162, at \*3 (W.D. Va. Apr. 22, 2019) (rejecting argument that expert's unjust enrichment opinion "failed to assign values to each specific trade secret"). Sixth Circuit law offers no guiding precedent on this question, and its "correct resolution is not substantially guided by previous decisions." *In re Miedzianowski*, 735 F.3d at 384. In any event, the Court has since admitted Krauss's apportionment declaration.

There is a serious question whether this Court accurately interpreted limited Sixth Circuit precedent and, if so, whether that interpretation conflicts with principles endorsed by at least the Tenth Circuit and the Restatement. There is a substantial ground for difference of opinion on whether a plaintiff with past licensing agreements with a defendant can recover unjust enrichment damages.

24

### 3.     An immediate appeal may materially advance the ultimate termination of the litigation.

As in *MLC Intellectual Property*, 794 F. App'x at 953, resolving the legal question of whether unjust enrichment damages are available to Versata will allow the case to proceed through trial with certainty as to what damages Versata may obtain.  Leaving this issue for a post-final-judgment appeal runs the risk that a second trial on damages may need to occur.  An immediate appeal would allow the parties and the Court to avoid an expensive trial that does not resolve the case.  *Id.* (accepting interlocutory appeal to "to otherwise avoid an expensive trial solely on liability, we agree with the district court and the parties that review is appropriate").  Although the Court has not eliminated *all* damages that Versata may seek, by disallowing recovery of the "actual value of what has been appropriated" by reference to "a reasonable apportionment of profits and damages[,]" the October trial will not be addressing the full scope of legal rights and remedies available to Versata under the law.  *Vitro Corp.*, 292 F.2d at 683.

A second trial on the unjust enrichment issue would not materially advance the termination of this litigation.  An immediate appeal would.

## CONCLUSION

The Court should certify for immediate appeal the Estoppel Order and the Unjust Enrichment Orders.

Dated: August 18, 2022                  Respectfully submitted,

                                        */s/ Dan K. Webb*

                                        Matthew R. Carter
                                        MCarter@winston.com
                                        Dan K. Webb
                                        DWebb@winston.com
                                        **WINSTON & STRAWN LLP**
                                        35 W. Wacker Drive
                                        Chicago, IL 60601
                                        Telephone: (312) 558-5600

                                        Steven J. Mitby
                                        smitby@mitbylaw.com
                                        Timothy Johnson
                                        tjohnson@mitbylaw.com
                                        **MITBY PACHOLDER JOHNSON PPLC**
                                        Telephone: (713) 234-1446

                                        Jaye Quadrozzi
                                        **YOUNG, GARCIA, & QUADROZZI, PC**
                                        27725 Stansbury Blvd., Suite 125
                                        Farmington Hills, MI 48334
                                        Telephone: (248) 353-8620

                                        Sharoon Saleem
                                        **JONES & SPROSS, PLLC**
                                        Sharoon.saleem@jonesspross.com
                                        1605 Lakecliff Hills Ln., Suite 100
                                        Austin, TX 78732-2437

                                        **ATTORNEYS FOR PLAINTIFFS
                                        VERSATA SOFTWARE, INC. f/k/a
                                        TRILOGY SOFTWARE, INC.,
                                        VERSATA DEVELOPMENT GROUP,
                                        INC., AND TRILOGY, INC.**

**<u>PROOF OF SERVICE</u>**

John E. Drosick certifies that on August 18, 2022, he served Versata's

Motion to Certify Orders for Interlocutory Appeal and Memorandum in Support

upon all counsel of record via electronic filing.

I declare under the penalty of perjury that the statements made above are

true to the best of my knowledge, information, and belief.

*/s/ John E. Drosick*
JDrosick@winston.com
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600