UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERSATA SOFTWARE, INC. *et al.*,

    Plaintiffs,

v.

FORD MOTOR COMPANY,

    Defendant.
_____/

Case No. 15-cv-10628
(*consolidated with Case No. 15-11624*)
Hon. Matthew F. Leitman

### ORDER RESOLVING PRE-TRIAL MOTIONS (ECF Nos. 820, 833, 860, 875, 878, 881, AND 914)

On September 12, 2022, the Court held a hearing on several outstanding pre-trial motions. For the reasons explained on the record, the motions are resolved as follows.

- The remaining portion of Versata's motion *in limine* to exclude evidence and argument about Versata 'changing' its trade secret theory (ECF No. 820) that the Court previously took under advisement is **GRANTED IN PART AND DENIED IN PART** as follows. Ford may cross-examine Dr. Sam Malek and Seth Krauss concerning whether the trade secrets that they identify at trial are inconsistent with the trade secrets that they previously identified. Ford may also cross-examine Krauss concerning whether his apportionment analysis apportions to trade secrets that differ in any respect from the trade secrets Versata identifies at trial. With the exception of this limited cross-examination testimony, Ford shall not introduce evidence or elicit testimony at trial that Versata "changed" its trade secret misappropriation theory.

1

- The remaining portions of Versata's omnibus motion *in limine* (ECF No. 833) that the Court previously took under advisement are **GRANTED IN PART AND DENIED IN PART** as follows:

    o Versata's motion *in limine* number six to exclude "[a]ny assertion by Ford that it cannot infringe Versata's asserted intellectual property merely because Ford has its own patents" is **GRANTED**.

    o Versata's motion *in limine* number seven to exclude "any reference, assertion, suggestion, argument, evidence, testimony (including expert testimony), or inquiries attempting to elicit testimony about Ford patents, including any suggestion that a patent or patent application is a defense to infringement" is **DENIED**. Ford may introduce evidence of its patents for the purposes identified in Ford's response to Versata's omnibus motion *in limine*.

    o Versata's motion *in limine* number eight to exclude from evidence "Versata's current software licenses and agreements with automotive companies other than Ford, including any negotiations related to current licenses or agreements with automotive companies other than Ford" is **GRANTED**.

- Ford's motion to exclude Versata's new damages expert's "lost profits" contract damages opinions (ECF No. 860) is **GRANTED.** The breach of contract damages opinions in Renee McMahon's July 2022 reply expert report are **EXCLUDED** from evidence at trial.

- Versata's motion for reconsideration (ECF No. 875) is **DENIED**.

- Versata's motion for a Certificate of Appealability (ECF No. 878) is **DENIED**.

- Ford's motion to conditionally withdraw its consent to Versata's combination trade secret theory (ECF No. 881) is **TERMINATED AS MOOT**.

- Versata's motion to strike Ford's supplemental brief (ECF No. 914) is **GRANTED**. The Court **STRIKES** from the record Ford's supplemental brief at docket number 903.

**IT IS SO ORDERED**.

Dated: September 13, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126